AEE

FILED
JANUARY 17, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VEENOD PATEL, TARA V. PATEL, RAMAN J. PATEL, VICTOR SOLIA, ROSA SOLIA, SHARADCHANDRA K. DANI, DIPEN B. PATEL, SHITAL D. PATEL, KIRAN G. SHAH, MAHESH V. MODY, PANNY MODY, PRITI K. SHAH, DEVANG H. PATEL, HARSHAD N. THAKKAR, SUDHA H. THAKKAR, BIREN SHAH, CHANCAL M. PATEL, KISHAN N. PATEL, RITA K. PATEL, MANUBHAI PATEL, DAVE BRAHMBHATT, BARKAT GILLANI, HARSHA P. SHUKLA, PRADEEP B. SHUKLA, AMI MEHTA, AKSHAY THAKER, JAYA K. PATEL, KANTI S. PATEL, VIBHA THAKER, ROMA SHAH, SANJEET SHAH, GANSHYAM PATEL, ARUNKUMAR TRIVEDI, NARENDRA A. PATEL, VIDYUT PATEL, BABU PATEL, CHIMAN PATEL, HARESH K. SHAH, MOTI AGARWAL, RAJ SAVSANI, DAKSHA J. PATEL, JITENDRA R. PATEL, JENNIE E. CANNELL PURI, SUNIL PURI, SUMANBHAI D. BHAKTA, KIRIT MADHIWALA, MANSOORALI LAKHANI, MOHAMMED GILANI, SHAHIM LAKHANI, VYOMESH M. JOSHI, KALPESH JOSHI, ASHOK B. SHAH, and GITA A. SHAH | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.:<br><br>**08 C 386**<br><br>**JUDGE MANNING**<br>**MAGISTRATE JUDGE COX** |
| Plaintiffs | ) ) | |
| v. | ) ) | |
| DILIPKUMAR PATEL, ASHWIN PATEL, and ASIAN AMERICAN HOTEL OWNERS ASSOCIATION, | ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Defendants Dilipkumar Patel, Ashwin Patel and Asian American Hotel Owners Association Inc. ("AAHOA," and collectively with Dilipkumar Patel and Ashwin Patel, "Defendants"), by their attorneys, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove the above-captioned case, *Patel, et al. v. Patel, et al.*, which Plaintiffs originally filed in the Circuit Court of Cook County, Illinois, County Department, Law Division (the "State Court"), Case No. 07 L 8910, to the United States District Court for the Northern District of Illinois, Eastern Division. As grounds for removal, Defendants state as follows:

1. On or about September 21, 2007, Plaintiffs served Defendants with their Complaint which was filed in the State Court (the "Original Complaint"). A true and correct copy of the entire State Court record, including the Original Complaint, is attached hereto as Exhibit 1.

2. The Original Complaint contained claims based solely on state law and also named the Village of Rosemont, an Illinois municipality, as a co-defendant. The Original Complaint was, therefore, a dispute involving non-diverse parties and claims arising solely under state law. There was, therefore, no basis to remove this action based on the allegations of the Original Complaint.

3. Defendants timely moved to dismiss the Original Complaint as being legally insufficient, and a briefing scheduling was ordered by the Court. On December 20, 2007, shortly before the Plaintiffs were obligated to respond to that motion to dismiss, Plaintiffs instead filed their Motion for Leave to File Amended Complaint *Instanter*. The proposed amendment included, for the first time, two civil claims arising under federal law, for alleged violations of 18 U.S.C. §§ 1962(a), (c) and (d) (The Racketeer Influenced and Corrupt Organizations Act

("RICO")) (hereinafter the "Amended Complaint"). The proposed Amended Complaint also dropped the Village of Rosemont as a defendant.

4. The State Court entered its order granting Plaintiffs leave to file the Amended Complaint *Instanter* on January 9, 2008. The Amended Complaint, a copy of which is attached hereto as Exhibit 2, is now the pleading under which Plaintiffs are proceeding.

### The Amended Complaint is Removable

5. This Court has original jurisdiction over the newly-pled RICO claims, as they arise under the laws of the United States. 28 U.S.C. § 1331. This Court also has jurisdiction over the case because there is now diversity jurisdiction under 28 U.S.C. § 1332(a). Removal of this case is therefore proper and permissible pursuant to 28 U.S.C. § 1441(b).

6. Pursuant to 28 U.S.C. § 1367, in addition to the RICO claims, this Court has supplemental jurisdiction over the third count in the Amended Complaint, a fraud claim under Illinois state law, and this count is also removable. 28 U.S.C. § 1441(c).

7. The party removing a case bears the burden of demonstrating that there is a federal question and/or complete diversity exists and the amount in controversy requirements are met at the time of removal. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). The party seeking removal meets this burden by supporting its allegations of jurisdiction with "competent proof," *i.e.*, "evidence which proves to a reasonable probability that jurisdiction exists." *Id.* (internal quotation marks and citations omitted).

8. The Amended Complaint alleges RICO claims, claims which satisfy the federal question requirement in 28 U.S.C. §1331.

9. As an alternative basis for removal, upon information and belief, Plaintiffs are all citizens of the State of Illinois.

10.     Defendant AAHOA is a non-profit corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia, and is a citizen of the State of Georgia.

11.     Defendant Dilipkumar Patel is a citizen of the State of Georgia.

12.     Defendant Ashwin Patel is a citizen of the State of Arizona.

13.     Thus, there also exists complete diversity of citizenship in this action under 28 U.S.C. § 1332(a) because Plaintiffs are not citizens of the States in which Defendants are citizens.

14.     Based on the allegations in the Amended Complaint and the injuries asserted therein, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. Plaintiffs claim to seek damages of between $10 million and $20 million. (Ex. 2, at 10-12.)

15.     Accordingly, because the Amended Complaint purports to allege claims arising under federal law, Plaintiffs are not citizens of the same State as any of the Defendants, none of the Defendants are citizens of the State of Illinois, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, this action may be removed to this Court under both 28 U.S.C. §§ 1441(a) and (b).

### Removal is Timely

16.     December 20, 2007 was the first time the Defendants received a motion "from which it [could] first be ascertained that the case is one which is or has become removable" based on either federal question or diversity jurisdiction. Prior to the filing of the Motion for Leave to File Amended Complaint *Instanter*, no federal claims were alleged, and, because former defendant Village of Rosemont and the Plaintiffs were all Illinois citizens, there was no

complete diversity of citizenship. The Motion for Leave to File Amended Complaint *Instanter* was the first time Defendants learned that Plaintiffs intended to pursue federal claims and that the Village of Rosemont would no longer be a defendant in this case. Therefore, pursuant to 28 U.S.C. § 1446, this Notice of Removal based on both federal question and diversity jurisdiction has been timely filed with this Court within thirty (30) days after December 20, 2007.

17. In accordance with 28 U.S.C. § 1446, this Notice has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

18. Defendants will provide written notice of this filing to opposing counsel and a copy of this Notice will be filed promptly with the clerk for the Circuit Court of Cook County, Illinois, County Department, Law Division.

**WHEREFORE**, Defendants Dilipkumar Patel, Ashwin Patel and AAHOA, respectfully give notice that this action is removed from the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: January 17, 2008

Respectfully submitted,

DILIPKUMAR PATEL, ASHWIN PATEL, and ASIAN AMERICAN HOTEL OWNERS ASSOCIATION INC.

By: /s/ Bevin M. Brennan
    One of Their Attorneys

Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Ste. 2500
Chicago, IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435