IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT  LAW DIVISION

**08 C 386**

| | |
|---|---|
| VEENOD PATEL, TARA V. PATEL, RAMAN J. PATEL, VICTOR SOLIA, ROSA SOLIA, SHARADCHANDRA K. DANI, DIPEN B. PATEL, SHITAL D. PATEL, KIRAN G. SHAH, MAHESH V. MODY, PANNA MODY, PRITI K. SHAH, DEVANG H. PATEL, HARSHAD N. THAKKAR, SUDHA H. THAKKAR, BIREN SHAH, CHANCHAL M. PATEL, KISHAN N. PATEL, RITA K. PATEL, MANUBHAI PATEL, DAVE BRAHMBHATT, BARKAT GILLANI, HARSHA P. SHUKLA, PRADEEP B. SHUKLA, AMI MEHTA, AKSHAY THAKER, JAYA K. PATEL, KANTI S. PATEL, VIBHA THAKER, ROMA SHAH, SANJEET SHAH, GHANSHYAM PATEL, ARUNKUMAR TRIVEDI, NARENDRA A. PATEL, VIDYUT PATEL, BABU PATEL, CHIMAN PATEL, HARESH K. SHAH, MOTI AGARWAL, RAJ SAVSANI, DAKSHA J. PATEL, JITENDRA R. PATEL, JENNIE E. CANNELL PURI, SUNIL PURI, SUMANBHAI D. BHAKTI, KIRIT MADHIWALA, MANSOORALI LAKHANI, MOHAMMED GILANI, SHAHIM LAKHANI, VYOMESH M. JOSHI, KALPESH JOSHI, ASHOK B. SHAH, GITA A. SHAH, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

No.

2007L008910
CALENDAR/ROOM T
TIME 00:00
Fraud

**JUDGE MANNING**
**MAGISTRATE JUDGE COX**

Plaintiffs,

v.

DILIPKUMAR PATEL, ASHWIN PATEL, ASIAN AMERICAN HOTEL OWNERS ASSOCIATION, and VILLAGE OF ROSEMONT,

Defendants.

## COMPLAINT

NOW COME the plaintiffs by and through their attorney Paul Caghan and for Plaintiff's Complaint against defendants states as follows:

### Count 1

### Fraud
### DILIPKUMAR PATEL, ASHWIN PATEL, ASIAN AMERICAN HOTEL OWNERS ASSOCIATION

1.    At all times relevant, the defendants Dilipkumar Patel, Ashwin Patel and Asian American Hotel Owners Association each had a duty to refrain from conduct that defendants knew to be fraudulent, to refrain from committing fraudulent misrepresentation against the plaintiffs, and to refrain from defrauding the plaintiffs.

2.    In breach of their duties as aforesaid, the defendants fashioned a scheme to illegally obtain control over the income stream and expenditures of the Asian American Hotel Owners Association ("Association") for the purpose of defrauding the membership, obtaining kickbacks from vendors and suppliers to the association, embezzlement and accounting fraud, and other acts and conduct.

3.    The defendants Dilipkumar Patel, Ashwin Patel and Asian American Hotel Owners Association engaged in oral and written misrepresentations to obtain by fraud the income stream and assets of the Asian American Hotel Owners Association.

2

4.      The defendants Dilipkumar Patel, Ashwin Patel and Asian American Hotel Owners Assocation made the misrepresentations to the plaintiffs with knowledge of the falsity and with the intent of misleading the plaintiffs into relying on the misrepresentations.

5.      The fraudulent acts and conduct of defendants as described were intended to induce action in reliance thereon, and plaintiffs reasonably relied on the statements, misrepresentations and omissions by defendants.

6.      As a direct and proximate result of the breaches of duty by defendants Dilipkumar Patel, Ashwin Patel and Asian American Hotel Owners Association, in whole or in part, the defendants defrauded plaintiffs and plaintiffs suffered economic loss and other pecuniary interests and losses, and will experience such losses in the future.

**WHEREFORE**, the plaintiffs pray for judgment against defendants Dilipkumar Patel, Ashwin Patel and Asian American Hotel Owners Association for the sum of ten million ($10,000,000.00) dollars, attorney's fees, and other damages, expenses and losses.

## Count 2

### Declaratory Judgment
### VILLAGE OF ROSEMONT

1. – 6.      Plaintiffs herein reassert and reallege paragraphs 1 through 6 of Count 1 as and for his allegations herein.

7.      Plaintiffs request pursuant to 735 ILCS § 5/2-701 that this Honorable Court enter a declaratory judgment that the contract dated

3

September 15, 2006, between the Asian American Hotel Owners Association and Village of Rosemont, d/b/a Donald E. Stephens Convention Center, is binding upon defendants. (*See* **Exhibit A**, *Agreement dated September 15, 2006*)

8.    The parties have an actual controversy and the need for a binding declaration of rights having the force of a final judgment. The entry of the judgment would terminate the controversy or some part thereof giving rise to the proceeding.

**WHEREFORE**, plaintiffs move for a declaratory judgment that the contract dated September 15, 2006, between the Asian American Hotel Owners Association and Village of Rosemont, d/b/a Donald E. Stephens Convention Center is binding.

PLAINTIFFS

By: _____
      Attorney for Plaintiffs

PAUL CAGHAN
PAUL CAGHAN, P.C.
Attorney for Plaintiffs
2506 North Clark Street
Chicago, IL 60614
312-251-1101
Firm I.D. 24025

### Donald E.
# Stephens
#### Convention Center
*Rosemont*

THIS AGREEMENT made and entered into this 15th day of September 2006   by and between the VILLAGE OF ROSEMONT, Licensor and

(Name)                    Asian American Hotel Owners Association

(Address) "Licensee"          66 Lenox Pointe N E, Atlanta, GA 30324

WHEREAS, Licensor owns and operates an Exposition, Trade Show and Convention Center, known as the Donald E. Stephens Convention Center.

WHEREAS, Licensee desires to have the right to use space within the Donald E Stephens Convention Center for an event known as a  Trade Show  and,

WHEREAS, in order for Licensee to be able to use space within the Donald E. Stephens Convention Center for said event, it is necessary that labor, equipment and materials be furnished to Licensee and Licensee's sub-licensees, if any, in order for them to be able to move in, maintain and remove the shows, displays, exhibits and other items which are part of said event, NOW, THEREFORE, IN CONSIDERATION OF THE MUTUAL COVENANTS SET FORTH BELOW, Licensor and Licensee agree, as follows:

1.  Licensor hereby grants Licensee the right to use the space located in the Donald E. Stephens Convention Center, known as  Hall G *  for a period of  seven   (7)   days, commencing at 8:00   o'clock   a.m.  on  Monday, April 28, 2008  and         terminating       at 12:01   o'clock   p.m.  on  Sunday,   May 4,   2008. Said time period is hereinafter referred to as "Use Time." Said space and the common areas, such as entrance ways, washrooms and corridors, which must be utilized in order for the event described in Section 2 of this agreement to be held in said space are hereinafter referred to as the "Licensed Space."

Show Dates:          Wednesday, April 30 – Friday May 2, 2008
          2.  The Licensed Space is to be used by Licensee for an event known as:

  Asian American Hotel Owners Association 2008 Annual Convention & Trade Show
          and for no other purpose whatsoever. Said event is hereinafter referred to as the "Event."

3.  Licensee agrees to pay Licensor as a fee for the use of the Licensed Space the minimum sum  of $60,000.00  payable as follows: $12,000.00  at the time this Agreement is signed and the balance not later than 12:00 o'clock noon on  Friday, April 11, 2008. A final space tally will be taken on  N/A. Should the net square foot usage exceed  N/A  square feet, the Licensee shall be billed at $ N/A   per net square foot for each square foot in excess of  N/A  square feet. The sum which is to be paid at the time this Agreement is signed shall constitute a non-refundable deposit.

1

# EXHIBIT A

4. To the fullest extent permitted by law, the Licensee shall indemnify and hold harmless the Licensor and Licensor's agents, officers and employees from and against all claims, judgements, damages, losses and expenses including but not limited to attorneys' fees, which result directly or indirectly from the Licensee's use of (1) the Licensed Space, (2) the automobile parking areas for the Donald E. Stephens Convention Center and (3)the adjacent streets owned by Licensor and used in connection with the Event and the Licensee shall, at its own expense, appear, defend and pay all charges of attorneys and all costs and other expenses arising therefrom or incurred in connection therewith and if any judgment shall be rendered against Licensor or against Licensor's agents, officers or employees, then Licensee shall, at its own expense, satisfy and discharge the same. Licensee expressly understands and agrees that any insurance protection which may be required by this Agreement or which is otherwise provided by Licensee shall in no way limit the Licensee's responsibility to indemnify, keep and save harmless and defend the Licensor and Licensor's agents, officers and employees as provided in this paragraph unless this Agreement expressly states otherwise.

5. Not less than fourteen (14) days prior to the date on which the Use Time commences, Licensee shall provide Licensor with either an insurance policy issued by an insurance company approved by licensor, with Limits of not less than $1,000,000 for each person and $1,000,000 for each occurrence, or provide Licensor with a certificate of insurance which shows that Licensee has obtained such an insurance policy. Said insurance policy is hereinafter referred to as the "Insurance Policy". The Insurance Policy must name Licensee and Licensor as insureds and must fully protect Licensor and Licensee up to the policy limits from (1) any loss or damage on account of injury or death to any and all persons and/or their property, including but not limited to, members of the public, Licensor's employees, agents and contractors, other contractors and their employees, Licensee's sub-licensees and their employees and agents and (2) any loss due to damage to the Donald E. Stephens Convention Center and property of Licensor assigned to or used by Licensee including but not limited to property of Licensor which is in the care, custody or control of Licensee, other than damage resulting from fire or an act of God. The coverages under the Insurance Policy shall extend to the entire premises of the Donald E. Stephens Convention Center and to any automobile parking areas and adjacent streets owned by Licensor and used in connection with the Event. The insurance Policy or certificate of insurance shall contain a clause requiring ten (10) days prior written notice to the Licensor before cancellation or any modification in the insurance coverage provided can occur.

6. Licensee agrees to submit to Licensor four (4) copies of the Licensee's proposed floor plan for approval. This shall be done prior to the final printing and distribution of the floor plan. The Licensor shall then return one copy of the floor plan to the Licensee, indicating approval or outlining required revisions. Thirty (30) days prior to the first day of the Use Time, four (4) copies of the floor plan must again be submitted by Licensee if any changes have occurred on the floor plan since the first approval.

