IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VEENOD PATEL, et al. ) | |
| ) | |
| Plaintiffs ) | |
| ) | Case No.: 08 CV 386 |
| v. ) | |
| ) | Hon. Blanche M. Manning |
| DILIPKUMAR PATEL, ASHWIN PATEL, and ) | |
| ASIAN AMERICAN HOTEL OWNERS ) | Magistrate Judge Susan E. Cox |
| ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |

**DILIPKUMAR PATEL, ASHWIN PATEL, AND ASIAN
AMERICAN HOTEL OWNERS ASSOCIATION'S MOTION TO
DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants Asian American Hotel Owners Association ("AAHOA"), Dilipkumar Patel, and Ashwin Patel (collectively the "Defendants"), by their undersigned attorneys, hereby move to dismiss Plaintiffs' Amended Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of this motion, Defendants submit their accompanying Memorandum and state as follows:

1.  Plaintiffs make numerous, vague allegations of fraud, found in three counts: (1) a Racketeer Influenced and Corrupt Organizations Act claim, 18 U.S.C. § 1961 *et seq.*, ("RICO") against Dilipkumar Patel and Ashwin Patel (Count I); (2) a RICO claim against AAHOA (Count II); (3) and a common law fraud claim against all Defendants (Count III).  None of these claims is accompanied by any particularized factual allegations, each falls far short of pleading the elements of the causes of action they purport to allege, none complies with the standards found in Fed. R. Civ. P. 9(b), and the Complaint should be dismissed in its entirety.

**The RICO Claims (Counts I and II) Should Be Dismissed.**

2.  First, Plaintiffs do not allege any facts that Defendants "conducted" an "enterprise," or that Defendants engaged in a "pattern" of "racketeering," all specifically defined elements under the law necessary to a civil RICO claim under 18 U.S.C. § 1962(c). *See, e.g., Lachmund v. ADM Investor Servs, Inc.*, 191 F.3d 777, 783 (7th Cir. 1999).

3.  Second, Plaintiffs have not alleged any facts that Defendants "(1) received income, (2) derived from a pattern of racketeering, and (3) used the income to acquire an interest in or to operate, (4) an enterprise," all of which is required to state a claim under 18 U.S.C. § 1962(a). *See, e.g., Matrix IV, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, No. 06 C 1661, 2007 WL 853965, at *8 (N.D. Ill. Mar. 15, 2007), quoting *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994).

4.  Third, Plaintiffs fail to include facts regarding any agreement sufficient to state a conspiracy-based RICO claim pursuant to 18 U.S.C. § 1962(d). *See, e.g., Lachmund*, 191 F.3d at 785.

5.  Fourth, under sections 1962(a), (c), and (d), Plaintiffs must include factual allegations that Plaintiffs suffered an injury proximately caused by Defendants' alleged actions. Plaintiffs fail to do so in the Complaint. Absent such allegations, this is yet another reason that the RICO claims in Counts I and II fail. *See, e.g., RWB Servs. LLC v. Rally Capital Servs., LLC.*, 502 F. Supp. 2d 787, 790-91 (N.D. Ill. 2007), citing *Evans v. City of Chicago*, 434 F.3d 916, 924 (7th Cir. 2006).

6.  For each of these reasons, Counts I and II should be dismissed.

**The Common Law Fraud Claim (Count III) Fails As Well.**

7.  In Count III, a common law fraud claim, Plaintiffs fail to comply with Federal

Rule of Civil Procedure 9(b), which requires that fraud claims be pled with particularity.

8. There are simply no allegations about the specifics of any of the purported misrepresentations, or how those representations caused any injury to any of Plaintiffs.

9. Nor do Plaintiffs plead exactly how they relied upon (or took any action whatsoever based on) any statements made by any Defendant, or how that reliance was reasonable.

10. Because Plaintiffs do not plead any supporting facts as required by Rule 9(b), the common law fraud claim (Count III) should be dismissed as well.

11. For these reasons, and the reasons stated in the accompanying Memorandum in support of this motion, the Complaint should be dismissed in its entirety.

WHEREFORE, Defendants Asian American Hotel Owners Association, Dilipkumar Patel and Ashwin Patel respectfully request that the Court dismiss with prejudice Plaintiffs' Complaint in its entirety, award Defendants their costs and fees, and grant any other just relief.

Dated: January 25, 2008                    Respectfully submitted,

                                           DILIPKUMAR PATEL, ASHWIN PATEL,
                                           and ASIAN AMERICAN HOTEL
                                           OWNERS ASSOCIATION

                                           By:  /s/ Bevin M. Brennan
                                                One of Their Attorneys

Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL  60601
Telephone:  (312) 456-8400
Facsimile:  (312) 456-8435