**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VEENOD PATEL, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Case No.:   08 CV 386 |
| v. | ) | |
| | ) | Hon. Blanche M. Manning |
| DILIPKUMAR PATEL, ASHWIN PATEL, and | ) | |
| ASIAN AMERICAN HOTEL OWNERS | ) | Magistrate Judge Susan E. Cox |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DILIPKUMAR PATEL, ASHWIN PATEL, AND ASIAN
AMERICAN HOTEL OWNERS ASSOCIATION IN SUPPORT OF THEIR MOTION TO
DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**Introduction**

Plaintiffs' Amended Complaint ("Complaint") is so deficient in so many respects that it is difficult to know where to begin.  The Complaint, brought on behalf of 53 individuals, makes sweeping allegations of civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and common law fraud against Defendants Asian American Hotel Owners Association ("AAHOA"), Mr. Dilipkumar Patel, and Mr. Ashwin Patel (collectively the "Defendants").  Yet it fails to identify any particular speaker, any particular statement, any particular audience, any particular mailing, any particular wire, or any reliance or injury to any Plaintiff, let alone each of them.  Those failings mean that the Plaintiffs have not stated a civil RICO claim under federal law or a common law fraud claim under Illinois law.

The Complaint is a vivid reminder of why courts require fraud to be alleged with particularity, and a classic example of a pleading which fails to do so.  The Complaint should be dismissed in its entirety.

## Procedural History

On September 21, 2007, Plaintiffs served Defendants with their original complaint filed in the Circuit Court of Cook County, Illinois, consisting solely of state law claims. The original complaint included an additional co-defendant, the Village of Rosemont, Illinois. Defendants timely moved to dismiss the original complaint. Rather than respond to Defendants' motion to dismiss in the state court, Plaintiffs sought leave to file an amended complaint. The proposed amended complaint dropped the Village of Rosemont as a defendant and added two federal claims, the civil RICO claims in Counts I and II. This proposed amendment, once leave to file it was allowed, was the first pleading which could properly be removed to federal court. Defendants timely removed the case to this Court on January 17, 2008. In accordance with Federal Rule of Civil Procedure 81(c), Defendants have timely filed this Motion to Dismiss.

## Factual Background

As alleged in the Complaint, Plaintiffs are AAHOA members. (Compl. ¶ 4.)[1] Defendant Dilipkumar Patel is the Chairman of AAHOA, and Defendant Ashwin Patel is the Vice Chairman. (*Id.* ¶ 2.) While it seems clear that the claims arise out of Plaintiffs' unhappiness with actions taken by AAHOA, there is little else that is clear about these claims.

First, there are the allegations relating to alleged payments by the individual Defendants to other members to elect other AAHOA members to director positions. Yet the Plaintiffs do not allege the specific time or place of such a payment or any representation made about it, what the exact representation was, to whom it was made, how it injured any Plaintiff, or how mail or wires were used in making it. The allegations in this category are as follows:

---

[1] This factual recitation is taken solely from the Complaint, as is required for a motion to dismiss. Plaintiffs included three counts in the Complaint, and the allegations are numbered in each count beginning with paragraph 1. Many paragraphs incorporate the allegations in Count I. For this reason, the citations to the allegations in the Complaint in this motion refer to the paragraph numbers alleged in Count I unless otherwise noted.

- At an unspecified date or time at the "2003 AAHOA annual convention in Long Beach California," Dilipkumar Patel allegedly "committed mail fraud and wire fraud" by making unspecified "misrepresentations" to unidentified persons that he "has not helped any candidate financially" while Plaintiffs claim, again without any explanation or details, that he had paid members to vote for him as a regional director and board member of AAHOA. (*Id.* ¶ 7.)

- Dilipkumar Patel is alleged to have made similar, unspecified misrepresentations at the 2004 AAHOA annual convention in New Orleans. (*Id.* ¶ 8.)

- At an unspecified date or time at the "2006 AAHOA annual convention in Las Vegas," Dilipkumar Patel and Ashwin Patel allegedly misrepresented that they "had not helped any candidate financially when in fact" they "had paid members to elect Sam Devadhra as Director at Large and Tarun Patel as Treasurer." (*Id.* ¶ 11.)

