IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC F I L E D
FEB 1 5 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| VEENOD PATEL, et al. | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No.  08 C  386 |
| | ) |
| DILIPKUMAR PATEL, et al., | ) |
| | ) Judge Blanche M. Manning |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' MOTION TO REMAND TO STATE COURT

NOW COME the plaintiffs by and through their attorney and for Plaintiff's

Motion to Remand to State Court state as follows:

1.     Removal of this case to federal court is defective under 28 U.S.C. 1446

in that defendants waited some three months after service of summons to remove

the case.  The 30 day limit in Section 1446(b) was waived.  28 U.S.C. 1446(b) (2008).

2.     The original state court complaint (Def. Exh. 1) was served on

defendants on September 21, 2007.  (See Pltf. Exh. 1, Sheriffs' Returns of Service).

3.     The date of service of summons and complaint is the operative date for

determination of when the 30-day limit under 28 USC 1446 begins to run.  *Murphy*

*Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S.Ct. 1322,

1328-29 (1999).

4.     The defendants were required to file their notice of removal in the

district court by October 21, 2007.

1

5.    The original state court complaint (Def. Exh. 1) includes the Village of Rosemont as a non-diverse defendant.  The defendants could have discerned upon receipt of the complaint on September 21, 2007 that the joinder of the Village of Rosemont was improper because the issue was moot but defendants failed to do so. *Poulos v. NAAS Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

6.    The defendants in September 2007 were already aware that the declaratory judgment action against the Village of Rosemont was moot.  The defendants knew that AAHOA had signed a termination agreement with the Village of Rosemont and paid damages of $60,000.00.  (*See* Pltf. Exh. 2, Defendants' Motion to Dismiss and Memorandum in Support of Motion to Dismiss, Affidavit of Fred Schwartz, par. 6-11).  The defendants also admitted in their brief that the issue of declaratory relief was moot.  (Pltf. Exh. 2, pp. 10-11).

7.    The defendants alternatively could have sought realignment in the district court to make the Village of Rosemont a plaintiff but defendants failed to do so. *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983).

8.    Instead of filing a timely notice of removal, defendants proceeded on their motion to dismiss in state court.  (Pltf. Exh. 3, Order entered November 7, 2007 by the Hon. Allen S. Goldberg).

9.    On January 9, 2008, the plaintiffs filed their amended complaint with leave of court.  (See Pltf. Exh. 4, Order entered January 9, 2008 by the Hon. Allen S. Goldberg).

10.     The defendants gained an undeserved tactical advantage by waiting to see how they fared in state court before deciding whether to remove the case to another court system.  The 30 day limit was designed to deprive defendant of this advantage.  *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962, 965 (7th Cir. 1982).

11.     Contrary to defendants' claims, the amended complaint provides no basis for federal question jurisdiction.  The addition of RICO claims to a state fraud suit does not create a federal question for purposes of Section 1331.  *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 474 U.S. 804, 817, 106 S.Ct. 3229, 3237 (1986).

12.     The presence of RICO claims in plaintiffs' state court lawsuit does not give rise to federal question jurisdiction.  State courts have concurrent jurisdiction over civil RICO claims.   *Tafflin v. Levitt*, 493 U.S. 455, 458. 110 S.Ct. 792, 794-95 (1990).  Where a state court has concurrent jurisdiction with federal courts under the statutory grant, a finding of arising under jurisdiction is precluded.  *Willy v. Coastal Corp.*, 855 F.2d 1160, 1167-69 (5th Cir. 1988).   Accordingly, the defendants' notice of removal filed January 17, 2008 is untimely.

WHEREFORE, the plaintiffs pray that this Honorable Court remand this case to the state court.

3

Dated:  January 15, 2008                    Respectfully submitted,

                                            PLAINTIFFS


                                            By: _____
                                                Attorney for Plaintiffs


PAUL CAGHAN (ARDC # 3123213)
PAUL CAGHAN, P.C.
Attorney for Plaintiffs
2506 North Clark Street
Chicago, IL  60614
(312) 251·1101

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he properly delivered a copy of the foregoing PLAINTIFFS' MOTION TO REMAND TO STATE COURT to the attorneys for defendants this 15th day of January, 2008, to the following address:

        Paul T. Fox
        Bevin M. Brennan
        GREENBERG TRAURIG, LLP
        77 West Wacker Drive
        Suite 2500
        Chicago, IL  60601



<u>List of Exhibits</u>

Pltf. Exh. 1        Sheriffs' Returns of Service dated September 21, 2007

Pltf. Exh. 2        Defendants' Motion to Dismiss and Memorandum in
                    Support of Motion to Dismiss filed October 22, 2007

Pltf. Exh. 3        Order entered November 7, 2007 by the Hon. Allen S.
                    Goldberg

Pltf. Exh. 4        Order entered January 9, 2008 by the Hon. Allen S.
                    Goldberg

# EXHIBIT 1

507-001746
R107048

LAW OFFICE OF
# PAUL CAGHAN, P.C.
2506 North Clark Street
Chicago, Illinois 60614
CAGHAN@AMERITECH.NET
Tel. 312-251-1101

September 10, 2007

Coconino County Sheriff
Attn:  Civil Division
911 East Sawmill Rd.
Flagstaff, Arizona  86001

Re:    *Veenod Patel et al. v. Dilipkumar Patel et al.*
        Cook County Circuit Court # 07 L 8910

Dear Sheriff:

Enclosed please find Complaint, original and copy of summons, and check for $ 40.00 for service on the following individual:

**ASHWIN PATEL**
    (@ Southwest Hospitality Management LLC)
2101 North 4th St.
Flagstaff, Arizona

Thank you very much for your kind cooperation and assistance.