7. It is understood and agreed that Licensor licenses the Licensed Space to Licensee "as is". All alterations, installations, decorations and other changes which Licensee desires to make to the

2

Licensed Space must first be approved by the Licensor. Upon expiration of the Use Time, the Licensed Space must be restored to the same condition as it was in prior to the commencement of the Use Time except for ordinary wear and tear. During the Use Time, the Licensee shall see that the Licensed Space is kept in a clean and healthful condition and that no hazards to life or safety are created by the actions of the Licensee or persons brought to the Donald E. Stephens Convention Center as a result of its use of the Licensed Space.

8. Licensee agrees that it shall utilize contractual services provided by Licensor in using the Licensed Space for the Event. For purposes of this Agreement, "contractual services" means the labor, equipment and materials that the Licensee requires be provided by someone other than Licensee in order to set up, maintain and remove displays, exhibits, shows, and other items which are constructed or brought into the Donald E. Stephens Convention Center as part of the Event. Contractual services include but are not limited to the furnishing of draperies, carpeting, furniture, audio-visual equipment, signs, internet access, and the labor and equipment necessary to install, maintain and remove these items. Contractual services also include the labor, material and equipment required by Licensee in order to make, maintain and remove alterations, installations, decorations and other changes to the Licensed Space. Licensee shall pay Licensor for contractual services furnished by Licensor at the rates which are attached hereto or if there is no attachment specifying rates for contractual services attached or if a service is provided for which no rate is stated, then at a rate to be agreed upon by Licensor and Licensee. Licensee must give licensor notice of the contractual services it requires a sufficient time before the time the services are desired to allow Licensor a reasonable time in which to furnish the services. Licensor shall be under no obligation to provide a contractual service unless it is reasonably capable of providing the service, the service is of the type usually provided by Licensor and there is an agreement between Licensor and Licensee as to the rate to be charged for the service.

9. Licensee and the sub-licensees of Licensee may employ labor in the Donald E. Stephens Convention Center, provided such labor is regularly on the payroll of Licensee or the sub-licensee. It is understood and agreed between the parties hereto that all other labor required by Licensee or its sub-licensees, either skilled or unskilled, is to be provided by or approved by Licensor, and if provided by Licensor, the Licensee will pay Licensor for such labor in accordance with the rates agreed upon by Licensor and Licensee. If no agreement as to the rate to be paid by Licensee for labor provided by Licensor is made then Licensee shall pay for such labor at the prevailing rate charged for such labor in the Chicago Metropolitan Area on the dates the labor is provided.

10. Licensor agrees to furnish at no expense to Licensee, light from permanent fixtures installed in the Licensed Space and heat and/or air conditioning during the hours the Event is open. Work lights will be provided during move-in and move-out periods. If additional electricity for light or power is desired by Licensee, rates for such additional electricity, as well as for the cost of making electrical connections and performing any other work necessary in order to provide such electricity, will be covered by an exhibit to be attached hereto and made a part hereof. If Licensee desires compressed air, gas, or water, and if such

3

items can reasonably be furnished by Licensor, then the rates Licensee is to pay for such services shall be stated in an exhibit to be attached hereto and made a part hereof.

11.  Licensee shall arrange for and provide at its expense the ticket sellers, ticket takers, guards and watchmen and ushers required by it.  If Licensor determines that the number of ticket sellers, ticket takers, guards, watchmen or ushers is inadequate, Licensor shall have the right to require Licensee to provide additional personnel.

12.  Licensor shall have the right to provide any police officers and/or firefighters, which Licensor determines, are needed in order to protect the Donald E. Stephens Convention Center and adjacent premises, to provide for traffic control, or to protect persons who may be in or around the Donald E. Stephens Convention Center.  Licensee shall pay to Licensor an amount equal to the costs Licensor incurs if Licensor exercises its discretion and provides police officers and firefighters pursuant to this paragraph.

13.  Licensor shall broom sweep the aisles located within the licensed premises nightly, provided that if the Licensee elects to have the aisles in the licensed premises carpeted, then Licensor shall not be required to sweep the aisles nightly and any vacuuming of the aisles shall be done at Licensee's expense. Licensor shall have the right to provide any other janitorial services which Licensor determines are necessary to maintain the Donald E. Stephens Convention Center and adjacent premises owned by Licensor in a neat and clean condition during the Use Time and to restore the Donald E. Stephens Convention Center and adjacent premises owned by Licensor after the expiration of the Use Time to the same condition they were in at the start of the Use Time. Licensee shall pay Licensor for any janitorial services provided pursuant to this paragraph in accordance with the rates established by Licensor's janitorial services concessionaire.

14.    (a) Any and all property which is owned by Licensee or by Licensee's sub-licensees or is under Licensee's or Licensee's sub licensee's custody or control shall be kept in the Donald E. Stephens Convention Center and on the adjacent premises owned by Licensor at Licensee's own risk.  Licensor shall have no liability whatsoever if any such property is damaged, destroyed or lost regardless of cause while it is located in the Donald E. Stephens Convention Center or on the adjacent premises owned by Licensor.

(b) Licensor will accept delivery of property at the Donald E. Stephens Convention Center which is addressed to Licensee but shall do so only as a service to Licensee. Licensee will indemnify and hold the Licensor harmless for any loss or damage to any such property.

(c) Except to the extent that such a claim is covered by the insurance which is provided under Paragraph 5, Licensee shall indemnify and hold harmless Licensor from any claims made by

4

any third party or costs related to claims made by any third party including attorneys' fees for loss or damage to property located in the Donald E. Stephens Convention Center or on the adjacent premises owned by Licensor which occurs during the Use Time.

(d) Equipment and personnel shall be brought into and taken out of the Donald E. Stephens Convention Center only at such entrances and exits as are designated by Licensor.

15. Licensee shall comply with all laws, ordinances and regulations adopted or established by Federal, State or Local governmental agencies and shall comply with all rules and regulations which govern the use and occupancy of the Donald E. Stephens Convention Center. Licensee shall not allow or permit anything to be done within or around the Donald E. Stephens Convention Center which violates any such laws, ordinances, rules and regulations.

16. Licensee shall pay all costs arising from the use of patented, trademarked or copyrighted materials, equipment, devices, processes or dramatic rights; and Licensee agrees to indemnify and hold harmless Licensor from any and all damages, costs and expenses including but not limited to attorneys' fees, Licensor may incur for or on account of the use of any patented, trademarked or copyrighted materials, equipment, devices, processes or dramatic rights furnished to or used by Licensee, or Licensee's sub-licensees in connection with this Agreement. Licensee shall not film, record or transmit from the Donald E. Stephens Convention Center or adjacent premises owned by Licensor all or any portion of the Event or any description thereof, by means of radio or television broadcasting, whether broadcast "live" or by means of film tape or otherwise, without first having received written permission from the Licensor. Nothing contained in this license with respect to the fee to be paid under Paragraph 3 of this agreement shall prohibit the Licensor from demanding an additional fee as a condition to granting radio or television privileges, *which shall not be unreasonably withheld.*

17. Licensor reserves all concession rights in the Donald E. Stephens Convention Center and on adjacent premises owned by Licensor. Licensor shall have the right to sell concessions at appropriate times and at appropriate places during the event. For purposes of this agreement, concessions include, but are not limited to food, beverages, programs which are not distributed free of charge, tobacco products, souvenirs, novelties and coat checking. Neither the Licensee nor any sub licensee shall sell, give away or otherwise dispense or distribute any food or beverage on the premises of the Donald E. Stephens Convention Center or on adjacent premises owned by Licensor.

18. All advertising space within the Donald E. Stephens Convention Center or on adjacent premises which are owned by the Licensor is the exclusive property of the Licensor and all revenues or other income received from such advertising space shall be the sole property of the Licensor.

19. Licensee agrees that all advertising for the Event will be true and accurate.

5

Which permission or approval shall not be unreasonably withheld. (78)

20. Licensee will not permit nor otherwise conduct any advertising or any solicitation of persons attending the Event except as permitted by Licensor. Licensee agrees to post or exhibit signs, advertisements, showbills, lithographs, posters, or cards only in areas permitted by the Licensor, and then only such of the aforesaid items as related to the Event. Licensee shall at once remove any and all of the aforesaid items objected to by the Licensor. All such items must be removed prior to the expiration of the Use Time. Licensee will use only such programs and printed matter for distribution or display in the Donald E. Stephens Convention Center or on adjacent premises owned by Licensor or in connection with the Event as shall have been first approved by the Licensor.

21. Licensee shall not permit the Donald E. Stephens Convention Center or adjacent premises owned by Licensor to be used for any improper, immoral or objectionable purpose or for lodging or sleeping, and shall not in any way obstruct or interfere with the rights of any other Licensee of the Donald E. Stephens Convention Center. The Licensor may at any time eject any objectionable person or persons from the Donald E. Stephens Convention Center or adjacent premises owned by Licensor and Licensee hereby waives any right or claim for damages if Licensor exercises this right. Licensee will keep no animals in or upon the Donald E. Stephens Convention Center or adjacent premises owned by Licensor without having first received written permission from the Licensor. The Licensor reserves the right to make such other and further reasonable rules and regulations as in its judgment may from time-to-time be necessary for the safety, care or cleanliness of the Donald E. Stephens Convention Center or adjacent premises owned by Licensor, and any such other rules and regulations shall be binding upon the parties hereto with the same force and effect as if they had been inserted herein at the time of the execution hereof.

22. Fifty (50) tickets or credentials will be given to Licensor at no cost to it if such tickets or credentials are necessary for entrance to the Event. If Licensor gives prior written approval, a lesser number of tickets or credentials may be given to Licensor. These tickets or credentials are to be delivered to Licensor as soon as they are ready for distribution, but not later than thirty (30) days prior to the Use Time.

23. Licensor will provide a reasonable number of free parking passes for Licensee's personnel.

24. In permitting Licensee to use the Licensed Space as provided in this Agreement, Licensor does not relinquish the right to exercise control over the Donald E. Stephens Convention Center including the Licensed Space and to enforce all laws, rules and regulations.

25. Licensor's officers, employees, agents, concessionaires and Licensor's concessionaire's servants, employees and agents shall at all times have access to the Licensed Space in accordance with and upon presentation of passes issued to them by Licensor.

26. Licensee and its agents and employees and Licensee's sublicensees and their agents and employees shall conduct themselves at all times in a manner which will not endanger persons or property in and

6

around the Donald E. Stephens Convention Center. Licensee, its agent and employees and Licensee's sub-licensees and their agents and employees shall observe and abide by all requests made by or on behalf of Licensor, the Village of Rosemont Department of Public Safety or any other governmental agency whose duty it is to preserve and protect persons and property in and around the Donald E. Stephens Convention Center.