- Dilipkumar Patel and Ashwin Patel again made such unspecified misrepresentations that they had not helped any candidate financially but had paid members to elect Vipin Patel as Director at Large at the 2007 AAHOA annual convention in Charlotte. (*Id.* ¶ 12.)

The second group of alleged misrepresentations relate to the ownership of Lodging Insurance Solutions, allegations which again are devoid of any specifics:

- "On June 14, 2004, and prior and subsequent thereto," Dilipkumar Patel and Ashwin Patel allegedly misrepresented that Lodging Insurance Solutions was an entity independent of their control, but allege, again without explanation, that they "exercised significant control over the day-to-day business affairs of Lodging Insurance Solutions." (*Id.* ¶ 9.)

- "On July 14, 2004, and prior and subsequent thereto," Dilipkumar Patel and Ashwin Patel purportedly misrepresented that Lodging Insurance Solutions would be owned by AAHOA when they in fact owned it. (*Id.* ¶ 10.)

The third group of allegations relate to vague assertions of "kickbacks" supposedly paid to Dilipkumar Patel and Ashwin Patel:

- "On March 13, 2007, and prior and subsequent thereto," Dilipkumar Patel and Ashwin Patel allegedly received "illegal kickbacks" from Choice Hotels and Wyndham Hotels in the form of "lenient franchise agreements, less rigorous and less frequent compliance inspections, lower royalty fees, the withholding of litigation against defendants' hotels for serious contract breaches, aggressive litigation against non-favored hotels for minor contract breaches, and other compensation" to suppress and delay an AAHOA report critical of

Choice Hotels and Wyndham Hotels. (*Id.* ¶¶ 13-14.) The purported misrepresentation was that they "had not participated in illegal kickback schemes with Wyndham Hotels and Choice Hotels." (*Id.* ¶ 13.)

- At the 2003 AAHOA annual convention in Long Beach, California and the 2007 AAHOA annual convention in North Carolina, Dilipkumar Patel and Ashwin Patel allegedly made misrepresentations that they had acted in the best interests of AAHOA in awarding entertainment and food vending contracts when, instead, they received illegal kickbacks from the vendors. (*Id.* ¶¶ 15-18.)

The fourth and final category of allegations stems from AAHOA's business decision to move its 2008 annual convention from Rosemont, Illinois to San Antonio, Texas:

- "On June 12, 2007, and prior and subsequent thereto," and on "July 16, 2007, and prior and subsequent thereto," Dilipkumar Patel and Ashwin Patel made misrepresentations that the convention center in Rosemont, Illinois was inadequate to host the 2008 AAHOA Annual Convention. (*Id.* ¶¶ 19-20.)

Again without any supporting factual allegations, Defendants go on to state the conclusions that Dilipkumar Patel and Ashwin Patel "conducted the affairs of AAHOA through a pattern of racketeering are [sic] employed by or associated with the enterprise." (*Id.* ¶ 21.) Furthermore, Dilipkumar Patel and Ashwin Patel purportedly "invested the proceeds from racketeering in an enterprise" thereby causing unnamed "injury," and benefited in "the use and enjoyment of the assets belonging to plaintiffs, increased profits, and improvement of their competitive position." (*Id.* ¶¶ 22-23.)

Finally, Plaintiffs assert that there is a conspiracy to use a "common scheme" to "conceal and affirmatively misstate the existence and value of illegal kickbacks and compensation received by defendants," causing "millions of dollars" in "alleged injury to business and property" as a result of Defendants' violations of the RICO statute. (*Id.* ¶ 28.) There are similar unsupported allegations of "economic and pecuniary losses" to Plaintiffs "[a]s a direct and proximate result" of the purported common law fraud. (*Id.* Count III ¶ 20.)