Sincerely,

Paul Caghan

PC/ms
Encl.

1330




**Coconino County Sheriff's Office**
**911 E. Sawmill Road**
**Flagstaff, Arizona 86001**

STATE OF ARIZONA

#07 L 8910
ILLINOIS

COUNTY OF COCONINO

Veenod Patel _____ Plaintiff

Dilipkumar Patel _____ Defendant

    I do hereby certify that I received the foregoing Summons; Complaint; Exhibit 'A'

and a copy, to which was attached a true copy of the complaint, if a summons, on the 14th day of September, 200 7, at the hour of 0850 , a .m., and that I _x_ served ____ was unable to serve the same upon the defendant/witness hereinafter named as follows:

NAME: Ashwin PATEL _____ DATE SVD: 9-21-07 TIME SVD: 1330

LOCATION: 2101 N 4TH ST _____ MILEAGE ___/___/___/

Service Attempts:
Date _____ ____ Time _____ Svd. UTL. ID# _____
Date _____ ____ Time _____ Svd. UTL. ID# _____
Date _____ ____ Time _____ Svd. UTL. ID# _____

MANNER: __✗__ Served personally upon named individual

    ___ Left with ____ _____ , a person of suitable age and discretion residing at named individual's dwelling or usual place of abode

    _____ Served upon ____ _____ _____ _____ _____ , authorized agent

    _____ Other (Explain) _____ _____ ____ _____ _____ _____ ___

    ____ __ Posted at residence per ARS 33-1377 and mailed certified return receipt on
    ____ _____

    ____ Unable to Serve: Reason _____

Dated this _2/ st_ day of _SEPT_ , 200 7.

BILL PRIBIL,
SHERIFF
By: _____
    Deputy Sheriff

AT ____08/50/08____

| | | |
|---|---|---|
| 2120 – Served | 2121 – Served | SEP 1 4 2007 ) |
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( |

**COCONINO COUNTY**
**SHERIFF'S OFFICE**
By _____ DEPUTY

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

VEENOD PATEL, et al.

v.

No. ___07 L 8910___

DILIPKUMAR PATEL, et al.

## SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

| ☐ **District 2 - Skokie** | ☐ **District 3 - Rolling Meadows** | ☐ **District 4 - Maywood** |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview** | ☐ **District 6 - Markham** | ☐ **Child Support** |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

SEP - 5 2007

WITNESS, _____

Atty. No.: ___24025___

Name: ___Law Office of Paul Caghan, P.C.___

Atty. for: ___Plaintiffs___

Address: ___2506 North Clark Street___

City/State/Zip: ___Chicago, IL 60614___

Telephone: ___312-251-1101___

Service by Facsimile Transmission will be accepted at: _____

_____ Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# SERVICE LIST

## ASHWIN PATEL

2101 N. 4th St.
Flagstaff, Arizona

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

VEENOD PATEL, et al.

v.

No.  07 L 8910

DILIPKUMAR PATEL, et al.

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

❑ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

❑ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

❑ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

❑ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date. SEP - 5 2007

WITNESS, _____, _____

Atty. No.: 24025

Name: Law Office of Paul Caghan, P.C.

Atty. for: Plaintiffs

Address: 2506 North Clark Street

City/State/Zip: Chicago, IL 60614

Telephone: 312-251-1101

Clerk of Court

Date of service: 9.27.07
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# SERVICE LIST

## DILIPKUMAR PATEL

104 Royal Crest Circle
Kathleen, Georgia  31047

Any agent, officer or employee
## ASIAN AMERICAN HOTEL OWNERS ASSOCIATION

104 Royal Crest Circle
Kathleen, Georgia  31047

EXHIBIT 2

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION
COMMERCIAL CALENDAR SECTION

VEENOD PATEL, et al.,            )
                                   )
         Plaintiffs        )
                                   )   Case No.:  2007 L 008910
        v.                  )
                                 )   Calendar T
DILIPKUMAR PATEL, ASHWIN PATEL,  )
ASIAN AMERICAN HOTEL OWNERS    )   Hon. Allen Goldberg
ASSOCIATION, and VILLAGE OF      )
ROSEMONT,                     )
                                 )
        Defendants.     )

## NOTICE OF MOTION

To:    Paul Caghan
        PAUL CAGHAN, P.C.
        2506 N. Clark St.
        Chicago, IL 60614

PLEASE TAKE NOTICE that on _____11/7_____, 2007 at *9:30* a.m./p.m., we shall appear before the Honorable Allen Goldberg in Courtroom 2303 at the Richard J. Daley Center in Chicago, Illinois and then and there present **DEFENDANTS ASIAN AMERICAN HOTEL OWNERS ASSOCIATION INC., DILIPKUMAR PATEL, AND ASHWIN PATEL'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO 735 ILCS 5/2-615, 2-619 and 2-619.1,** a copy of which is hereby served upon you.