27. The Licensee may grant sub-licenses which allow the sub-licensee to use or occupy space within the Licensed Space for the Event during the Use Time. While this Agreement contemplates the sub-licensing of parts of the Licensed Space, the license to use the Licensed Space granted by this agreement may not be assigned by the Licensee, without the written permission of the Licensor, to any other person who will substitute for Licensee as the promoter of the Event or the person primarily responsible for the Event. The form of any agreement for the assignment of space to sub-licensees shall be approved by the Licensor prior to its execution, Such forms shall obligate the sub-licensee to abide by all rules and regulations and to assume for the space which is sub-licensed the same obligations as the Licensee. _which approval shall not be unreasonably withheld. (JS)_

28. This document and the attachments and exhibits hereto constitute the entire agreement between the Licensor and Licensee with respect to the subject matter hereof and supersede all proposals oral or written and all negotiations, conversations and discussions heretofore had between the Licensor and the Licensee related to this Agreement. This Agreement may be modified or amended only by a written instrument signed by both the Licensor and Licensee.

29. It is understood and agreed that in case the Licensed Space or any part thereof, shall be destroyed or damaged by fire or other cause and hereby made untenantable, or if any other casualty or unforeseen occurrence shall render the fulfillment of this license impossible, including but not limited to the requisitioning of the Licensed Space by the United States Government, the State of Illinois or the Village of Rosemont, or any arm or instrumentality thereof, or by reason of labor disputes or mob violence, then and thereupon this Agreement shall terminate for the part of the Licensed Space affected and Licensee shall pay for said affected space only up to the time of said termination, pro rata, and Licensee hereby waives any claim for damages or compensation should this Agreement be so terminated.

30. In case Licensee shall default in the payment of any sums of money or fail to comply with any one of the terms, conditions or covenants contained in this Agreement, Licensee's right to the use of the Licensed Space shall terminate without notice or demand, and the retention of possession thereafter by Licensee shall constitute a forcible detainer, and if Licensor so elects, but not otherwise, this Agreement shall thereupon terminate and upon the termination of Licensee's right of use, whether this Agreement be terminated or not, Licensee agrees to surrender possession of the Licensed Space immediately, and hereby grants to Licensor the right to enter into and upon the Licensed Space or any part thereof to take possession thereof with or without process of law, and to expel and remove Licensee or any other person who may be occupying the Licensed Space or any part thereof and Licensor may use such force expelling and removing Licensee and said other persons as may reasonably be necessary. Such entry of the

7

Licensed Space Shall not constitute a trespass or forcibly entry or detainer, nor shall it cause a forfeiture of fees due Licensor under this Agreement, nor a waiver of any terms, conditions, or covenants contained in this Agreement which are to be performed by Licensee.

31. After the expiration of the Use Time, or upon termination of Licensee's right to use the Licensed Space, Licensor may at Licensee's sole risk and expense remove and arrange for the storage of any and all property of Licensee or Licensee's sub-licensees which may be located in the Donald E. Stephens Convention Center or on any other premises owned by Licensor. Licensee shall pay to Licensor the costs Licensor incurs in removing and/or storing any property pursuant to this paragraph. Licensor shall not be responsible for any loss or damage to any property no matter what the cause, which is removed and/or stored pursuant to this paragraph.

32. It is expressly understood by and between Licensor and Licensee that the rights which Licensee has pursuant to this Agreement to use the Licensed Space are in the nature of a license and that Licensee does not have a leasehold interest or any other interest in the Donald E. Stephens Convention Center or in the property on which the Donald E. Stephens Convention Center is located.

33. Licensor shall have the discretion to determine any questions and resolve any other matters that might arise which are not covered by this Agreement.

34. This Agreement shall in all respects including validity, interpretation and effect be governed by the laws of the State of Illinois.

35. The failure of Licensee or Licensor to insist on the other party's strict compliance with the terms and conditions contained in this Agreement shall not constitute a waiver of Licensor's and Licensee's right to insist that the other party in the future strictly comply with any and all of the terms and conditions contained in this Agreement and to enforce such compliance by any appropriate remedy.

36. This Agreement must be signed by an authorized officer of the Licensee and returned with the deposit to Licensor within thirty (30) days of the date indicated above, otherwise it is null and void.

\* We have reserved our 2nd floor North and South Ballrooms beginning @ 8:00 am Monday, April 28, 2008 through 5:00 pm Sunday, May 4, 2008.

LICENSOR:

VILLAGE OF ROSEMONT
DONALD E. STEPHENS CONVENTION CENTER

BY: _____
    JAMES A. FREEMAN
    EXECUTIVE DIRECTOR

DATE: _____

LICENSEE:

ASIAN AMERICAN HOTEL OWNERS
ASSOCIATION

BY: _Fred Schwartz_
    FRED SCHWARTZ
    PRESIDENT

DATE: _12/4/06_

8

# ADDENDUM I

August 14, 2006
Revised: September 19, 2006

Mr. Fred Schwartz
Asian American Hotel Owners Association
66 Lenox Pointe NE
Atlanta GA 30324

Dear Fred:

The following is a proposal for food & beverage service with Rosemont Catering during The Asian American Hotel Owners Association (A.A.H.O.A.) Convention at the Donald E. Stephens Convention Center (D.E.S.C.C.) on _____ 2008. This agreement is separate from any contract between the D.E.S.C.C. and the A.A.H.O.A. Convention during this time.

ALL FOOD ITEMS PROVIDED BY A.A.H.O.A. & ANY PARTICIPATING RESTAURANT DURING THE CONVENTION MUST BE APPROVED THROUGH ROSEMONT CATERING.

FOOD WILL BE PREPARED ON SITE OR DELIVERED FROM A LOCAL LICENSED RESTAURANT. A.A.H.O.A. AND ANY PARTICIPATING RESTAURANT WILL BE RESPONSIBLE FOR ARRANGING DELIVERIES, CHECKING IN ITEMS AND FOR PAYMENT TO THE VENDORS. RESTAURANTS MUST PROVIDE A CERTIFICATE OF INSURANCE INCLUDING WORKERS COMPENSATION NAMING ROSEMONT CATERING CO., THE DONALD E. STEPHENS CONVENTION CENTER AND THE VILLAGE OF ROSEMONT AS ADDITIONAL INSURED.

THE ROSEMONT HEALTH DEPARTMENT WILL BE ON SITE TO OVERSEE ALL PHASES OF THE FOOD SERVICE. THE A.A.H.O.A. AND THEIR REPRESENTATIVES MUST ADHERE TO THEIR RULES & REGULATIONS.

SEATING FOR ALL FOOD FUNCTIONS WILL BE HANDLED BY THE DONALD E. STEPHENS CONVENTION CENTER. PLEASE CONTACT D.E.S.C.C. DIRECTLY TO MAKE THESE ARRANGEMENTS.

THE FOOD AND BEVERAGE WILL BE SERVED IN A LOCATION WITHIN THE HALL. T.B.D.

TUESDAY

|  | WELCOMING RECPT | 1200 |
|  | H.O.D'S PASSED / CASH BAR | |

HOSTED BY THE D.E.S. C.C.

WEDNESDAY

|  | BREAKFAST | 1100 |
|  | LUNCH | 2300 |
|  | DINNER | 2200 |

THURSDAY

|  | BREAKFAST | 1100 |
|  | LUNCH | 2300 |

1

DINNER          2200

FRIDAY          NO TRADE SHOW ON FRIDAY
                BREAKFAST    1100
                LUNCH        2000    (ON ROUNDS)
                DINNER       2200    (ON ROUNDS) ***
                ***CHINA SERVICE FOR THE GALA NIGHT ONLY

ROSEMONT CATERING STAFF TO:
COVER TABLES WITH PLASTIC TABLE CLOTHS FOR EACH FUNCTION
10 WATER STATIONS WITH 2 URNS EACH IN EATING AREA
WAITE STAFF - # T.B.D.

CLIENT WILL PROVIDE THE FOLLOWING:
CHAI TEA
CUPS, NAPKINS, TEA, MILK AND ANY OTHER INGREDIENTS TO MAKE TEA
STERNO APPROVED BY THE FIRE MARSHALL FOR HOT BOXES AND CHAFING DISHS
FOIL PANS (DISPOSABLE OR ALUMINUM 2" PANS) FOR CHAFING DISHES
SERVING UTENSILS FOR BUFFET LINES
PANS/POTS FOR COOKING THE FOOD
SPICES OR ADDITIVES, IE: SALT, PEPPER, ETC.

CLIENT TO SUPPLY STAFF TO:
COOK/WARM THE FOOD
FILL ALUMINUM PANS WITH FOOD TO BE PUT IN HOT BOXES
RUN HOT BOXES FROM KITCHEN TO BUFFET STATIONS THROUGHT THE MEAL SERVICE

CLIENT WILL ALSO BE RESPONSIBLE FOR REMOVING AND DISPOSING OF ANY FOOD & BEVERAGE
LEFT OVER AFTER EACH FUNCTION.
YOU WILL ALSO BE RESPONSIBLE FOR THOUROUGHLY CLEANING THE KITCHEN FOLLOWING
EACH MEAL FUNCTION

ROSEMONT CATERING TO SUPPLY THE FOLLOWING FOR MEAL SERVICE:
TABLES FOR TEA STATIONS
6' TABLES FOR THE BUFFET STATIONS
PLASTIC TABLECLOTHS TO COVER STATIONS & DINING TABLES
DISPOSABLE TRAYS
DISPOSABLE CUTLERY PACKS WITH NAPKIN & PLASTIC SILVERWARE
SOFT DRINKS & COFFEE SERVICE AVAILABLE ON A CASH BASIS
CASH BARS ON REQUEST

2

**ROSEMONT CATERING TO SUPPLY:**
ONE SUPERVISOR & ONE STEWARD TO OVERSEE THE USE OF THE FACILITY
WAITE STAFF TO CLEAN TABLES DURING FOOD SERVICE (40 TOTAL)
CHAFING DISHES FOR BUFFET STATIONS

ANY ADDITIONAL STAFF REQUIRED WILL BE CHARGED TO THE CLIENT AT THE FOLLOWING
RATES:
WAITE STAFF   $70.00 PER WAITER FOR BREAKFAST OR LUNCH
              $80.00 PER WAITER FOR DINNER
              $80.00 PER WAITER FOR BRUNCH
KITCHEN LABOR          RATE OF      $20.00 PER HOUR

FINAL PAYMENT TOTALING $270,000.00 WILL BE DUE 3 WORKING DAYS PRIOR TO YOUR
FUNCTION IN 2008. PAYMENT MUST BE MADE IN THE FORM OF A CASHIERS CHECK OR CERTIFIED
CHECK PAYABLE TO ROSEMONT CATERING CO., INC.,

The staff of Rosemont Catering looks forward to serving you, and your guests. Please call if you have any
questions, at (847) 692-6415.