- 4 -

### Argument

Dismissal for failure to state a claim is proper under Rule 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005). To withstand dismissal, the plaintiff must allege all of the elements necessary to recover on his claim. *See Xydakis v. Target, Inc.*, 333 F. Supp.2d 683, 685 (N.D. Ill. 2004). The plaintiff "must allege sufficient facts to outline the cause of action, proof of which is essential to recovery." *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir. 1985). The court should accept the factual allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Brown v. Buds*, 398 F.3d 904, 908 (7th Cir. 2005). The court's consideration, however, should generally be confined to the allegations of the complaint. *See Centers*, 398 F.3d at 933. The court is not required to accept the plaintiff's legal conclusions. *See Panaras v. Liquid Carbonic Industries, Corp.*, 74 F.3d 786, 791-92 (7th Cir. 1996). Likewise, the court is not required to accept the plaintiff's factual inferences to the extent that they are not supported by the factual allegations of the complaint. *See EEOC v. Sears, Roebuck & Co.*, 857 F. Supp. 1233, 1236 (N.D. Ill. 1994).

For fraud claims, including fraud-based civil RICO claims, plaintiffs are held to a higher pleading standard pursuant to Rule 9(b). *Lachmund v. ADM Investor Servs., Inc.*, 191 F.3d 777, 784 (7th Cir. 1999) (holding that "heightened pleading requirements of Federal Rule 9(b) apply to allegations of fraud in a civil RICO complaint"). "The complaint must be specific with respect to the time, place, and content of the alleged false misrepresentations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Id.*

## I.     PLAINTIFFS FAIL TO STATE A RICO CLAIM AGAINST ANY DEFENDANT.

Plaintiffs allege that their civil RICO claims in Count I (against Dilipkumar Patel and Ashwin Patel) and Count II (against AAHOA) arise under 18 U.S.C. § 1962(a), (c) and (d). (Compl. ¶ 1.)  When analyzing any RICO claim, "courts must remember that Congress 'intended to limit RICO to those cases in which racketeering acts are committed in a manner characterizing the defendant as a person who regularly commits such crimes.'"  *Wankel v. Southern Illinois Bancorp, Inc.*, No. 06-cv-0619-MJR, 2007 WL 2410328, at *3 (S.D. Ill. Aug. 21, 2007), quoting *Lipin Enters. Inc. v. Lee*, 803 F.2d 322, 324 (7th Cir. 1986).  Civil RICO claims have been the subject of "widespread abuse," and it is important to recognize that a civil RICO claim "is a unique cause of action that is concerned with eradicating organized, long-term habitual criminal activity."  *Matrix IV, Inc. v. American Nat'l Bank and Trust Co. of Chicago*, No. 06 C 1661, 2007 WL 853965, at *5 (N.D. Ill. Mar. 15, 2007), quoting *Midwest Griding Inc. v. Spitz*, 976 F.2d 1016, 1025 (7th Cir. 1992) and *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006).

Plaintiffs here allege that their RICO claims arise from violations of the mail and wire fraud statutes.  (Comp. ¶¶ 5, 7-20.)[2]  But courts repeatedly have cautioned that it is very difficult for a plaintiff to state a claim based on these allegations.  As one court recently recognized, "[c]ourts have historically viewed allegations of mail and wire fraud as relatively weak support for such [RICO] claims."  *Wankel*, 2007 WL 2410328, at *7.  This is because, as the Seventh Circuit has acknowledged, "many plaintiffs try to 'dress up' state law fraud claims using as their tool the expansive definitions of mail and wire fraud under federal law."  *Id.*, citing *Gagan v. American Cablevision*, 77 F.3d 951, 963 (7th Cir. 1996.)  The court should also employ a

---

[2] In passing, Plaintiffs state that Defendants also violated 18 U.S.C. § 1957, an anti-money laundering statute (Compl. ¶ 5).  But Plaintiffs' subsequent allegations all rest on accusations of mail and wire fraud and do not mention or support any claim for money laundering.  The inclusion of section 1957 as a potential basis for Plaintiffs' civil RICO counts is implausible and completely devoid of any factual support.

"natural and common-sense" perspective to determine if defendants operate "a long-term association that exists for criminal purposes." *Id.*, 2007 2410328, at *10, citing *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 242-43 (1989).