Dated: October 22, 2007

Respectfully submitted,

DEFENDANTS ASIAN AMERICAN HOTEL OWNERS ASSOCIATION INC., DILIPKUMAR PATEL, AND ASHWIN PATEL

By: _____
        One of Its Attorneys

Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL  60601
Telephone:  (312) 456-8400
Facsimile: (312) 456-8435
Firm ID No.: 36511

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION
COMMERCIAL CALENDAR SECTION

| | |
|---|---|
| VEENOD PATEL, et al.,          ) | |
|          ) | |
|     Plaintiffs          ) | |
|          ) | Case No.: 2007 L 008910 |
|     v.          ) | |
|          ) | Calendar T |
| DILIPKUMAR PATEL, ASHWIN PATEL,   ) | |
| ASIAN AMERICAN HOTEL OWNERS     ) | Hon. Allen Goldberg |
| ASSOCIATION, and VILLAGE OF      ) | |
| ROSEMONT,         ) | |
|          ) | |
|     Defendants. | |

### DEFENDANTS ASIAN AMERICAN HOTEL OWNERS ASSOCIATION INC., DILIPKUMAR PATEL, AND ASHWIN PATEL'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO 735 ILCS 5/2-615, 2-619 and 2-619.1

Defendants Asian American Hotel Owners Association Inc. ("AAHOA") Mr. Dilipkumar Patel, and Mr. Ashwin Patel (collectively the "AAHOA Parties") by their undersigned attorneys, respectfully move to dismiss Plaintiffs' Complaint Pursuant to 735 ILCS 5/2-615 and 2-619.

Count I, a purported fraud claim, should be dismissed as a matter of law pursuant to 735 ILCS 5/2-615 because it is entirely devoid of any facts necessary to state a claim for fraud. Count II seeks a declaratory judgment to enforce a contract between AAHOA and the Village of Rosemont. Count II should be dismissed for three independent reasons. First, Plaintiffs lack standing to assert a claim for declaratory judgment regarding a contract to which no Plaintiff is a party. Second, pursuant to section 2-615, Plaintiffs have failed to allege facts sufficient to allege any "actual controversy." Third, Plaintiffs' claim is moot, because the parties to the contract, AAHOA and the Village of Rosemont, have mutually agreed to terminate it.

The AAHOA Parties have submitted an accompanying memorandum of law setting forth in greater detail the grounds for dismissal of Plaintiffs' Complaint.

WHEREFORE, Defendants Asian American Hotel Owners Association Inc., Dilipkumar Patel and Ashwin Patel respectfully request that Plaintiffs' Complaint be dismissed with prejudice.

Dated: October 22, 2007

Respectfully submitted,

DEFENDANTS ASIAN AMERICAN HOTEL OWNERS ASSOCIATION INC., DILIPKUMAR PATEL, AND ASHWIN PATEL

By: _____
         One of Its Attorneys

Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Firm ID No.: 36511

- 2 -

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION
COMMERCIAL CALENDAR SECTION

| | | |
|---|---|---|
| VEENOD PATEL, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Case No.:  2007 L 008910 |
| v. | ) | |
| | ) | Calendar T |
| DILIPKUMAR PATEL, ASHWIN PATEL, | ) | |
| ASIAN AMERICAN HOTEL OWNERS | ) | Hon. Allen Goldberg |
| ASSOCIATION, and VILLAGE OF | ) | |
| ROSEMONT, | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANTS ASIAN AMERICAN HOTEL OWNERS ASSOCIATION INC.,
DILIPKUMAR PATEL, AND ASHWIN PATEL'S MEMORANDUM IN
SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS'
COMPLAINT PURSUANT TO 735 ILCS 5/2-615, 2-619 and 2-619.1**

Defendants Asian American Hotel Owners Association Inc. ("AAHOA"), Mr. Dilipkumar Patel, and Mr. Ashwin Patel (collectively the "AAHOA Parties") by their undersigned attorneys, submit this Memorandum in support of their Motion to Dismiss Plaintiffs' Complaint Pursuant to 735 ILCS 5/2-615 and 2-619.

### Introduction

Plaintiffs' Complaint, brought on behalf of 53 individuals, alleges precious little. Indeed, it is more remarkable for what it fails to allege than for the very little it does contain. On a procedural level, there are no allegations about who the parties are, why this Court has jurisdiction over the claims, or why venue is proper in this Court. On a substantive level, there are no allegations of fact whatsoever to support a fraud claim against the AAHOA Parties. Instead, Count I, which purports to be a fraud claim, Plaintiffs include a meager six paragraphs and toss in conclusory legal phrases like "duty," "breach," "reliance," and "losses." The

Complaint is a vivid reminder of why Illinois courts require fraud to be alleged with particularity, and a classic example of a pleading which fails to do so.

Count II fares no better. That count purports to state a claim for declaratory relief that a contract, attached to the Complaint as an exhibit, is "binding." What the Complaint fails to allege is how any of these Plaintiffs, none of whom are parties to that contract, have any standing to seek any relief regarding it. Nor does the complaint explain how or why there is an actual controversy deserving of declaratory relief. There is no allegation that anyone contends the contract is not, or was not, "binding," and the Complaint does not otherwise allege why declaratory relief is needed even if these Plaintiffs had alleged some standing to litigate this contract. Putting all of that aside, the evidence submitted in support of the 2-619 motion establishes that the contract was terminated pursuant to its terms, and an agreed-upon termination fee was paid. Thus, even if this Court were to declare that the contract was "binding," that is neither disputed nor relevant since the parties to that contract have agreed to terminate it consistent with its terms. For all of these reasons, both Count I and II should be dismissed with prejudice.