Sincerely,

APPROVAL: _____

DATE: 10/11/06

Mary Jaburek
Director of Catering

MJ/mm

3

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION
COMMERCIAL CALENDAR SECTION

VEENOD PATEL, et al.,                          )
                                               )
              Plaintiffs                       )
                                               )    Case No.:   2007 L 008910
      v.                                       )
                                               )    Calendar T
DILIPKUMAR PATEL, ASHWIN PATEL,                )
ASIAN AMERICAN HOTEL OWNERS                    )    Hon. Allen Goldberg
ASSOCIATION, and VILLAGE OF                    )
ROSEMONT,                                      )
                                               )
              Defendants.                      )

## **APPEARANCE**

Greenberg Traurig, LLP hereby enters its appearance on behalf of Defendants Dilipkumar Patel, Ashwin Patel and Asian American Hotel Owners Association Inc. in the above-captioned cause.


Dated: October 22, 2007                    Respectfully submitted,

                                           DEFENDANTS    ASIAN    AMERICAN
                                           HOTEL OWNERS ASSOCIATION INC.,
                                           DILIPKUMAR  PATEL,  AND  ASHWIN
                                           PATEL

                                           By: _____
                                                  One of Its Attorneys



Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL  60601
Telephone:  (312) 456-8400
Facsimile:  (312) 456-8435
Firm ID No.:  36511


CHI 56838187v1 10/21/2007

<u>CERTIFICATE OF SERVICE</u>

I, Bevin M. Brennan, an attorney, hereby certify that I served a true and correct copy of the foregoing **APPEARANCE ON BEHALF OF DEFENDANT ASIAN AMERICAN HOTEL OWNERS ASSOCIATION INC., DILIPKIMAR PATEL, AND ASHWIN PATEL** wAS sent via United States Postal Service, First-Class Mail, postage pre-paid, on October 22, 2007 upon:

Paul Caghan
PAUL CAGHAN, P.C.
2506 N. Clark Street
Chicago, IL 60614

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION
COMMERCIAL CALENDAR SECTION

| | |
|---|---|
| VEENOD PATEL, et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) Case No.:  2007 L 008910 |
| v. | ) |
| | ) Calendar T |
| DILIPKUMAR PATEL, ASHWIN PATEL, | ) |
| ASIAN AMERICAN HOTEL OWNERS | ) Hon. Allen Goldberg |
| ASSOCIATION, and VILLAGE OF | ) |
| ROSEMONT, | ) |
| | ) |
| Defendants. | |

## NOTICE OF MOTION

To:   Paul Caghan
      PAUL CAGHAN, P.C.
      2506 N. Clark St.
      Chicago, IL 60614

PLEASE TAKE NOTICE that on _____11/7_____, 2007 at 9:30 a.m./p.m., we shall appear before the Honorable Allen Goldberg in Courtroom 2303 at the Richard J. Daley Center in Chicago, Illinois and then and there present **DEFENDANTS ASIAN AMERICAN HOTEL OWNERS ASSOCIATION INC., DILIPKUMAR PATEL, AND ASHWIN PATEL'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO 735 ILCS 5/2-615, 2-619 and 2-619.1,** a copy of which is hereby served upon you.

Dated: October 22, 2007

Respectfully submitted,

DEFENDANTS ASIAN AMERICAN HOTEL
OWNERS ASSOCIATION INC.,
DILIPKUMAR PATEL, AND ASHWIN PATEL

By: _____
     One of Its Attorneys

Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL  60601
Telephone:  (312) 456-8400
Facsimile:  (312) 456-8435
Firm ID No.:  36511

CHI 56838091v1 10/19/2007

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION
COMMERCIAL CALENDAR SECTION

| | |
|---|---|
| VEENOD PATEL, et al.,        ) | |
|        ) | |
|   Plaintiffs       ) | Case No.:  2007 L 008910 |
|        ) | |
|   v.       ) | Calendar T |
|        ) | |
| DILIPKUMAR PATEL, ASHWIN PATEL,    ) | Hon. Allen Goldberg |
| ASIAN AMERICAN HOTEL OWNERS    ) | |
| ASSOCIATION, and VILLAGE OF    ) | |
| ROSEMONT,        ) | |
|        ) | |
|   Defendants.       ) | |

**DEFENDANTS ASIAN AMERICAN HOTEL OWNERS ASSOCIATION INC.,
DILIPKUMAR PATEL, AND ASHWIN PATEL'S MOTION TO DISMISS
PLAINTIFFS' COMPLAINT PURSUANT TO 735 ILCS 5/2-615, 2-619 and 2-619.1**

Defendants Asian American Hotel Owners Association Inc. ("AAHOA") Mr. Dilipkumar Patel, and Mr. Ashwin Patel (collectively the "AAHOA Parties") by their undersigned attorneys, respectfully move to dismiss Plaintiffs' Complaint Pursuant to 735 ILCS 5/2-615 and 2-619.

Count I, a purported fraud claim, should be dismissed as a matter of law pursuant to 735 ILCS 5/2-615 because it is entirely devoid of any facts necessary to state a claim for fraud. Count II seeks a declaratory judgment to enforce a contract between AAHOA and the Village of Rosemont.  Count II should be dismissed for three independent reasons.  First, Plaintiffs lack standing to assert a claim for declaratory judgment regarding a contract to which no Plaintiff is a party.  Second, pursuant to section 2-615, Plaintiffs have failed to allege facts sufficient to allege any "actual controversy."  Third, Plaintiffs' claim is moot, because the parties to the contract, AAHOA and the Village of Rosemont, have mutually agreed to terminate it.

The AAHOA Parties have submitted an accompanying memorandum of law setting forth in greater detail the grounds for dismissal of Plaintiffs' Complaint.

WHEREFORE, Defendants Asian American Hotel Owners Association Inc., Dilipkumar Patel and Ashwin Patel respectfully request that Plaintiffs' Complaint be dismissed with prejudice.

Dated: October 22, 2007

Respectfully submitted,

DEFENDANTS    ASIAN    AMERICAN
HOTEL OWNERS ASSOCIATION INC.,
DILIPKUMAR  PATEL,  AND  ASHWIN
PATEL

By: _____
            One of Its Attorneys

Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Firm ID No.: 36511

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION
COMMERCIAL CALENDAR SECTION

VEENOD PATEL, et al.,                           )
                                                )
          Plaintiffs                            )
                                                )    Case No.:   2007 L 008910
     v.                                         )
                                                )    Calendar T
DILIPKUMAR PATEL, ASHWIN PATEL,                 )
ASIAN AMERICAN HOTEL OWNERS                     )    Hon. Allen Goldberg
ASSOCIATION, and VILLAGE OF                     )
ROSEMONT,                                       )
                                                )
          Defendants.                           )

**DEFENDANTS ASIAN AMERICAN HOTEL OWNERS ASSOCIATION INC.,
DILIPKUMAR PATEL, AND ASHWIN PATEL'S MEMORANDUM IN
SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS'
COMPLAINT PURSUANT TO 735 ILCS 5/2-615, 2-619 and 2-619.1**

     Defendants Asian American Hotel Owners Association Inc. ("AAHOA"), Mr.

Dilipkumar Patel, and Mr. Ashwin Patel (collectively the "AAHOA Parties") by their

undersigned attorneys, submit this Memorandum in support of their Motion to Dismiss

Plaintiffs' Complaint Pursuant to 735 ILCS 5/2-615 and 2-619.

## Introduction

     Plaintiffs' Complaint, brought on behalf of 53 individuals, alleges precious little.  Indeed,

it is more remarkable for what it fails to allege than for the very little it does contain.  On a

procedural level, there are no allegations about who the parties are, why this Court has

jurisdiction over the claims, or why venue is proper in this Court.  On a substantive level, there

are no allegations of fact whatsoever to support a fraud claim against the AAHOA Parties.

Instead, Count I, which purports to be a fraud claim, Plaintiffs include a meager six paragraphs

and toss in conclusory legal phrases like "duty," "breach," "reliance," and "losses."  The

Complaint is a vivid reminder of why Illinois courts require fraud to be alleged with particularity, and a classic example of a pleading which fails to do so.

Count II fares no better. That count purports to state a claim for declaratory relief that a contract, attached to the Complaint as an exhibit, is "binding." What the Complaint fails to allege is how any of these Plaintiffs, none of whom are parties to that contract, have any standing to seek any relief regarding it. Nor does the complaint explain how or why there is an actual controversy deserving of declaratory relief. There is no allegation that anyone contends the contract is not, or was not, "binding," and the Complaint does not otherwise allege why declaratory relief is needed even if these Plaintiffs had alleged some standing to litigate this contract. Putting all of that aside, the evidence submitted in support of the 2-619 motion establishes that the contract was terminated pursuant to its terms, and an agreed-upon termination fee was paid. Thus, even if this Court were to declare that the contract was "binding," that is neither disputed nor relevant since the parties to that contract have agreed to terminate it consistent with its terms. For all of these reasons, both Count I and II should be dismissed with prejudice.

## Background

According to Plaintiffs, during some otherwise unidentified "relevant" period of time, the AAHOA Parties had the unremarkable duty to not defraud Plaintiffs. (Compl. ¶ 1.) Plaintiffs claim the AAHOA Parties attempted, in supposed breach of this "duty," to "obtain control over the income stream and expenditures of [AAHOA] for the purpose of defrauding the membership, obtaining kickbacks from vendors and suppliers to the association, embezzlement and accounting fraud, and other acts and conduct." Apart from this unenlightening conclusion, Plaintiffs do not allege the who, what, when, where, or how of this "fraud." (*Id.* ¶ 2.) Plaintiffs also assert that

- 2 -

the AAHOA Parties "engaged in oral written [sic] misrepresentations…with knowledge of the falsity," and "intended to induce action in reliance thereon." (*Id.* ¶¶ 3-5.)  Again, Plaintiffs give no clue what these "misrepresentations" were, who made them, to whom they were made, or any other fact from which the legal sufficiency of this "fraud" could be evaluated.  As result of this mysterious scheme, perpetrated through unspecified statements and resulting in unexplained actions by unknown individuals, Plaintiffs (all fifty-three of them!) allegedly relied on this "fraud" and have suffered unknown injuries resulting in over $10 million in damages. (*Id.* ¶ 6.) This is the sum total of Plaintiffs' allegations against the AAHOA Parties in Count I.