An analysis of the vague and conclusory allegations in Plaintiffs' Complaint show that the two RICO counts "constitute[ ] precisely what the Supreme Court and the Seventh Circuit courts hope to forestall," namely turning RICO into "a surrogate for garden-variety fraud actions properly brought under state law." *Id.*, quoting *Midwest Grinding,* 976 F.2d at 1022.  For the numerous reasons explained below, this Court should dismiss Counts I and II.

### A.  Plaintiffs Do Not State a Claim Under 18 U.S.C. § 1962(c).

Under section 1962(c), a plaintiff must allege a defendant's:  (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *Lachmund*, 191 F.3d at 783. Plaintiffs have not alleged that Defendants conducted any enterprise, or that they have engaged in any racketeering activity.

### 1.  *Plaintiffs Do Not Allege Any Facts About Defendants' "Conducting" Any "Enterprise."*

In order to satisfy the "conduct" element of a RICO claim under section 1962(c), a plaintiff must plead that a defendant "participated in the operation or management of the enterprise itself," and played "some part in directing the enterprise's affairs."  *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998), quoting *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993).  "[M]ere participation in the activities of the enterprise is insufficient; the defendant must participate in the operation or management of the enterprise." *Id.*

In the Complaint, there is no allegation about "how the defendants conducted the affairs of the enterprise, over and above their own affairs."  *Richmond v. Nationwide and Cassel L.P.*, 53 F.3d 640, 643 (7th Cir. 1995).  In fact, Plaintiffs allege that Dilipkumar Patel and Ashwin

Patel acted to benefit themselves. (Compl. ¶ 23.) Plaintiffs fail to allege any facts sufficient to show that any of Defendants "conducted" any enterprise.

Moreover, RICO defines an enterprise as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). A RICO enterprise can be formal or informal, but "some type of organization structure is required." *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). An enterprise must be "an ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making." *Richmond*, 52 F.3d at 644. "An enterprise 'must be more than a group of people who get together to commit a 'pattern of racketeering activity.'" *Id.*, quoting *United States v. Neapolitan*, 791 F.2d 489, 499-500 (7th Cir. 1986). "There must be a 'structure and goals separate from the predicate acts themselves.'" *Id.*, quoting *United States v. Korando*, 29 F.3d 1114, 1117 (7th Cir. 1994); *see also Stachon*, 229 F.3d 673 at 675 (same). That is, "RICO plaintiffs cannot establish structure by defining the enterprise through what it supposedly does." *Stachon*, 229 F.3d at 676.

As the case law cited above shows, the Seventh Circuit repeatedly has rejected the types of vague and conclusory allegations like those asserted by Plaintiffs to establish an "enterprise." Plaintiffs simply state that "defendants Dilipkumar Patel and Ashwin Patel conducted the affairs of AAHOA through a pattern of racketeering [sic] are employed by or associated with the enterprise." (Compl. ¶ 21.) They further allege that the enterprise is comprised of AAHOA, Dilipkumar Patel and Ashwin Patel. (*Id.* ¶ 23.) The purported enterprise's only "structure, purpose, roles, function, and course of conduct of the enterprise" were to commit "mail fraud and wire fraud and other acts that were false and fraudulent." (*Id.* ¶ 24.) There are no allegations

- 8 -

defining the structure of any "enterprise," nor is there any allegation about the hierarchy among the three Defendants. Plaintiffs have not identified any separate structure or goals of the enterprise. What they have done is to try to allege an "enterprise" through the alleged predicate acts themselves -- namely mail and wire fraud. (*Id.*) This is insufficient to allege an enterprise under RICO. *See, e.g., Richmond*, 52 F.3d at 643 (affirming lower court's finding that a listing of entities strung together by the label enterprise was not sufficient under RICO).

Without either "conduct" or an "enterprise," Counts I and II should be dismissed.