## Background

According to Plaintiffs, during some otherwise unidentified "relevant" period of time, the AAHOA Parties had the unremarkable duty to not defraud Plaintiffs. (Compl. ¶ 1.) Plaintiffs claim the AAHOA Parties attempted, in supposed breach of this "duty," to "obtain control over the income stream and expenditures of [AAHOA] for the purpose of defrauding the membership, obtaining kickbacks from vendors and suppliers to the association, embezzlement and accounting fraud, and other acts and conduct." Apart from this unenlightening conclusion, Plaintiffs do not allege the who, what, when, where, or how of this "fraud." (*Id.* ¶ 2.) Plaintiffs also assert that

- 2 -

the AAHOA Parties "engaged in oral written [*sic*] misrepresentations...with knowledge of the falsity," and "intended to induce action in reliance thereon." (*Id.* ¶¶ 3-5.) Again, Plaintiffs give no clue what these "misrepresentations" were, who made them, to whom they were made, or any other fact from which the legal sufficiency of this "fraud" could be evaluated. As result of this mysterious scheme, perpetrated through unspecified statements and resulting in unexplained actions by unknown individuals, Plaintiffs (all fifty-three of them!) allegedly relied on this "fraud" and have suffered unknown injuries resulting in over $10 million in damages. (*Id.* ¶ 6.) This is the sum total of Plaintiffs' allegations against the AAHOA Parties in Count I.

Count II is equally insubstantial. It merely alleges that the contract attached to the Complaint is binding, and that a declaration to that effect is needed. (*Id.* ¶¶ 7-8.) How or why these Plaintiffs, none of whom are parties to that contract, have standing to seek any relief regarding it, is never explained. Nor is there any explanation of what actual controversy exists with respect to this contract. And as the Affidavit of Fred Schwartz shows, the parties to this Agreement have agreed to terminate it in exchange for a termination fee, all as provided in the contract itself. While it hardly seems possible, Count II has even less to recommend it than Count I.

## Argument

### I.    Legal Standard

A section 2-615 motion questions whether a complaint states a cause of action and alleges defects appearing on the face of the complaint. *In re Parentage*, 203 Ill. 2d 526, 533 (2003); *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 485 (1994). In order to survive a section 2-615 motion, "a complaint must state a cause of action that is both legally and factually sufficient." *Lykowski v. Bergman*, 299 Ill. App. 3d 157, 163 (1st Dist. 1998). Because Illinois is

- 3 -

a fact-pleading jurisdiction, Plaintiffs must satisfy the heightened pleading requirements under Illinois law to avoid dismissal of their claims. *See Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 427 (1982) (holding that "notice pleading . . . is not sufficient"); *Hirsch v. Feuer*, 299 Ill. App. 3d 1076, 1081 (1st Dist. 1998) ("Illinois is a fact-pleading jurisdiction") (citing *Vernon v. Schuseter*, 179 Ill. 2d 338, 334 (1997)). This requires Plaintiffs to "sufficiently set forth every essential fact to be proved." *Carter v. New Trier East High Sch.*, 272 Ill. App. 3d 551, 555 (1st Dist. 1995). Conclusions of law and facts unsupported by specific factual allegations are not taken as true, and if the complaint fails to allege specific facts, "the deficiency may not be cured by liberal construction" and must be dismissed. *Id.*

A section 2-619 motion to dismiss admits the legal sufficiency of the complaint, but raises defects, defenses, or other affirmative matter, appearing on the face of the complaint or established by external submissions, that defeat the action. *Jenkins v. Concorde Acceptance Corp.*, 345 Ill. App. 3d 669, 674 (1st Dist. 2003). "The purpose of a motion to dismiss under section 2-619 is to provide litigants with a method for disposing of issues of law and easily proved issues of fact at the beginning of a case, reserving disputed questions of fact for a trial, if necessary." *McCoy v. Ill. Int'l Port Dist.*, 334 Ill. App. 3d 462, 466 (1st Dist. 2002). Such a motion should be granted when the claim asserted against the defendant is barred by affirmative matter, including facts or legal defenses, which defeat the claim. *Nagy v. Beckley*, 218 Ill. App. 3d 875, 878 (1st Dist. 1991); *Geick v. Kay*, 236 Ill. App. 3d 868, 874 (2d Dist. 1992) (citation omitted). Affirmative matter is "the type of defense that either negates an alleged cause of action completely or refutes crucial conclusions of law or material fact unsupported by factual allegations in the complaint or inferred therefrom." *Giles v. General Motors Corp.*, 344 Ill. App. 3d 1191, 1194-95 (5th Dist. 2003); *see also Krilich v. American Nat'l Bank & Trust Co. of*

- 4 -

*Chicago*, 334 Ill. App. 3d 563, 570 (2d Dist. 2002) (affirmative matter is "a type of defense that either negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint"). More simply, "affirmative matter" includes "a defense which destroys the cause of action." *Asher v. Farb Systems, Inc.*, 256 Ill. App. 3d 792, 794 (1st Dist. 1993). A court should grant a 2-619 motion to dismiss if, after construing the documents supporting the motion in the light most favorable to the party opposing the motion, the court finds no disputed issues of fact, and determines those undisputed facts entitle the movant to dismissal. *Nagy*, 218 Ill. App. 3d at 878.

In addition, because Plaintiffs' Complaint involves allegations of fraudulent conduct, it must also meet the more exacting pleading standards required for common law fraud. *See Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 501 (1997); *McGuire v. Ameritech Cellular Corp.*, 314 Ill. App.3d 83, 86 (1st Dist. 2000). Fraud claims must be pled with specificity. *Elson v. State Farm Fire & Casualty Co.*, 295 Ill. App. 3d 1, 13 (1st Dist. 1998) ("essential elements of fraud must be pleaded with specificity"). Pleading fraud claims with specificity, particularity and certainty is necessary "to apprise the opposing party of what he is called upon to answer." *Hirsch*, 299 Ill. App. 3d at 1085.