Count II is equally insubstantial.  It merely alleges that the contract attached to the Complaint is binding, and that a declaration to that effect is needed. (*Id.* ¶¶ 7-8.)  How or why these Plaintiffs, none of whom are parties to that contract, have standing to seek any relief regarding it, is never explained.  Nor is there any explanation of what actual controversy exists with respect to this contract.  And as the Affidavit of Fred Schwartz shows, the parties to this Agreement have agreed to terminate it in exchange for a termination fee, all as provided in the contract itself.  While it hardly seems possible, Count II has even less to recommend it than Count I.

## Argument

## I.     Legal Standard

A section 2-615 motion questions whether a complaint states a cause of action and alleges defects appearing on the face of the complaint. *In re Parentage*, 203 Ill. 2d 526, 533 (2003); *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 485 (1994).  In order to survive a section 2-615 motion, "a complaint must state a cause of action that is both legally and factually sufficient." *Lykowski v. Bergman*, 299 Ill. App. 3d 157, 163 (1st Dist. 1998).  Because Illinois is

a fact-pleading jurisdiction, Plaintiffs must satisfy the heightened pleading requirements under Illinois law to avoid dismissal of their claims. *See Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 427 (1982) (holding that "notice pleading . . . is not sufficient"); *Hirsch v. Feuer*, 299 Ill. App. 3d 1076, 1081 (1st Dist. 1998) ("Illinois is a fact-pleading jurisdiction") (citing *Vernon v. Schuseter*, 179 Ill. 2d 338, 334 (1997)). This requires Plaintiffs to "sufficiently set forth every essential fact to be proved." *Carter v. New Trier East High Sch.*, 272 Ill. App. 3d 551, 555 (1st Dist. 1995). Conclusions of law and facts unsupported by specific factual allegations are not taken as true, and if the complaint fails to allege specific facts, "the deficiency may not be cured by liberal construction" and must be dismissed. *Id.*

A section 2-619 motion to dismiss admits the legal sufficiency of the complaint, but raises defects, defenses, or other affirmative matter, appearing on the face of the complaint or established by external submissions, that defeat the action. *Jenkins v. Concorde Acceptance Corp.*, 345 Ill. App. 3d 669, 674 (1st Dist. 2003). "The purpose of a motion to dismiss under section 2-619 is to provide litigants with a method for disposing of issues of law and easily proved issues of fact at the beginning of a case, reserving disputed questions of fact for a trial, if necessary." *McCoy v. Ill. Int'l Port Dist.*, 334 Ill. App. 3d 462, 466 (1st Dist. 2002). Such a motion should be granted when the claim asserted against the defendant is barred by affirmative matter, including facts or legal defenses, which defeat the claim. *Nagy v. Beckley*, 218 Ill. App. 3d 875, 878 (1st Dist. 1991); *Geick v. Kay*, 236 Ill. App. 3d 868, 874 (2d Dist. 1992) (citation omitted). Affirmative matter is "the type of defense that either negates an alleged cause of action completely or refutes crucial conclusions of law or material fact unsupported by factual allegations in the complaint or inferred therefrom." *Giles v. General Motors Corp.*, 344 Ill. App. 3d 1191, 1194-95 (5th Dist. 2003); *see also Krilich v. American Nat'l Bank & Trust Co. of*

- 4 -

*Chicago*, 334 Ill. App. 3d 563, 570 (2d Dist. 2002) (affirmative matter is "a type of defense that either negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint"). More simply, "affirmative matter" includes "a defense which destroys the cause of action." *Asher v. Farb Systems, Inc.*, 256 Ill. App. 792, 794 (1st Dist. 1993). A court should grant a 2-619 motion to dismiss if, after construing the documents supporting the motion in the light most favorable to the party opposing the motion, the court finds no disputed issues of fact, and determines those undisputed facts entitle the movant to dismissal. *Nagy*, 218 Ill. App. 3d at 878.

In addition, because Plaintiffs' Complaint involves allegations of fraudulent conduct, it must also meet the more exacting pleading standards required for common law fraud. *See Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 501 (1997); *McGuire v. Ameritech Cellular Corp.*, 314 Ill. App.3d 83, 86 (1st Dist. 2000). Fraud claims must be pled with specificity. *Elson v. State Farm Fire & Casualty Co.*, 295 Ill. App. 3d 1, 13 (1st Dist. 1998) ("essential elements of fraud must be pleaded with specificity"). Pleading fraud claims with specificity, particularity and certainty is necessary "to apprise the opposing party of what he is called upon to answer." *Hirsch*, 299 Ill. App. 3d at 1085.

## II.    Plaintiffs' Complaint Falls Far Short of Satisfying Illinois' Pleading Requirements.

### A.    Plaintiffs Fail to Plead a Claim for Fraud Under Section 2-615.

Under Illinois law, the elements necessary to sustain a claim for fraudulent misrepresentation include: "(1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the

statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury." *Elson*, 295 Ill. App. 3d at 13.

In order to state a claim for common law fraud, the complaint must set forth "what representations were made, when they were made, who made the misrepresentations and to whom they were made." *Hirsch*, 299 Ill. App. 3d at 1085; *see also Addison v. Distinctive Homes, Ltd.*, 359 Ill. App. 3d 997, 1000 (1st Dist. 2005) (holding that a viable claim for common law fraud must allege "what representations were made, who made them, and to whom"). This is a "high standard." *Hirsch*, 299 Ill. App. 3d at 1085. Dismissal is warranted when a party fails to plead specific facts to support each element of a fraud claim. *Id.* at 1085 (affirming dismissal of fraud claim which did "not specify what false representations were made by defendants"); *Elson*, 295 Ill. App. 3d at 13-14 (affirming dismissal of fraud claim for failure to adequately plead cause of action).

Plaintiffs' Complaint is entirely devoid of any facts necessary to state a claim for fraud. Plaintiffs merely state that "the defendants fashioned a scheme" of some unspecified sort, and that the defendants "engaged in oral and written misrepresentations." (Compl. ¶¶ 2-3.) They allege not one fact about who specifically made any alleged misrepresentation, to whom it was made, when it was made, or even what was said. There are no factual allegations that any particular statement was false, that it was known to be false when made, how that statement induced Plaintiffs' reliance, what actions Plaintiffs took in reasonable reliance thereon, or what damages Plaintiffs thereby sustained. In short, there is not one factual allegation supporting any of the necessary elements to state a fraud claim, let alone sufficient factual allegations to satisfy each of them.

*CHI 56832205v3 10/19/2007*

This case is analogous to *Time Savers, Inc. v. LaSalle Bank*, 371 Ill. App. 3d 759 (2d Dist. 2007) and *Small v. Sussman*, 306 Ill. App. 3d 639 (1st Dist. 1999). In *Time Savers*, the appellate court upheld the trial court's dismissal of the common law fraud claim because the plaintiff "did not specify with any degree of particularity what actual representations were made," "who at [plaintiff] received the representations, when the representations were made, or who at [defendant] made the representations." *Time Savers*, 371 Ill. App. 3d at 771. Similarly, in *Small*, applying the well-settled law that a "complaint alleging fraud must set out the facts with specificity, particularity and certainty under Illinois procedural law governing pleadings," the appellate court affirmed the dismissal of the complaint. The plaintiff had alleged unspecified "false statements of material fact," that he had "relied upon the truth of those statements to his detriment," and that he was "injured as a result … in amounts totaling millions of dollars." *Id.* at 646. The reviewing court held that "[s]uch generalized pleadings are defective *as a matter of law.*" *Id.* (emphasis added).

This is precisely the case with Plaintiffs' Complaint: it is defective as a matter of law. Plaintiffs include no facts to support a fraud claim, and the AAHOA Parties are not even remotely apprised of what they are being "called upon to answer." *Hirsch*, 299 Ill. App. 3d at 1085. Plaintiffs' fraud claim in Count I contains precisely the sort of conclusory allegations prohibited by Illinois pleading standards, particularly with respect to claims sounding in fraud. Count I should be dismissed in its entirety.

**B.**   **Plaintiffs Cannot Seek Relief Regarding an Agreement Between AAHOA and The Village of Rosemont.**

In Count II, Plaintiffs attempt to state a claim for declaratory judgment, asking the Court to "enter a declaratory judgment that contract dated September 15, 2006, between [AAHOA] and [the Village of Rosemont], d/b/a Donald E. Stephens Convention Center, is binding upon

- 7 -

defendants." (Compl. ¶ 7.) Three elements are necessary for a plaintiff to state a claim for a declaratory judgment: "(1) the plaintiff must have a legal tangible interest; (2) the defendant must have an opposing interest; and (3) an actual controversy must exist between the parties concerning such interests." *Kovilic v. City of Chicago*, 351 Ill. App. 3d 139, 143 (1st Dist. 2004).

Plaintiffs' claim is barred for three reasons. First, as a matter of law, Plaintiffs lack standing to enforce a contract to which they are not parties or beneficiaries and therefore "lack a legal tangible interest." Second, there are no factual allegations that there is any existing "actual controversy." Third, the parties to the contract have agreed to terminate it, thereby mooting any effort to "enforce" the contract by third parties such as Plaintiffs.

### 1.    *Plaintiffs Lack Standing to Seek a Declaratory Judgment.*

"In order for a plaintiff third party to have standing to sue under a contract, the contract must be undertaken for the plaintiff's direct benefit and the contract itself must affirmatively make this intention clear." *McCoy*, 334 Ill. App. 3d at 470. "There is a strong presumption that the parties to a contract intend the provisions of that contract to apply only to them and not to third parties." *Id.* "Liability to a third party must affirmatively appear from the contract's language and from the circumstances surrounding the parties at the time of its execution and cannot be expanded or enlarged simply because the situation and circumstances justify or demand further or other liability." *Id.*, quoting *A. J. Maggio Co. v. Willis*, 316 Ill. App. 3d 1043, 1051 (1st Dist. 2000). Shareholders generally lack standing to bring claims based on a contract entered into by a corporation. *See, e.g., Perfection Carpet, Inc. v. State Farm Fire & Casualty Co.*, 259 Ill. App. 3d 21, 26 (1st Dist. 1994) (holding that shareholders lacked standing to bring claims, including breach of contract claim, where they had no personal relationship or privity of

contract with defendant, because a "corporation is a legal entity, separate and distinct from its shareholders, officers and directors, and generally must sue or be sued in its own name"); *Cashman v. Coopers & Lybrand*, 251 Ill. App. 3d 730, 736 (2d Dist. 1993) (in the absence of a "special contractual duty" to shareholders, or any allegation of an injury that affects particular shareholders directly and differently than other shareholders, shareholders lack standing to pursue claims based on contract between corporation and third party).