### 2. *No Pattern of Racketeering Has Been Alleged.*

Next, Plaintiffs must allege a pattern of racketeering. *Goren*, 156 F.3d at 727. Here, Plaintiffs attempt to rely on various allegations of purported mail and wire fraud. (Compl. ¶¶ 7-20, 22.) But Plaintiffs fall far short of their pleading obligations. Allegations of fraudulent conduct must be pled with particularity, including "the specific content of any alleged false representations," "the identities of the parties to those alleged communications," and "the specific times and places of these alleged misrepresentations." *Lachmund*, 191 F.3d at 784 (dismissing civil RICO claim which failed to plead these elements with particularity). This is true for mail and wire fraud claims, the bases for Plaintiffs' civil RICO claims. *Goren*, 156 F.3d at 729 (holding that "a plaintiff alleging predicate acts of mail and wire fraud must do so with particularity").

To state a claim for mail or wire fraud, a plaintiff must allege that a defendant: (1) participated in a scheme to defraud; (2) acted with intent to defraud; and (3) used the mail or wires to perpetrate or in furtherance of the fraudulent scheme. *See United States v. Sloan*, 492 F.3d 884, 890 (7th Cir. 2007); *Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298-99 (7th Cir. 2003). "Merely referencing 'mailings and telephone calls in furtherance of a purported scheme to defraud' will not suffice." *Wankel*, 2007 WL 2410328, at *4, citing *Jepson, Inc. v.*

- 9 -

*Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994); *see also Matrix IV*, 2007 WL 853968 at *8 (dismissal is appropriate where a plaintiff fails to allege any specific facts about misrepresentations allegedly made in mailings). Vague allegations of misrepresentations that do not describe the time, place, content of the communication or the identities of all parties to the communications are legally insufficient. *Id.* "These details are mandated not only by Rule 9(b), but by the very nature of the RICO claim." *Id.*, quoting *Jepson*, 34 F.3d at 1328.

Plaintiffs here have done exactly what the *Jepson* court condemned: they have made vague allegations of purported misrepresentations, and have completely failed to allege precisely what was said, to whom it was said, or when it was said. They do not specify any particular mailing or wire, making just vague references to mailings, wire and telephone calls in general. (Compl. ¶¶ 3, 29). Plaintiffs include some 14 paragraphs which apparently are supposed to provide the factual basis for their claims. (*Id.* ¶¶ 7-20.) But not one of these paragraphs provides the necessary, specific information. For example, in paragraph 17, Plaintiffs allege that:

> At the 2003 AAHOA annual convention in Long Beach, California, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had acted in the best interests of the AAHOA in awarding food vending contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from food vendors hired for the convention. (*Id.* ¶ 17.)

There is no allegation about what was actually communicated, to whom, by what method the statement was made (orally, by mail, or by wire), in what respect a representation was false, who the entertainment and food vending contractors are, or what constitutes the "illegal kickbacks." There is no attempt to identify any particular mailing or wire. These types of specific allegations are required under Rule 9(b).

This is just one example of the deficiencies in Plaintiffs' allegations, and this paragraph is typical. The other paragraphs all lack the necessary detail to sustain a fraud-based claim. (*See*

Compl. ¶¶ 7-20.)    Because Plaintiffs fail to allege § 1962(c) claims with the requisite factual

support, any RICO claim based on this section should be dismissed.

### B.  Plaintiffs' Attempt to State a RICO Claim based on 18 U.S.C. § 1962(a) Fails.

Plaintiffs also attempt to allege RICO claims under 18 U.S.C. § 1962(a).  (Compl. ¶ 1.)

Section 1962(a) states, in relevant part:

> It shall be unlawful for any person who has received any income derived, directly
> or indirectly, from a pattern of racketeering activity or through collection of an
> unlawful debt in which such person has participated as a principal within the
> meaning of section 2, title 18, United States Code, to use or invest, directly or
> indirectly, any part of such income, or the proceeds of such income, in acquisition
> of any interest in, or the establishment or operation of, any enterprise which is
> engaged in, or the activities of which affect, interstate or foreign commerce.