## II.    Plaintiffs' Complaint Falls Far Short of Satisfying Illinois' Pleading Requirements.

### A.    Plaintiffs Fail to Plead a Claim for Fraud Under Section 2-615.

Under Illinois law, the elements necessary to sustain a claim for fraudulent misrepresentation include: "(1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the

- 5 -

statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury." *Elson*, 295 Ill. App. 3d at 13.

In order to state a claim for common law fraud, the complaint must set forth "what representations were made, when they were made, who made the misrepresentations and to whom they were made." *Hirsch*, 299 Ill. App. 3d at 1085; *see also Addison v. Distinctive Homes, Ltd.*, 359 Ill. App. 3d 997, 1000 (1st Dist. 2005) (holding that a viable claim for common law fraud must allege "what representations were made, who made them, and to whom"). This is a "high standard." *Hirsch*, 299 Ill. App. 3d at 1085. Dismissal is warranted when a party fails to plead specific facts to support each element of a fraud claim. *Id.* at 1085 (affirming dismissal of fraud claim which did "not specify what false representations were made by defendants"); *Elson*, 295 Ill. App. 3d at 13-14 (affirming dismissal of fraud claim for failure to adequately plead cause of action).

Plaintiffs' Complaint is entirely devoid of any facts necessary to state a claim for fraud. Plaintiffs merely state that "the defendants fashioned a scheme" of some unspecified sort, and that the defendants "engaged in oral and written misrepresentations." (Compl. ¶¶ 2-3.) They allege not one fact about who specifically made any alleged misrepresentation, to whom it was made, when it was made, or even what was said. There are no factual allegations that any particular statement was false, that it was known to be false when made, how that statement induced Plaintiffs' reliance, what actions Plaintiffs took in reasonable reliance thereon, or what damages Plaintiffs thereby sustained. In short, there is not one factual allegation supporting any of the necessary elements to state a fraud claim, let alone sufficient factual allegations to satisfy each of them.

- 6 -

This case is analogous to *Time Savers, Inc. v. LaSalle Bank*, 371 Ill. App. 3d 759 (2d Dist. 2007) and *Small v. Sussman*, 306 Ill. App. 3d 639 (1st Dist. 1999). In *Time Savers*, the appellate court upheld the trial court's dismissal of the common law fraud claim because the plaintiff "did not specify with any degree of particularity what actual representations were made," "who at [plaintiff] received the representations, when the representations were made, or who at [defendant] made the representations." *Time Savers*, 371 Ill. App. 3d at 771. Similarly, in *Small*, applying the well-settled law that a "complaint alleging fraud must set out the facts with specificity, particularity and certainty under Illinois procedural law governing pleadings," the appellate court affirmed the dismissal of the complaint. The plaintiff had alleged unspecified "false statements of material fact," that he had "relied upon the truth of those statements to his detriment," and that he was "injured as a result … in amounts totaling millions of dollars." *Id.* at 646. The reviewing court held that "[s]uch generalized pleadings are defective *as a matter of law.*" *Id.* (emphasis added).

This is precisely the case with Plaintiffs' Complaint: it is defective as a matter of law. Plaintiffs include no facts to support a fraud claim, and the AAHOA Parties are not even remotely apprised of what they are being "called upon to answer." *Hirsch*, 299 Ill. App. 3d at 1085. Plaintiffs' fraud claim in Count I contains precisely the sort of conclusory allegations prohibited by Illinois pleading standards, particularly with respect to claims sounding in fraud. Count I should be dismissed in its entirety.

## B.    Plaintiffs Cannot Seek Relief Regarding an Agreement Between AAHOA and The Village of Rosemont.

In Count II, Plaintiffs attempt to state a claim for declaratory judgment, asking the Court to "enter a declaratory judgment that contract dated September 15, 2006, between [AAHOA] and [the Village of Rosemont], d/b/a Donald E. Stephens Convention Center, is binding upon

defendants." (Compl. ¶ 7.) Three elements are necessary for a plaintiff to state a claim for a declaratory judgment: "(1) the plaintiff must have a legal tangible interest; (2) the defendant must have an opposing interest; and (3) an actual controversy must exist between the parties concerning such interests." *Kovilic v. City of Chicago*, 351 Ill. App. 3d 139, 143 (1st Dist. 2004).

Plaintiffs' claim is barred for three reasons. First, as a matter of law, Plaintiffs lack standing to enforce a contract to which they are not parties or beneficiaries and therefore "lack a legal tangible interest." Second, there are no factual allegations that there is any existing "actual controversy." Third, the parties to the contract have agreed to terminate it, thereby mooting any effort to "enforce" the contract by third parties such as Plaintiffs.