As the contract attached as Exhibit A to the Complaint shows, the only two parties to the contract are AAHOA and the Village of Rosemont. (*See* Contract at 1.) Not one of Plaintiffs is even mentioned in the Contract. There is no "special contractual duty" or particular injury to Plaintiffs. Thus, the only two parties which have any rights under the Contract are AAHOA and the Village of Rosemont. Without any "legal tangible interest" in the Agreement, Plaintiffs lack standing to maintain a cause of action to "enforce" the Contract. Count II should be dismissed for this reason alone.

> **2.    *Dismissal is Warranted Under Section 2-615 Because There Is No "Actual Controversy."***

There also must be an "actual controversy" for a party to obtain a declaratory judgment. *Kovilic*, 351 Ill.App. 3d at 143. Plaintiffs fail to allege any facts regarding the existence of an actual controversy. Instead, Plaintiffs merely state that the "parties have an actual controversy and the need for a binding declaration of rights having the force of a final judgment." (Compl. ¶ 8.) This conclusory statement is insufficient to allege an "actual controversy," particularly where Plaintiffs are not parties to the contract. Illinois pleading standards are designed to avoid forcing defendants like the AAHOA Parties (as well as this Court) to guess what is the alleged controversy at issue. Plaintiffs failure to allege facts supporting the conclusion that there is an

CHI 56832205v3 10/19/2007

"actual controversy" between Plaintiffs and the AAHOA Parties is fatal to Plaintiffs' declaratory judgment claim, and Count II should be dismissed for this independent reason.

### 3.  *Any Claim Based on the Agreement is Moot Pursuant to Section 2-619 Because the Signatories Have Agreed to Terminate the Agreement.*

Any claim to "enforce" the Agreement between AAHOA and the Village of Rosemont is moot because the parties have agreed to terminate the contract. In Illinois, a matter is moot if the issues cease to exist and it is impossible for the court to provide the requested relief to the complaining party. *See In re Marriage of King*, 336 Ill. App. 3d 83, 87 (1st Dist. 2002), citing *First Nat'l Bank of Waukegan v. Kusper*, 98 Ill. 2d 226, 233-34 (1983).

In this case, AAHOA and the Village of Rosemont have agreed to terminate the contract, which is within their rights. In support, AAHOA attaches affirmative matter as permitted by 735 ILCS 5/2-619(a)(9), namely the Affidavit of Fred Schwartz. As detailed in that Affidavit, on July 20, 2007, AAHOA accepted the Village of Rosemont's offer to terminate the contract on the condition that AAHOA pay the $60,000 license fee called for by paragraph 3 of the contract. (Aff. at ¶¶ 6-8.)  AAHOA agreed and satisfied this condition on July 26, 2007, at which time the contract was terminated by mutual agreement. (*Id.* at ¶¶ 9-10.)

Parties to a business contract plainly have the right to agree to terminate it. *See Garber v. Harris Trust & Savings Bank*, 104 Ill. App. 3d 675, 683 (1st Dist. 1982) ("Parties to a contract may cancel it at any time by mutual consent") (quoting *Brown v. Fed. Life Ins. Co.*, 353 Ill. 541, 545 (1933)); *Cox v. Grant*, 57 Ill. App. 3d 922, 925 (5th Dist. 1978) (same). Here, the contract included a $60,000 License Fee, a provision allowing for modifications to the contract, and a term giving the Village of Rosemont the right to "resolve any other matters that might arise which are not covered by this Agreement." (Contract ¶¶ 3, 28, 33.) In accordance with these terms of the contract, AAHOA and the Village of Rosemont agreed to terminate the contract.

- 10 -

(Aff. at ¶20.) It is axiomatic that this Court cannot declare such a terminated contract to be binding, particularly at the behest of a stranger to the agreement. Because there is no existing Contract to enforce, Plaintiffs' claim for a declaratory judgment is moot and must be dismissed.

### Conclusion

Because Plaintiffs' Complaint does not even come close to providing the necessary factual information to state a claim for fraud, and Plaintiffs cannot state a claim for declaratory judgment based on a contract to which they are not parties and which has been terminated, the Complaint should be dismissed with prejudice in its entirety.

Dated: October 22, 2007

Respectfully submitted,

DEFENDANTS   ASIAN   AMERICAN
HOTEL OWNERS ASSOCIATION INC.,
DILIPKUMAR PATEL, AND ASHWIN
PATEL

By: _____
One of Its Attorneys

Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Firm ID No.: 36511

- 11 -

<u>CERTIFICATE OF SERVICE</u>

I, Bevin M. Brennan, an attorney, hereby certify that I served a true and correct copy of the foregoing **DEFENDANT ASIAN AMERICAN HOTEL OWNERS ASSOCIATION INC., DILIPKIMAR PATEL, AND ASHWIN PATEL'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO 735 ILCS 5/2-615, 2-619 AND 2-619.1, MOTION TO DISMISS,** and **NOTICE OF MOTION** were sent via United States Postal Service, First-Class Mail, postage pre-paid, on October 22, 2007 upon:

Paul Caghan
PAUL CAGHAN, P.C.
2506 N. Clark Street
Chicago, IL 60614

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION
COMMERCIAL CALENDAR SECTION

| | | |
|---|---|---|
| VEENOD PATEL, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Case No.: 2007 L 008910 |
| v. | ) | |
| | ) | Calendar T |
| DILIPKUMAR PATEL, ASHWIN PATEL, | ) | |
| ASIAN AMERICAN HOTEL OWNERS | ) | Hon. Allen Goldberg |
| ASSOCIATION, and VILLAGE OF | ) | |
| ROSEMONT, | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| COUNTY OF FULTON | ) |

## AFFIDAVIT OF FRED SCHWARTZ

Fred Schwartz, being first duly sworn under oath, deposes and states:

1.      My name is Fred Schwartz.  I am over the age of 21 and reside in Fulton County, Georgia.

2.      I have personal knowledge of all of the facts set forth in this Affidavit and would be competent to testify thereto if called upon to do so as a witness.

3.      Since the year 2000, I have been the President of the Asian American Hotel Owners Association Inc. ("AAHOA").

4.      In late 2006, AAHOA and the Village of Rosemont entered into a contract to use space in the Donald E. Stephens Convention Center in Rosemont, Illinois (the "Stephens Center") from April 28, 2008 through May 4, 2008 for the Asian American Hotel Owners Association 2008 Annual Convention and Trade Show.

5.    After signing the agreement with the Village of Rosemont, the Board of Directors of the AAHOA determined that the Stephens Center facilities were not suitable for the AAHOA 2008 convention, and that it should be held in a venue other than the Stephens Center.

6.    I engaged in discussions with Grant H. Bailey, the Assistant Executive Director of Sales/Marketing for the Stephens Center about terminating the contract with the Village of Rosemont.

7.    The Village of Rosemont agreed to terminate the contract if AAHOA agreed to pay the full amount of the license fees called for in the contract, namely $60,000.  A true and correct copy of Mr. Bailey's June 15, 2007 e-mail to me reflecting the Village of Rosemont's proposal to terminate the contract on these terms is attached hereto as Exhibit A.

8.    AAHOA accepted the Village of Rosemont's proposal.  A true and correct copy of my July 20, 2007 letter sent to Mr. Bailey on behalf of AAHOA confirming this agreement is attached hereto as Exhibit B.

9.    On July 26, 2007, on behalf of AAHOA, I sent Mr. Bailey a check for $48,000, the remaining unpaid portion of the license fees.  A true and correct copy of my letter to Mr. Bailey reflecting this payment and the termination of the contract with the Village of Rosemont is attached hereto as Exhibit C.

10.    Combining this $48,000 payment with the $12,000 deposit that AAHOA had already paid the Village of Rosemont, AAHOA has paid the full $60,000, thereby terminating the contract between AAHOA and the Village of Rosemont.

11.     As a result of the foregoing, there is no existing contract between AAHOA and the Village of Rosemont.

12.     Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters, I certify as aforesaid that I verily believe the same to be true.

FURTHER AFFIANT SAYETH NOT.


Fred Schwartz

CHI 55832328v3 10/18/2007

-----Original Message-----
**From:** Grant Bailey [mailto:gbailey@rosemont.com]
**Sent:** Friday, June 15, 2007 12:02 PM
**To:** Fred Schwartz
**Subject:** 2008 Event

Hi Fred,

As per our recent conversation the Asian American Hotel owners association would be responsibly for the full amount of the license agreement $60,000.00 should the association choose not to hold the 2008 convention here at The Donald E. Stephens Convention Center.


I have talked to the Rosemont Theater about the possibility of hosting the Gala on Friday May 2, 2008 they currently have a show that week however they are looking to see if they have any flexibility in the schedule. The Rosemont Theater is a state of the art 4000 seat theater located on the corner of River Road and Balmoral with in walking distance of the Convention Center. If it would become available we could hold a reception in the lobby with heavy hors d'oeuvres or even a Gala dinner outside in perhaps a tent structure and the performance inside the theater. The theater is hoping to have a answer on Monday.


Have a good weekend Fred,


Grant



# A.IIAN. AMERICAN HOTEL OWNERS ASSOCIATION

66 LENOX POINTE, N.E.
ATLANTA, GEORGIA 30324
(404) 816-5759 PHONE
(404) 816-6260 FAX
WWW.AAHOA.COM

July 20, 2007

Grant H. Bailey
Assistant Executive Director
Sales/Marketing
Donald E. Stephens Convention Center
9301 W. Bryn Mawr
Rosemont, Illinois 60018

Re:  Cancellation of Agreement and Addenda for AAHOA 2008 Convention

Dear Grant:

As a follow up to our conversations over the past several weeks, the purpose of this letter is to confirm that the Asian American Hotel Owners Association ("AAHOA") is canceling the license agreement dated September 15, 2006, and the corresponding addenda dated September 19, 2006 and November 14, 2006 ("Agreement") for the use of space, known as Hall G and the 2nd floor North and South Ballrooms, and the concession buy-out at the Donald E. Stephens Convention Center ("Convention Center"), on April 30 through May 2, 2008, for an event known as the AAHOA 2008 Annual Convention & Trade Show.