The underlying purpose for section 1962(a) is to "prevent racketeers from using their ill-

gotten gains to operate, or purchase a controlling interest in, legitimate businesses." *Matrix IV*,

2007 WL 853968 at *8, quoting *Lugosch v. Congel*, 443 F. Supp. 2d 254, 270 (N.D.N.Y. 2006).

A § 1962(a) count should be dismissed if a plaintiff fails to allege that a defendant used income

to invest in an enterprise.  *Id.*, 2007 WL 853968 at *9.

Under 1962(a), an "unlawful debt" means "one that involves illegal gambling or the

lending of money at usurious rates."  *Matrix IV*, 2007 WL 853968 at *8, citing 18 U.S.C. §

1961(6).  If there is no allegation about income from illegal gambling or lending money at

usurious rates, to sustain a § 1962(a) claim, a plaintiff must allege that a defendant:  (1) received

income (2) derived from a pattern of racketeering and (3) used the income to acquire an interest

in or to operate (4) an enterprise.  *Id.*, 2007 WL 853968 at *8, citing 18 U.S.C. § 1962(a).  *See*

*also Lachmund*, 191 F.3d at 785, quoting *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20

F.3d 771, 778 (7th Cir. 1994) (to state a civil RICO claim based on section 1962(a), a party must

allege  "the receipt of income from a pattern of racketeering activity, and the use of that income

in the operation of an enterprise").

Plaintiffs have not asserted any facts alleging that any defendants engaged in illegal gambling or the lending of money at usurious rates. Nor have they alleged any facts that any defendants used any income to acquire an interest in or to operate any enterprise. They simply conclude, without alleging any facts, that Defendants have "invested the proceeds from racketeering in an enterprise." (Compl. ¶ 22.) This conclusion does not state a cause of action under § 1962(a).

And as discussed in detail above with respect to § 1962(c), there is no pattern of racketeering, nor is there any "enterprise" as required by RICO, both of which provide additional bases to dismiss any civil RICO claim based on § 1962(a).

## C. There is No Agreement to Support a Conspiracy-Based RICO Claim Under § 1962(d).

The last section Plaintiffs reference as the basis for their RICO claims is 18 U.S.C. § 1962(d). (Compl. ¶ 1.) A claim under section 1962(d) requires a plaintiff to allege "(1) that each defendant agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity and (2) that each defendant further agreed that someone would commit at least two predicate acts to accomplish these goals." *Lachmund*, 191 F.3d at 783, quoting *Goren*, 156 F.3d at 732. The target of § 1962(d) "is the *agreement* to violate RICO's substantive provisions, not the actual violations themselves." *Slaney v. Int'l Amateur Athletic Federation*, 244 F.3d 580, 600 (7th Cir. 2001) (emphasis original).

A conspiracy-based RICO claim under section 1962(d) must plead "facts indicating an act of agreement among the alleged conspirators or what roles the various defendants would play in the conspiracy" as well as specific allegations that a defendant "agreed to the commission (by someone) of two specific predicate acts in furtherance of the alleged conspiracy." *Lachmund*,

191 F.3d at 785.  "Absent such particular pleadings, [the] complaint contains nothing more than 'conclusory, vague and general allegations of a conspiracy' that are insufficient to state a claim under § 1962(d)."  *Id.*, quoting *Goren*, 156 F.3d at 733.

The only allegation relating to any alleged conspiracy could not be vaguer or more conclusory:  "The conspiracy committed by defendants in their common scheme was to conceal and affirmatively misstate the existence and value of illegal kickbacks and compensation received by defendants."  (Compl. ¶ 28.)  There is no allegation of any agreement among any of the Defendants, what roles any Defendant would play, or any agreement to the commission of two specific predicate acts to further the alleged conspiracy.  This is completely inadequate under the fact-pleading requirements for a fraud-based conspiracy claim, and it should be dismissed.

### D.  Under Sections 1962(a), (c), or (d), Plaintiffs Have Failed to Allege Any Injury Caused By Any of Defendants' Alleged Actions.