### 1.   *Plaintiffs Lack Standing to Seek a Declaratory Judgment.*

"In order for a plaintiff third party to have standing to sue under a contract, the contract must be undertaken for the plaintiff's direct benefit and the contract itself must affirmatively make this intention clear." *McCoy*, 334 Ill. App. 3d at 470. "There is a strong presumption that the parties to a contract intend the provisions of that contract to apply only to them and not to third parties." *Id.* "Liability to a third party must affirmatively appear from the contract's language and from the circumstances surrounding the parties at the time of its execution and cannot be expanded or enlarged simply because the situation and circumstances justify or demand further or other liability." *Id.*, quoting *A. J. Maggio Co. v. Willis*, 316 Ill. App. 3d 1043, 1051 (1st Dist. 2000). Shareholders generally lack standing to bring claims based on a contract entered into by a corporation. *See, e.g., Perfection Carpet, Inc. v. State Farm Fire & Casualty Co.*, 259 Ill. App. 3d 21, 26 (1st Dist. 1994) (holding that shareholders lacked standing to bring claims, including breach of contract claim, where they had no personal relationship or privity of

- 8 -

contract with defendant, because a "corporation is a legal entity, separate and distinct from its shareholders, officers and directors, and generally must sue or be sued in its own name"); *Cashman v. Coopers & Lybrand*, 251 Ill. App. 3d 730, 736 (2d Dist. 1993) (in the absence of a "special contractual duty" to shareholders, or any allegation of an injury that affects particular shareholders directly and differently than other shareholders, shareholders lack standing to pursue claims based on contract between corporation and third party).

As the contract attached as Exhibit A to the Complaint shows, the only two parties to the contract are AAHOA and the Village of Rosemont. (*See* Contract at 1.) Not one of Plaintiffs is even mentioned in the Contract. There is no "special contractual duty" or particular injury to Plaintiffs. Thus, the only two parties which have any rights under the Contract are AAHOA and the Village of Rosemont. Without any "legal tangible interest" in the Agreement, Plaintiffs lack standing to maintain a cause of action to "enforce" the Contract. Count II should be dismissed for this reason alone.

2.    *Dismissal is Warranted Under Section 2-615 Because There Is No "Actual Controversy."*

There also must be an "actual controversy" for a party to obtain a declaratory judgment. *Kovilic*, 351 Ill.App. 3d at 143. Plaintiffs fail to allege any facts regarding the existence of an actual controversy. Instead, Plaintiffs merely state that the "parties have an actual controversy and the need for a binding declaration of rights having the force of a final judgment." (Compl. ¶ 8.) This conclusory statement is insufficient to allege an "actual controversy," particularly where Plaintiffs are not parties to the contract. Illinois pleading standards are designed to avoid forcing defendants like the AAHOA Parties (as well as this Court) to guess what is the alleged controversy at issue. Plaintiffs failure to allege facts supporting the conclusion that there is an

- 9 -

"actual controversy" between Plaintiffs and the AAHOA Parties is fatal to Plaintiffs' declaratory judgment claim, and Count II should be dismissed for this independent reason.

### 3. *Any Claim Based on the Agreement is Moot Pursuant to Section 2-619 Because the Signatories Have Agreed to Terminate the Agreement.*

Any claim to "enforce" the Agreement between AAHOA and the Village of Rosemont is moot because the parties have agreed to terminate the contract. In Illinois, a matter is moot if the issues cease to exist and it is impossible for the court to provide the requested relief to the complaining party. *See In re Marriage of King*, 336 Ill. App. 3d 83, 87 (1st Dist. 2002), citing *First Nat'l Bank of Waukegan v. Kusper*, 98 Ill. 2d 226, 233-34 (1983).

In this case, AAHOA and the Village of Rosemont have agreed to terminate the contract, which is within their rights. In support, AAHOA attaches affirmative matter as permitted by 735 ILCS 5/2-619(a)(9), namely the Affidavit of Fred Schwartz. As detailed in that Affidavit, on July 20, 2007, AAHOA accepted the Village of Rosemont's offer to terminate the contract on the condition that AAHOA pay the $60,000 license fee called for by paragraph 3 of the contract. (Aff. at ¶¶ 6-8.) AAHOA agreed and satisfied this condition on July 26, 2007, at which time the contract was terminated by mutual agreement. (*Id.* at ¶¶ 9-10.)

Parties to a business contract plainly have the right to agree to terminate it. *See Garber v. Harris Trust & Savings Bank*, 104 Ill. App. 3d 675, 683 (1st Dist. 1982) ("Parties to a contract may cancel it at any time by mutual consent") (quoting *Brown v. Fed. Life Ins. Co.*, 353 Ill. 541, 545 (1933)); *Cox v. Grant*, 57 Ill. App. 3d 922, 925 (5th Dist. 1978) (same). Here, the contract included a $60,000 License Fee, a provision allowing for modifications to the contract, and a term giving the Village of Rosemont the right to "resolve any other matters that might arise which are not covered by this Agreement." (Contract ¶¶ 3, 28, 33.) In accordance with these terms of the contract, AAHOA and the Village of Rosemont agreed to terminate the contract.

- 10 -

(Aff. at ¶20.) It is axiomatic that this Court cannot declare such a terminated contract to be binding, particularly at the behest of a stranger to the agreement. Because there is no existing Contract to enforce, Plaintiffs' claim for a declaratory judgment is moot and must be dismissed.

### Conclusion

Because Plaintiffs' Complaint does not even come close to providing the necessary factual information to state a claim for fraud, and Plaintiffs cannot state a claim for declaratory judgment based on a contract to which they are not parties and which has been terminated, the Complaint should be dismissed with prejudice in its entirety.