Specifically, at a Board meeting held on July 13, 2007, the AAHOA Board of Directors voted to rescind its previous approval of holding the AAHOA 2008 Annual Convention & Trade Show at the Convention Center in Rosemont, and to terminate the Agreement with the Convention Center in connection therewith.

As you indicated in your email dated June 15, 2007, as a result of this cancellation, AAHOA is responsible for the full amount of the license fees of $60,000.00 under the terms of the Agreement, but is not required to pay any additional fees, costs or damages relating thereto. Since we already paid a $12,000 deposit, we have initiated a check request for the balance of $48,000.00, and will send you a check in the next ten (10) days.

Thank you for your assistance in this matter.  If you have any questions, please do not hesitate to contact me.

Regards,

Fred Schwartz
AAHOA President

 **ASIAN AMERICAN HOTEL OWNERS ASSOCIATION**

66 LENOX POINTE, N.E.
ATLANTA, GEORGIA 30324
(404) 816-5759 PHONE
(404) 816-6260 FAX
www.AAHOA.com

July 26, 2007

Grant H. Bailey
Assistant Executive Dire :tor
Sales/Marketing
Donald E. Stephens Con 'ention Center
9301 W. Bryn Mawr
Rosemont, Illinois 6001{

Re:  Check for C: ncellation of Agreement and Addenda for AAHOA 2008 Convention

Dear Grant:

As I mentioned in my let ter to you dated July 20, 2007, I am enclosing a check in an amount of $48,000 for the cancellation of th : license agreement dated September 15, 2006, and the corresponding addenda dated September 19, 200 5 and November 14, 2006 ("Agreement") for the use of space, known as Hall G and the 2nd floor Nort and South Ballrooms, and the concession buy-out at the Donald E. Stephens Convention Center ("Co vention Center"), on April 30 through May 2, 2008, for an event known as the AAHOA 2008 Annual C onvention & Trade Show.

Since AAHOA already paid a $12,000 deposit, I am enclosing the balance of $48,000.00. This will confirm that AAHOA ha s now paid the full amount of the license fees of $60,000.00 for the cancellation of the Agree ment, and is not required to pay any additional fees, costs or damages relating thereto.

Thank you for your assis tance in this matter. If you have any questions, please do not hesitate to contact me.

Regards,

*Fred Schwartz*

Fred Schwartz
AAHOA President

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

VEENOD PATEL et al

v.

No. 07 L 8910

DILIPKUMAR PATEL et al

**ORDER**

This cause coming to be heard on defendant's motions to dismiss, all parties having notice, and the court having proper jurisdiction,

It is hereby ordered that plaintiffs are given to January 4, 2008 to file their response, defendants to reply by January 25, 2008. Hearing is set for February 4, 2008 at 10:00 AM.

ENTERED
JUDGE ALLEN S. GOLDBERG-1875
NOV - 7 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Atty. No.: 24025

Name: PAUL CAGHAN PC

Atty. for: PLAINTIFFS

Address: 3506 N Clark

City/State/Zip: chgo 60614

Telephone: (312) 251-1101

ENTERED: _____

_____
Judge                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT   LAW DIVISION
COMMERCIAL CALENDAR SECTION

VEENOD PATEL, et al.                          )
                                              )
                                              )
                    Plaintiffs,               )
                                              )
         v.                                   )       No.   07 L 8910
                                              )
DILIPKUMAR PATEL, et al.,                     )
                                              )
                                              )
                    Defendants.               )

## NOTICE OF MOTION

          To:    Paul T. Fox
                 Bevin M. Brennan
                 GREENBERG TRAURIG, LLP
                 77 West Wacker Drive
                 Suite 2500
                 Chicago, IL  60601

          PLEASE TAKE NOTICE that on _____1/9_____, 2008, at _____9:30____a.m./p.m., we
shall appear before the Honorable Allen Goldberg in Courtroom 2303 at the Richard
J. Daley Center in Chicago, Illinois and then and there present for hearing
**PLAINTIFFS' MOTION FOR LEAVE TO FILE  AMENDED COMPLAINT
INSTANTER**, a copy of which is attached and hereby served upon you.

Dated:  December 20, 2007                     Respectfully submitted,

                                              PLAINTIFFS

                                              By: _____
                                                   Attorney for Plaintiffs

PAUL CAGHAN
PAUL CAGHAN, P.C.
Attorney for Plaintiffs
2506 North Clark Street
Chicago, IL  60614
Firm I.D. 24025

Firm I.D. 24025

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT   LAW DIVISION

| | | |
|---|---|---|
| VEENOD PATEL, et al. | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.   07 L  8910 |
| | ) | |
| DILIPKUMAR PATEL, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**NOW COME** the plaintiffs by and through their attorney and for their

Motion for Leave to File Amended Complaint state that the plaintiffs seek leave of

court to file their amended complaint instanter.  A copy of the proposed amended

complaint is attached to this motion.

WHEREFORE, plaintiffs pray for the relief stated hereinabove.

PLAINTIFFS

By: _____
Attorney for Plaintiffs

PAUL CAGHAN
PAUL CAGHAN, P.C.
Attorney for Plaintiffs
2506 North Clark Street
Chicago, IL  60614
Firm I.D. 24025

Firm I.D. 24025

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT   LAW DIVISION

VEENOD PATEL, TARA V. PATEL,              )
RAMAN J. PATEL, VICTOR SOLIA, ROSA        )
SOLIA, SHARADCHANDRA K. DANI,             )
DIPEN B. PATEL, SHITAL D. PATEL,          )
KIRAN G. SHAH, MAHESH V. MODY,            )
PANNY MODY, PRITI K. SHAH, DEVANG         )
H. PATEL, HARSHAD N. THAKKAR,             )
SUDHA H. THAKKAR, BIREN SHAH,             )
CHANCHAL M. PATEL, KISHAN N.              )
PATEL, RITA K. PATEL, MANUBHAI            )
PATEL, DAVE BRAHMBHATT, BARKAT            )
GILLANI, HARSHA P. SHUKLA,                )
PRADEEP B. SHUKLA, AMI MEHTA,             )
AKSHAY THAKER, JAYA K. PATEL,             )      No.    07 L 8910
KANTI S. PATEL, VIBHA THAKER,             )
ROMA SHAH, SANJEET SHAH,                  )
GANSHYAM PATEL, ARUNKUMAR                  )
TRIVEDI, NARENDRA A. PATEL,               )
VIDYUT PATEL, BABU PATEL, CHIMAN          )
PATEL, HARESH K. SHAH, MOTI               )
AGARWAL, RAJ SAVSANI, DAKSHA J.           )
PATEL, JITENDRA R. PATEL, JENNIE E.       )
CANNELL PURI, SUNIL PURI,                 )
SUMANBHAI D. BHAKTA, KIRIT                )
MADHIWALA, MANSOORALI LAKHANI,            )
MOHAMMED GILANI, SHAHIM                    )
LAKHANI, VYOMESH M. JOSHI,                )
KALPESH JOSHI, ASHOK B. SHAH,             )
and GITA A. SHAH,                         )
                                          )
                    Plaintiffs,           )
                                          )
        v.                                )
                                          )
DILIPKUMAR PATEL, ASHWIN PATEL,           )
and ASIAN AMERICAN HOTEL OWNERS           )
ASSOCIATION,                              )
                                          )
                    Defendants.           )

1

## AMENDED COMPLAINT

NOW COME the plaintiffs by and through their attorney and for their Amended Complaint state as follows:

### Count 1

### Racketeer-Influenced Corrupt Organization

### DILIPKUMAR PATEL and ASHWIN PATEL

1. The defendants Dilipkumar Patel and Ashwin Patel violated U.S.C.A. Sec. 1962(a), (c) and (d).   The defendants Dilipkumar Patel and Ashwin Patel formed a scheme to defraud, used the mails and wires in furtherance of that scheme, and had the requisite intent to defraud.

2. The alleged wrongdoers are Dilipkumar Patel, Chairman of the Asian American Hotel Owners Association ("AAHOA"), Ashwin Patel, Vice Chairman of AAHOA, and the Asian American Hotel Owners Association.

3. The acts committed by Dilipkumar Patel and Ashwin Patel alleged here were done by them personally, either while present in, or by the use of the mails and other instrumentalities in interstate commerce to and from the State of Illinois and elsewhere.

4. The victims are the plaintiffs Veenod Patel, Tara V. Patel, Raman J. Patel, Victor Solia, Rosa Solia, Sharadchandra K. Dani, Dipen B. Patel, Shital D. Patel, Kirin G. Shah, Mahesh V. Mody, Panny Mody, Priti K. Shah, Devang H. Patel, Harshad N. Thakkar, Sudha H. Thakkar, Biren Shah, Chanchal M. Patel, Kishan N. Patel, Rita K. Petal, Manubhai Patel, Dave Brahmbhatt, Barkat Gillani, Harsha P. Shukla, Pradeep B. Shukla, Ami Mehta, Akshay Thaker, Jaya K. Patel,

Kanti S. Patel, Vibha Thaker, Roma Shah, Sanjeet Shah, Ganshyam Patel, Arunkumar Trivedi, Narendra A. Patel, Vidyut Patel, Babu Patel, Chiman Patel, Haresh K. Shah, Moti Agarwal, Raj Savsani, Daksha J. Patel, Jitendra R. Patel, Jennie E. Cannell Puri, Sunil Puri, Sumanbhai D. Bhakta, Kirit Madhiwala, Mansoorali Lakhani, Mohammed Gilani, Shahim Lakhani, Vyomesh M. Joshi, Kalpesh Joshi, Ashok B. Shah, and Gita A. Shah, members of the Asian American Hotel Owners Association.

5.     The plaintiffs were injured from predicate acts made possible by the defendants' internal investment and use of the proceeds of prior predicate acts. The alleged predicate acts and the specific statutes allegedly violated by each predicate act include acts that violate the following provisions of title 18, United States Code: section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), and section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity).

6.     The pattern of racketeering activity includes at least two acts of racketeering activity, one of which occurred after the effective date of the Act and the last of which occurred within ten years after the commission of a prior act of racketeering activity.   The acts of racketeering activity included the following:

7.     At the 2003 AAHOA annual convention in Long Beach, California, defendant Dilipkumar Patel committed mail fraud and wire fraud by misrepresentations that defendant had not helped any candidate financially when in fact defendant possessed prior knowledge that Dilipkumar Patel paid members to

3

vote for him to obtain the position of North Georgia Regional Director and AAHOA Board Member.