For any alleged violation of 18 U.S.C. § 1962,  "[i]njury in fact and causation are jurisdictional requirements that must be satisfied in order to sustain a RICO claim."  *RWB Servs. LLC v. Rally Capital Servs., LLC*, 502 F. Supp. 2d 787, 790-91 (N.D. Ill. 2007), citing *Evans v. City of Chicago*, 434 F.3d 916, 924 (7th Cir. 2006).  "The RICO violation must be both the 'but for' and proximate cause of the injury to the plaintiff's business or property."  *Id.*, citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992).  That is, to plead a RICO claim, a plaintiff must allege with factual support:  "(1) that but for Defendants' conduct of an enterprise through a pattern of racketeering, he would not have been injured; and (2) some direct relation between the injury asserted and the injurious conduct alleged."  *Id.*, citing *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1005 (7th Cir. 2004).  "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation

led directly to the plaintiff's injuries." *Id.*, quoting *Anza v. Ideal Steel Supply Corp.*, 126 S. Ct. 1991, 1998 (2006).

Once again, Plaintiffs have merely concluded that they have been injured. (Compl. ¶ 28.) But they never specify what constitutes the precise injury to any of them, or how it was caused by any of Defendants. Instead, they simply state that "[t]he alleged injury to business and property is the loss of millions of dollars" and that the "alleged injury was directly caused by defendants' violation of the R.I.C.O. statute." (*Id.* ¶ 28.) These conclusions are completely inadequate to allege proximate causation of any injury to any Plaintiff, and this failure is fatal to both of Plaintiffs' RICO claims.

For each of these independent reasons, Counts I and II should be dismissed.

## II.    THE COMMON LAW FRAUD CLAIM (COUNT III) SHOULD BE DISMISSED.

Pursuant to Federal Rule of Civil Procedure 9(b), fraud claims must be pled with particularity. Under Illinois law, the elements necessary to sustain a claim for fraudulent misrepresentation include: "(1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury." *Elson v. State Farm Fire & Casualty Co.*, 295 Ill. App. 3d 1, 13 (1st Dist. 1998). That is, a plaintiff must include "the who, what, when and where" of the alleged fraud. *See, e.g., Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992). More specifically, the plaintiff must plead "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the

plaintiff." *Id.*, quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992).  Failure to mention any specifics about misrepresentations warrants dismissal.  *Id.* (dismissing complaint for failure to plead any misrepresentations with specificity).

Plaintiffs' common law fraud claim in Count III fails for the same reason the fraud-based RICO claims fail:  there are simply no allegations about the specifics of the purported misrepresentations, or how those representations caused any injury to any of Plaintiffs.  In addition, Plaintiffs have not pled exactly how they relied upon (or took any action whatsoever based on) any statements made by any Defendant, or how that reliance was reasonable.  They simply make conclusory allegations that:

- The fraudulent acts and conduct of defendants as described were intended to induce action in reliance thereon, and plaintiffs reasonably relied on the statements and misrepresentations by defendants.  (Compl. Count III ¶ 18.)

- As a direct and proximate result of the breaches of duty by defendants … in whole or in part, the defendants defrauded the plaintiffs and plaintiffs suffered economic and pecuniary losses, and will continue to experience such losses in the future.  (*Id.* Count III ¶ 19.)

Plaintiffs just parrot the boilerplate elements of common law fraud without pleading any supporting facts.  For this reason, the common law fraud claim fares no better than the civil RICO claims, and Count III likewise should be dismissed.

### Conclusion

Even the most cursory review of the Complaint exposes its numerous fatal defects.  The Complaint consists of a series of wishful conclusions, and provides no facts supporting any of these fraud-based claims.  In doing so, the Complaint violates both the letter and the spirit of the particularity requirements of Rule 9(b) and fails to state any claims against Defendants.  The Complaint should be dismissed in its entirety.

- 15 -

Dated: January 25, 2008

Respectfully submitted,

DILIPKUMAR PATEL, ASHWIN PATEL,
and ASIAN AMERICAN HOTEL
OWNERS ASSOCIATION

By: /s/ Bevin M. Brennan
       One of Their Attorneys

Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL  60601
Telephone:  (312) 456-8400
Facsimile:  (312) 456-8435