Dated: October 22, 2007

Respectfully submitted,

DEFENDANTS ASIAN AMERICAN HOTEL OWNERS ASSOCIATION INC., DILIPKUMAR PATEL, AND ASHWIN PATEL

By: _____
One of Its Attorneys

Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Firm ID No.: 36511

- 11 -

## CERTIFICATE OF SERVICE

I, Bevin M. Brennan, an attorney, hereby certify that I served a true and correct copy of the foregoing **DEFENDANT ASIAN AMERICAN HOTEL OWNERS ASSOCIATION INC., DILIPKIMAR PATEL, AND ASHWIN PATEL'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO 735 ILCS 5/2-615, 2-619 AND 2-619.1, MOTION TO DISMISS,** and **NOTICE OF MOTION** were sent via United States Postal Service, First-Class Mail, postage pre-paid, on October 22, 2007 upon:

Paul Caghan
PAUL CAGHAN, P.C.
2506 N. Clark Street
Chicago, IL 60614

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION
COMMERCIAL CALENDAR SECTION

| | |
|---|---|
| VEENOD PATEL., et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | Case No.: 2007 L 008910 |
| v. ) | |
| ) | Calendar T |
| DILIPKUMAR PATEL, ASHWIN PATEL, ) | |
| ASIAN AMERICAN HOTEL OWNERS ) | Hon. Allen Goldberg |
| ASSOCIATION, and VILLAGE OF ) | |
| ROSEMONT, ) | |
| ) | |
| Defendants. | |

STATE OF GEORGIA    )
                    )
COUNTY OF FULTON    )

## AFFIDAVIT OF FRED SCHWARTZ

Fred Schwartz, being first duly sworn under oath, deposes and states:

1.    My name is Fred Schwartz.  I am over the age of 21 and reside in Fulton County, Georgia.

2.    I have personal knowledge of all of the facts set forth in this Affidavit and would be competent to testify thereto if called upon to do so as a witness.

3.    Since the year 2000, I have been the President of the Asian American Hotel Owners Association Inc. ("AAHOA").

4.    In late 2006, AAHOA and the Village of Rosemont entered into a contract to use space in the Donald E. Stephens Convention Center in Rosemont, Illinois (the "Stephens Center") from April 28, 2008 through May 4, 2008 for the Asian American Hotel Owners Association 2008 Annual Convention and Trade Show.

5.   After signing the agreement with the Village of Rosemont, the Board of Directors of the AAHOA determined that the Stephens Center facilities were not suitable for the AAHOA 2008 convention, and that it should be held in a venue other than the Stephens Center.

6.   I engaged in discussions with Grant H. Bailey, the Assistant Executive Director of Sales/Marketing for the Stephens Center about terminating the contract with the Village of Rosemont.

7.   The Village of Rosemont agreed to terminate the contract if AAHOA agreed to pay the full amount of the license fees called for in the contract, namely $60,000.  A true and correct copy of Mr. Bailey's June 15, 2007 e-mail to me reflecting the Village of Rosemont's proposal to terminate the contract on these terms is attached hereto as Exhibit A.

8.   AAHOA accepted the Village of Rosemont's proposal.  A true and correct copy of my July 20, 2007 letter sent to Mr. Bailey on behalf of AAHOA confirming this agreement is attached hereto as Exhibit B.

9.   On July 26, 2007, on behalf of AAHOA, I sent Mr. Bailey a check for $48,000, the remaining unpaid portion of the license fees.  A true and correct copy of my letter to Mr. Bailey reflecting this payment and the termination of the contract with the Village of Rosemont is attached hereto as Exhibit C.

10.   Combining this $48,000 payment with the $12,000 deposit that AAHOA had already paid the Village of Rosemont, AAHOA has paid the full $60,000, thereby terminating the contract between AAHOA and the Village of Rosemont.

11.    As a result of the foregoing, there is no existing contract between AAHOA and the Village of Rosemont.

12.    Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters, I certify as aforesaid that I verily believe the same to be true.

FURTHER AFFIANT SAYETH NOT.


Fred Schwartz

-----Original Message-----
**From:** Grant Bailey [mailto:gbailey@rosemont.com]
**Sent:** Friday, June 15, 2007 12:02 PM
**To:** Fred Schwartz
**Subject:** 2008 Event

Hi Fred,

As per our recent conversation the Asian American Hotel owners association would be responsibly for the full amount of the license agreement $60,000.00 should the association choose not to hold the 2008 convention here at The Donald E. Stephens Convention Center.


I have talked to the Rosemont Theater about the possibility of hosting the Gala on Friday May 2, 2008 they currently have a show that week however they are looking to see if they have any flexibility in the schedule. The Rosemont Theater is a state of the art 4000 seat theater located on the corner of River Road and Balmoral with in walking distance of the Convention Center. If it would become available we could hold a reception in the lobby with heavy hors d'oeuvres or even a Gala dinner outside in perhaps a tent structure and the performance inside the theater. The theater is hoping to have a answer on Monday.


Have a good weekend Fred,


Grant



# A.∫IAN. AMERICAN HOTEL OWNERS ASSOCIATION

66 LENOX POINTE. N.E.
ATLANTA. GEORGIA 30324
(404) 816-5759 PHONE
(404) 816-6260 FAX
WWW.AAHOA.COM

July 20, 2007

Grant H. Bailey
Assistant Executive Director
Sales/Marketing
Donald E. Stephens Convention Center
9301 W. Bryn Mawr
Rosemont, Illinois 60018

Re:  Cancellation of Agreement and Addenda for AAHOA 2008 Convention

Dear Grant:

As a follow up to our conversations over the past several weeks, the purpose of this letter is to confirm that the Asian American Hotel Owners Association ("AAHOA") is canceling the license agreement dated September 15, 2006, and the corresponding addenda dated September 19, 2006 and November 14, 2006 ("Agreement") for the use of space, known as Hall G and the 2nd floor North and South Ballrooms, and the concession buy-out at the Donald E. Stephens Convention Center ("Convention Center"), on April 30 through May 2, 2008, for an event known as the AAHOA 2008 Annual Convention & Trade Show.

Specifically, at a Board meeting held on July 13, 2007, the AAHOA Board of Directors voted to rescind its previous approval of holding the AAHOA 2008 Annual Convention & Trade Show at the Convention Center in Rosemont, and to terminate the Agreement with the Convention Center in connection therewith.

As you indicated in your e-mail dated June 15, 2007, as a result of this cancellation, AAHOA is responsible for the full amount of the license fees of $60,000.00 under the terms of the Agreement, but is not required to pay any additional fees, costs or damages relating thereto. Since we already paid a $12,000 deposit, we have initiated a check request for the balance of $48,000.00, and will send you a check in the next ten (10) days.

Thank you for your assistance in this matter. If you have any questions, please do not hesitate to contact me.

Regards,

Fred Schwartz

Fred Schwartz
AAHOA President

 **ASIAN AMERICAN HOTEL OWNERS ASSOCIATION**

66 LENOX POINTE, N.E.
ATLANTA, GEORGIA 30324
(404) 816-5759 PHONE
(404) 816-6260 FAX
www.AAHOA.com

July 26, 2007

Grant H. Bailey
Assistant Executive Director
Sales/Marketing
Donald E. Stephens Convention Center
9301 W. Bryn Mawr
Rosemont, Illinois 60018

Re: Check for Cancellation of Agreement and Addenda for AAHOA 2008 Convention

Dear Grant:

As I mentioned in my letter to you dated July 20, 2007, I am enclosing a check in an amount of $48,000 for the cancellation of the license agreement dated September 15, 2006, and the corresponding addenda dated September 19, 2005 and November 14, 2006 ("Agreement") for the use of space, known as Hall G and the 2nd floor North and South Ballrooms, and the concession buy-out at the Donald E. Stephens Convention Center ("Convention Center"), on April 30 through May 2, 2008, for an event known as the AAHOA 2008 Annual Convention & Trade Show.

Since AAHOA already paid a $12,000 deposit, I am enclosing the balance of $48,000.00. This will confirm that AAHOA has now paid the full amount of the license fees of $60,000.00 for the cancellation of the Agreement, and is not required to pay any additional fees, costs or damages relating thereto.

Thank you for your assistance in this matter. If you have any questions, please do not hesitate to contact me.

Regards,

*Fred Schwartz*

Fred Schwartz
AAHOA President

EXHIBIT 3

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

VEENOD PATEL et al

v.

No. 07 L 8910

DILIPKUMAR PATEL et al

### ORDER

This cause coming to be heard on defendants' motion to dismiss, all parties having notice, and the court having proper jurisdiction,

It is hereby ordered that plaintiffs are given to January 4, 2008 to file their response, defendants to reply by January 25, 2008. Hearing is set for February 4, 2008 at 10:00 AM

ENTERED

JUDGE ALLEN S. GOLDBERG-1855

NOV – 7 2007

CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY C.

Atty. No.: 24625

Name: PAUL CAGHAN PC

Atty. for: PLAINTIFFS

Address: 2506 N Clark

City/State/Zip: Chgo 60614

Telephone: (312) 251-1101

ENTERED:

_____
Judge        Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT 4

Veenod Patel etal

v.

Dilipkumar Patel etal.

No. 07 L 8910

## ORDER

This cause coming to be heard on motion of plaintiff for leave to file amended complaint, all parties appearing through counsel, and the court having proper jurisdiction,

It is hereby ordered that plaintiffs' motion is granted and plaintiffs are given leave to file their amended complaint instanter. Defendants are given 38 days to February 9, 2008 to answer or otherwise plead. The hearing date of February 4, 2008 is stricken. This matter is set for hearing on April 22, 2008 at 10:00 AM

ENTERED
JUDGE ALLEN S. GOLDBERG-1595

JAN - 9 2008

CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

r. No.: 34035

ie: PAUL CAGHAN PC

: for: TS

ress: 2006 N. Clark

/State/Zip: Chgo 60614

phone: 312 251-1101

ENTERED:

_____    _____
Judge                       Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

FEB 15 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

VEENOD PATEL, et al.                  )
                                      )
                                      )
                    Plaintiffs,       )
                                      )
       v.                             )     No.   08  C  386
                                      )
DILIPKUMAR PATEL, et al.,             )
                                      )     Judge Blanche M. Manning
                                      )
                    Defendants.       )

## NOTICE OF FILING

TO:    Paul T. Fox
       Bevin M. Brennan
       GREENBERG TRAURIG, LLP
       77 West Wacker Drive
       Suite 2500
       Chicago, IL  60601


       PLEASE TAKE NOTICE that plaintiffs filed in the United States District
Court for the Northern District of Illinois, Eastern Division, their Plaintiffs' Motion
to Remand to State Court, this 15th day of February, 2008, a copy of the Plaintiffs'
Motion to Remand to State Court being attached hereto and served with this Notice
of Filing.

Dated:  January 15, 2008              Respectfully submitted,

                                      PLAINTIFFS


                                      By: _____
                                           Attorney for Plaintiffs


1

PAUL CAGHAN (ARDC # 3123213)
PAUL CAGHAN, P.C.
Attorney for Plaintiffs
2506 North Clark Street
Chicago, IL  60614
(312) 251-1101

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that he properly delivered a copy of the foregoing NOTICE OF FILING to the attorneys for defendants this 15th day of January, 2008, to the following address:

Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL  60601

3