8. At the 2004 AAHOA annual convention in New Orleans, defendant Danny Patel committed mail fraud and wire fraud by misrepresentations that defendant had not helped any candidate financially when in fact defendant possessed prior knowledge that Dilipkumar Patel paid members to vote for him to obtain the position of AAHOA Treasurer and AAHOA Board Member.

9. On June 14, 2004, and prior and subsequent thereto, the defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that Lodging Insurance Solutions was an entity completely independent of defendants' control when in fact defendants possessed prior knowledge that defendants exercised significant control over the day-to-day business affairs of Lodging Insurance Solutions.

10. On July 14, 2004, and prior and subsequent thereto, the defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that Lodging Insurance Solutions was an entity created for ownership by AAHOA when in fact defendants possessed prior knowledge that AAHOA would never have ownership and that defendants themselves had ownership of Lodging Insurance Solutions.

11. At the 2006 AAHOA annual convention in Las Vegas, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had not helped any candidate financially when

4

in fact defendants possessed prior knowledge that defendants had paid members to elect Sam Devadhra as Director at Large and Tarun Patel as Treasurer. The defendants Dilipkumar Patel and Ashwin Patel knew that Sam Devadhra and Tarun Patel would vote per their instructions on matters before the Board of Directors of AAHOA.

12.    At the 2007 AAHOA annual convention in Charlotte, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had not paid members to vote when in fact defendants possessed prior knowledge that defendants paid members to elect Vipin Patel as Director at Large. Defendants knew that Vipin Patel would vote as instructed on matters before the AAHOA Board of Directors.

13.    On March 31, 2007, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had not participated in illegal kickback schemes with Wyndham Hotels and Choice Hotels when in fact defendants possessed prior knowledge that Wyndham Hotels and Choice Hotels provided secret compensation to defendants to suppress and delay publication of AAHOA "Report Cards" critical of Choice Hotels and Wyndham Hotels.

14.    The defendants Dilipkumar Patel and Ashwin Patel received illegal kickbacks from Choice Hotels and Wyndham Hotels including lenient franchise agreements for Dilipkumar Patel's hotels in Georgia and the Carolinas and Ashwin Patel's hotels in Arizona and California, less rigorous and less frequent compliance

inspections, lower royalty fees, the withholding of litigation against defendants' hotels for serious contract breaches, aggressive litigation against non-favored hotels for minor contract breaches, and other compensation.

15.   At the 2003 AAHOA annual convention in Long Beach, California, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding entertainment contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from entertainers hired for the convention.

16.   At the 2007 AAHOA annual convention in Charlotte, North Carolina, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding entertainment contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from entertainers hired for the convention.

17.   At the 2003 AAHOA annual convention in Long Beach, California, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding food vending contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from food vendors hired for the convention.

18.    At the 2007 AAHOA annual convention in Charlotte, North Carolina, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding food vending contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from food vendors hired for the convention.

19.    On June 12, 2007, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by issuance of a notice of intent to rescind the contracts with Donald E. Stephens Convention Center and Hyatt Hotels.  Dilipkumar Patel and Ashwin Patel falsely represented that the Donald E. Stephens Convention Center was inadequate in terms of the shape of the rooms, ceiling heights, number and spacing of columns and seating setup when in fact the defendants possessed prior knowledge that the Rosemont Convention Center met or exceeded the needs of AAHOA for its annual convention.

20.    On July 16, 2007, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by issuance of letters to members advising of their decision to move the annual convention away from Chicago and to terminate all contracts associated with the Donald E. Stephens Convention Center in Rosemont, Illinois.  The defendants falsely represented that the venue was inadequate when in fact the defendants knew that holding the convention in Chicago would likely result in defendants' loss

7

of control over the AAHOA Board of Directors, and that by moving the convention to San Antonio the defendants could erect geographical barriers to voters from the Midwest region.

21.    The defendants Dilipkumar Patel and Ashwin Patel conducted the affairs of AAHOA through a pattern of racketeering are employed by or associated with the enterprise.  The defendants Dilipkumar Patel and Ashwin Patel made false representations to facilitate the fraud upon the plaintiffs and others.

22.    The activities by defendants Dilipkumar Patel and Ashwin Patel constituted a pattern of racketeering and defendants then invested the proceeds from racketeering in an enterprise, thereby violating section 1962(a).  The defendants Dilipkumar Patel and Ashwin Patel also caused injury from the predicate fraudulent representations, and from subsequent use or investment of the proceeds.

23.    The enterprises, individuals, partnerships, corporations, associations, or other entities allegedly constituting the enterprise are the Asian American Hotel Owners Association, Dilipkumar Patel and Ashwin Patel.  The Asian American Hotel Owners Association, Dilipkumar Patel and Ashwin Patel are perpetrators of the alleged racketeering activity.  The benefits received by defendants Dilipkumar Patel and Ashwin Patel include the use and enjoyment of the assets belonging to plaintiffs, increased profits, and improvement of their competitive position.

24.     The structure, purpose, roles, function, and course of conduct of the enterprise included acts of mail fraud and wire fraud and other acts that were false and fraudulent.

25.     The relationship between Dilipkumar Patel and Ashwin Patel is ordered and arranged as part of a common plan and external organizing principle to defraud and convert the assets of the plaintiffs.

26.     The activities of the enterprise affect interstate and foreign commerce. Such activities in and affecting interstate commerce include, among others, the hotel industry, which includes interstate commerce.

27.     In violation of U.S.C.A. Sec. 1962(a), the income derived from the pattern of racketeering activity was received by defendants Dilipkumar Patel and Ashwin Patel. The investment income from the racketeering activity was used to commit further acts of mail fraud and wire fraud.

28.     The conspiracy committed by defendants in their common scheme was to conceal and affirmatively misstate the existence and value of illegal kickbacks and compensation received by defendants. The alleged injury to business and property is the loss of millions of dollars. The alleged injury was directly caused by defendants' violation of the R.I.C.O. statute.

29.     Defendants, for the purpose of executing the scheme to defraud plaintiffs of their property, transmitted and caused to be transmitted communications by means of wire in interstate commerce. Such interstate

communications by wire included, without limitation, telephone calls between plaintiffs and other agents and employees, and defendants.

30.    The use of the mails for purposes of effectuating the `above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C.A. Sec. 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C.A. Sec. 1964(c).

**WHEREFORE**, the plaintiffs pray for judgment against each of the defendants Dilipkumar Patel and Ashwin Patel for the sum of ten million ($10,000,000.00) dollars, treble damages, attorney's fees, and other expenses and losses.

## Count 2

## <u>Racketeer-Influenced Corrupt Organization</u>

### ASIAN AMERICAN HOTEL OWNERS ASSOCIATION

1. – 30.    Plaintiffs reassert and reallege paragraphs 1 through 30 of Count 1 as and for their allegations herein.

31.    The relationship between Dilipkumar Patel, Ashwin Patel and AAHOA is ordered and arranged as part of a common plan and external organizing principle to defraud and convert the assets of the plaintiffs.

32.    The acts of Dilipkumar Patel and Ashwin Patel are deemed to be the acts of and are chargeable to and binding upon the Asian American Hotel Owners Association.

**WHEREFORE**, the plaintiffs pray for judgment against defendant Asian American Hotel Owners Association for the sum of twenty million ($20,000,000.00) dollars, treble damages, attorney's fees, costs of suit and other expenses and losses.

Count 3

<u>Fraud</u>

DILIPKUMAR PATEL, ASHWIN PATEL and
ASIAN AMERICAN HOTEL OWNERS ASSOCIATION

1. – 14.    Plaintiffs reassert and reallege paragraphs 7 through 20 of Count 1 as and for their allegations herein.

15.    At all times relevant, the defendants each had a duty to refrain from committing fraudulent representation against the plaintiffs.

16.    In breach of their duties as aforesaid, the defendants engaged in oral and written misrepresentations to defraud plaintiffs and obtain kickbacks from franchisors, vendors and entertainers for the AAHOA annual conventions, and other acts as described above.

17.    The defendants made the misrepresentations to the plaintiffs with knowledge of the falsity and with the intent of misleading the plaintiffs into relying on the misrepresentations.

18.    The fraudulent acts and conduct of defendants as described were intended to induce action in reliance thereon, and plaintiffs reasonably relied on the statements and misrepresentations by defendants.

19.    The acts of Dilipkumar Patel and Ashwin Patel are deemed to be the acts of and are chargeable to and binding upon the Asian American Hotel Owners Association.

20.    As a direct and proximate result of the breaches of duty by defendants Dilipkumar Patel, Ashwin Patel and the Asian American Hotel Owners Association, in whole or in part, the defendants defrauded the plaintiffs and plaintiffs suffered economic and pecuniary losses, and will continue to experience such losses in the future.

**WHEREFORE**, the plaintiffs pray for judgment against each of the defendants Dilipkumar Patel, Ashwin Patel and the Asian American Hotel Owners Association for the sum of ten million ($10,000,000.00) dollars, and other expenses and losses.

PLAINTIFFS


By: _____
                Attorney for Plaintiffs


PAUL CAGHAN
PAUL CAGHAN, P.C.
Attorney for Plaintiffs
2506 North Clark Street
Chicago, IL  60614
Firm I.D. 24025

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he properly mailed a copy of the foregoing to the attorneys for defendants this 20th day of December, 2007, addressed as follows:

Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL  60601

_____

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he properly mailed a copy of the foregoing to the attorneys for defendants this 20th day of December, 2007, addressed as follows:

Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL  60601

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Veenod Patel etal

v.

Dilipkumar Patel, et al

No. 07 L 8910

## ORDER

This cause coming to be heard on motion of Plaintiff for leave to file amended complaint, all parties appearing through counsel, and the court having proper jurisdiction,

It is hereby ordered that plaintiffs' motion is granted and plaintiff are given leave to file their amended complaint instanter. Defendant are given 28 days to February 9, 2008 to answer or otherwise plead. The hearing date of February 4, 2008 is stricken. This matter is set for hearing on April 22, 2008 at 10:00 AM

ENTERED
JUDGE ALLEN S. GOLDBERG-1595
JAN - 9 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

r. No.: 24035
ne: PAUL CAGHAN PC
: for: TKS
ress: 200 N. Clark
/State/Zip: Chgo 60614
phone: 312 251-1101

ENTERED:

_____    _____
Judge                      Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS