**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VEENOD PATEL, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Case No.:   08 CV 386 |
| v. | ) | |
| | ) | Hon. Blanche M. Manning |
| DILIPKUMAR PATEL, ASHWIN PATEL, and | ) | |
| ASIAN AMERICAN HOTEL OWNERS | ) | Magistrate Judge Susan E. Cox |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS'
## MOTION TO REMAND TO STATE COURT

### Introduction

After Plaintiffs amended their complaint to add federal claims and drop the only non-diverse co-defendant, all of the remaining defendants, Asian American Hotel Owners Association ("AAHOA"), Dilipkumar Patel, and Ashwin Patel (collectively "Defendants"), timely removed this case from state court to federal court.  Relying on an erroneous application of inapposite case law, Plaintiffs have moved to remand this case to state court, essentially asserting that 1) the removal was untimely because Defendants somehow should have been able to divine that Plaintiffs were going to add federal claims and drop the non-diverse co-defendant in the amended complaint before the amendments revealing those changes were disclosed, and 2) including RICO claims in the amended complaint does not give rise to a federal question.  Plaintiffs' position finds absolutely no support in the case law.  Plaintiffs' Motion to Remand to State Court ("Motion to Remand") should be denied, and the Court should award Defendants the attorneys' fees and costs they incurred in having to respond to this baseless motion.

**Background**

On September 21, 2007, Plaintiffs served Defendants with their original complaint, filed in the Circuit Court of Cook County, Illinois and consisting solely of state law claims. The original complaint also included an additional co-defendant, the Village of Rosemont, Illinois. Defendants timely moved to dismiss the original complaint. Rather than respond to Defendants' motion to dismiss in the state court, Plaintiffs sought and received leave to file an amended complaint. The amended complaint dropped the Village of Rosemont as a co-defendant and added two claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(a), (c) and (d), found in Counts I and II of the amended complaint. (*See* Motion for Leave to File Amended Complaint *Instanter*, attached hereto as Exhibit A.)

The amended complaint was the first pleading which properly could be removed to federal court. A motion seeking leave to file that amended complaint was first sent to counsel for Defendants on December 20th. On January 17th, within 30 days of first receiving notice of the motion seeking leave to file that amended complaint, and within a few days of its actual filing on January 9th, Defendants timely removed this case to this Court. That removal was based on both federal question jurisdiction under 28 U.S.C. § 1331, created by the addition of the RICO claims, and on diversity jurisdiction under 28 U.S.C. § 1332(a), created by Plaintiffs' voluntary dismissal of the non-diverse Village of Rosemont as a co-defendant.

In accordance with Federal Rule of Civil Procedure 81(c), Defendants timely filed their Motion to Dismiss in this Court on January 25, 2008. Defendants' Motion to Dismiss is pending, although Plaintiffs failed to respond by the Court's deadline of March 4, 2008.

On February 15, 2008, Plaintiffs filed their Motion to Remand, claiming that: (1) addition of RICO claims does not support federal question jurisdiction; and (2) Defendants

should have removed the case based on diversity of citizenship in the original complaint notwithstanding the inclusion of Defendant Village of Rosemont because Defendants "could have discerned" that the Village of Rosemont was not a proper co-defendant.

Not only is neither of these arguments correct, it is apparent from the Motion to Remand that neither was made with a good faith basis. The Motion to Remand should be denied in its entirety, and Plaintiffs should be required to pay Defendants their attorneys' fees and costs incurred in responding to the Motion to Remand.

<u>Argument</u>

### I.    THE ADDITION OF CIVIL RICO CLAIMS SUPPORTS REMOVAL BASED ON FEDERAL QUESTION JURISDICTION.

As stated in Defendants' Notice of Removal, this Court has original jurisdiction over this action based on the newly-pled RICO claims, as they arise under the laws of the United States. 28 U.S.C. § 1331. Removal of this case is therefore proper and permissible pursuant to 28 U.S.C. § 1441(b). (Notice of Removal ¶ 5.) Pursuant to 28 U.S.C. §§ 1367 and 1441(c), this Court has supplemental jurisdiction over the third count in the Amended Complaint, a fraud claim under Illinois state law, and this count is also removable. (*Id.* ¶ 6.)

In the amended complaint, Plaintiffs added civil RICO counts against each of Defendants. Count I and II are expressly entitled "Racketeer-Influenced Corrupt Organization," and allege that Defendants "violated [18] U.S.C. Sec. 1962(a), (c), and (d)." (Ex. A, Amended Complaint ¶ 1.) As relief, Plaintiffs seek "treble damages, costs of suit and attorneys' fees" under 18 U.S.C. § 1964(c). (*Id.* ¶ 30.) Plaintiffs have clearly amended their complaint to add RICO claims, not just passing references to RICO in a state law claim. Count III confirms this, as it is a separate common law fraud claim under state law.

Both the Seventh Circuit and this District Court have consistently held that civil RICO

claims brought against a party confer federal question jurisdiction and provide a proper basis for that party to remove the case to federal court. *See Int'l Brotherhood of Teamsters, Local 734 Health & Welfare Trust Fund v. Philip Morris Inc.*, 196 F.3d 818, 822 (7th Cir. 1999) (noting that "reference to federal law and RICO is telling," and "defendants were entitled to remove"); *Flag Co. v. Maynard*, 376 F. Supp. 2d 849, 852 (N.D. Ill. 2005) (complaint containing RICO claims removed to federal court); *Peterson v. H&R Block Tax Servs., Inc.*, 22 F. Supp. 2d 795, 797 (N.D. Ill. 1998) (complaint removed to federal court based on federal question jurisdiction over RICO claims); *Mendelovitz v. Vosicky*, No. 93 C 937, 1993 WL 189913, at *2 (N.D. Ill. May 28, 1993) (finding removal proper based on federal jurisdiction over RICO claims); *Shoshoo v. Bruti Assocs. Ltd.*, No. 90 C 6388, 1991 WL 125966, at *1 (N.D. Ill. July 1, 1991) (case removed to federal court where plaintiff alleged RICO claims). In fact, "courts in this Circuit have consistently found RICO claims sufficient to confer federal jurisdiction." *Commonwealth Edison Co. v. Westinghouse Elec. Co.*, 759 F. Supp. 449, 452 (N.D. Ill. 1991). Indeed, no reported decision of either the Seventh Circuit or this District Court has held to the contrary.

Despite this consistent body of case law, Plaintiffs argue that the civil RICO counts do not support federal question jurisdiction. (Mot. to Remand ¶¶ 11-12.) This argument is flatly wrong, and none of the authority cited by the Plaintiffs in their Motion to Remand even remotely supports it.

For instance, Plaintiffs state that the "addition of RICO claims to a state fraud suit does not create a federal question for purposes of Section 1331," citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986). (Mot. to Remand ¶ 11.) *Merrell Dow* stands for nothing of the sort. Indeed, *Merrell Dow* does not even involve a RICO claim. The plaintiffs in that case

alleged state law claims, but in doing so made a passing reference to the Federal Food, Drug, and Cosmetic Act in the complaint. The Court specifically held that the *Merrell Dow* plaintiffs did "not allege that federal law create[d] any of the causes of action that they have asserted." *Id.* at 809. *Merrell Dow* has absolutely nothing to do with the question of whether claims which plainly arise under RICO raise a federal question sufficient to support removal of this case to this Court.

Not content with grossly misrepresenting the holding in *Merrell Dow*, Plaintiffs go on to make the remarkable argument that "[w]here a state court has concurrent jurisdiction with federal courts under the statutory grant, a finding of arising under jurisdiction is precluded," citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1167-69 (5th Cir. 1988). (Mot. to Remand ¶ 12.) But *Willy* does not address the issue of concurrent jurisdiction. In fact, the word "concurrent" does not even appear in the *Willy* opinion. In *Willy*, the plaintiff brought a claim for wrongful discharge under Texas law, claiming that his discharge was in retaliation for his efforts to cause his employer to comply with, and his refusal to obey his employer's orders to violate, state and federal environmental laws and federal securities law. *Willy*, 855 F.2d at 1169. The claim was one for wrongful discharge under state law, not for a violation of a federal statute. *Willy* does not hold, or even remotely suggest, that concurrent jurisdiction precludes a party from removing a case based on federal question jurisdiction. (Mot. to Remand ¶ 12.)

Apart from the inapplicability of the Fifth Circuit's decision in *Willy*, this District has repeatedly and consistently held that, so long as a federal question is presented, the existence of concurrent jurisdiction is irrelevant to a defendant's right to remove a case to federal court. *See Gall v. Liberty Mutual Ins. Co.*, No. 00 C 3956, 2000 WL 1141060, at *2 (N.D. Ill. Aug. 10, 2000) (holding that "mere fact that state courts also have concurrent jurisdiction over [plaintiff's]

- 5 -

action does not defeat [defendant's] right to remove"); *Hollister v. Molander*, 744 F. Supp. 846, 848 (N.D. Ill. 1990) (finding removal proper because there was no reason why "the fact of concurrent jurisdiction bears upon the propriety of defendant's right to remove a federal cause of action to federal court"). Concurrent jurisdiction may preclude removal only if the particular federal statute involved expressly prohibits removal of cause of action. *Stevo v. CSX Transportation, Inc.*, 940 F. Supp. 1222, 1224 (N.D. Ill. 1996) ("find[ing] no reason to remand based on concurrent jurisdiction," court recognized that "in a majority of jurisdictions, absent specific statutory language to the contrary, concurrent jurisdiction does not bar removal"). Nothing in the RICO statute, 18 U.S.C. § 1961 *et seq.*, prohibits removal. In fact, the statutory provisions expressly state that RICO claims are properly litigated in federal courts. *See* 18 U.S.C. § 1964(c) ("Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States district court..."); 18 U.S.C. § 1965(a) ("Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent or transacts his affairs"). The fact that state and federal courts have concurrent jurisdiction over RICO claims is irrelevant to the Defendants' right to remove this action.

It is apparent from the foregoing that Plaintiffs are simply and indisputably wrong in arguing that their civil RICO claims do not provide this Court with federal question jurisdiction over Counts I and II. They do not cite a single case which even remotely supports their position, and studiously ignore extensive authority in this very District which has repeatedly and consistently reached precisely the opposite conclusion. Nor do Plaintiffs even dispute that, should removal of the RICO claims be deemed proper, this Court has supplemental jurisdiction

over the common law fraud claim in Count III.   Removal of the entire case is proper since the

RICO counts provide federal question jurisdiction.   The Motion to Remand should be denied.

## II.     THE DISMISSAL OF THE ONLY NON-DIVERSE DEFENDANT SUPPORTS REMOVAL BASED ON DIVERSITY JURISDICTION.

This Court also has jurisdiction over this action based on diversity of citizenship under 28

U.S.C. § 1332(a).   (Notice of Removal ¶¶ 9-14.)   In the original complaint, Plaintiffs named the

Village of Rosemont as a co-defendant in a declaratory judgment count, purportedly seeking a

court order declaring that a contract between AAHOA and the Village of Rosemont was

"binding."   (*See* Plaintiffs' Original Complaint at 3-4, attached hereto as Exhibit B.)   Plaintiffs

do not dispute that they are all citizens of the State of Illinois (Notice of Removal ¶ 9), or that the

Village of Rosemont, an Illinois municipality, was a non-diverse defendant.

After Defendants moved to dismiss the original complaint, including the declaratory

judgment count, Plaintiffs filed their Motion for Leave to File Amended Complaint *Instanter* on

December 20, 2007 in state court.   The amended complaint, in addition to adding the federal

civil RICO claims, did not include the Village of Rosemont as a co-defendant.   The Motion for

Leave to File Amended Complaint *Instanter* was the first time Defendants learned that the

Village of Rosemont would no longer be a defendant in this case.   Therefore, pursuant to 28

U.S.C. § 1446, this Notice of Removal based on diversity jurisdiction was filed timely with this

Court within thirty (30) days after December 20, 2007.   (Notice of Removal ¶ 16.)   Indeed, it was

filed well before the deadline for doing so, since the amended complaint was not filed until leave

to file it was granted on January 9, 2008.

Plaintiffs do not dispute that there is now complete diversity of citizenship between the

Plaintiffs and the remaining Defendants.   Although Plaintiffs apparently concede that the Motion

for Leave to File Amended Complaint *Instanter* was the first time Defendants learned that

Plaintiffs intended to pursue federal claims, Plaintiffs make the incredible assertion that Defendants "could have discerned upon receipt of the complaint on September 21, 2007 that the joinder of the Village of Rosemont was improper (and, therefore, there was diversity of citizenship notwithstanding the presence of Rosemont as a defendant) because the issue was moot but defendants failed to do so." (Mot. to Remand ¶ 5.)

Plaintiffs cite *Poulos v. NAAS Foods, Inc.*, 959 F.2d 69 (7th Cir. 1992) in support of the remarkable proposition that somehow it was Defendants' obligation to divine that Plaintiffs had improperly joined the Village of Rosemont as a co-defendant, that the Village could, therefore, somehow be disregarded as a party, and that there was complete diversity notwithstanding the fact that one of the four named Defendants was from the same state as the Plaintiffs. (Mot. to Remand ¶¶ 5-6.) *Poulos* addresses the question of fraudulent joinder. The Seventh Circuit held that "[i]f [defendant] can show that the joinder of [a co-defendant] was fraudulent, then removal will be allowed." *Poulos*, 959 F.2d at 73. "[I]n most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Id.*

It is difficult to believe that Plaintiffs are truly claiming that this Court should remand this case to state court because they fraudulently joined the Village of Rosemont as a co-defendant -- potentially sanctionable conduct in and of itself. Even if that is true, Defendants could not have removed the case on a fraudulent joinder theory before Plaintiffs filed their Motion for Leave to File Amended Complaint *Instanter* on December 20, 2007. "An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder." *Id.* Defendants could not have sustained this burden. Even if it is now clear that Plaintiffs fraudulently joined the Village of Rosemont as a co-defendant in the original complaint, this

recent admission does not preclude Defendants' removal under diversity of citizenship based on the amended complaint.

Defendants and the Village of Rosemont are entirely independent and separate entities. Defendants were not, are not, and could not be aware of the relationship or any particular interactions between the Village of Rosemont and Plaintiffs which would suggest there was no chance of success on their claim against the Village of Rosemont. This is markedly different from the situation in *Poulos*, where the wrongfully joined co-defendant was the parent company of the defendant. *Id.* at 70. *See also Hoosier Energy Rural Elec. Cooperative, Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1316 (7th Cir. 1994) (affirming district court finding that plaintiff fraudulently joined non-diverse parent corporation of defendant). Unlike *Poulos* or *Hoosier Energy*, Defendants are not in a position to be able to assess the likelihood of Plaintiffs' success on its claim against the Village of Rosemont or represent to the Court that Plaintiffs had absolutely no chance of success.

Moreover, Defendants could not have raised the question of the fraudulent joinder of the Village of Rosemont as a matter of law. In the declaratory judgment count in the original complaint, Plaintiffs sought an order binding both AAHOA and the Village of Rosemont to a contract to use space at a convention center. (*See* Ex. B attached hereto.) Defendants sought to dismiss this count on three grounds: (1) Plaintiffs lacked standing; (2) there was no "actual controversy" warranting a declaratory judgment; and (3) the claim was moot. (*See* Motion to Dismiss at 8-11, attached to Mot. to Remand as Exhibit 2.) Plaintiffs now concede that this claim is moot. (Mot. to Remand ¶¶ 5-6.)

Each of these defenses to the declaratory judgment count were equally available to both Defendants and the Village of Rosemont. A defense common to diverse and non-diverse

defendants cannot be asserted as a basis for fraudulent joinder. *Nicol v. Merck & Co., Inc.*, No. 06-926-GPM, 2006 WL 3804887, at *2 (S.D. Ill. Dec. 22, 2006). This is known as the "common defense rule," which generally holds that "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses." *Laroe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041 (S.D. Ill. 2006), quoting *Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 1002 (S.D. Ill. 2006) and *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 113 (3d Cir. 1990). Where there is a defense common to both diverse and non-diverse defendants, it "is a merits determination which must be made by the state court." *Id.*

Under the common defense rule, because all of the defenses were common to all Defendants, including the Village of Rosemont, Defendants could not have sought removal based on the fraudulent joinder of the Village of Rosemont. The purpose of the common defense rule is to prevent defendants, out of an abundance of caution, from prematurely removing claims which should be decided by the state court. Without the common defense rule, diverse defendants who intended to seek dismissal of a complaint on grounds also available to a non-diverse co-defendant would also be required to remove the case to federal court within thirty days of receipt of the initial complaint. Federal courts certainly do not want to be inundated with such cases. Nor is such a procedure contemplated by federal procedure, which expressly provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion order or other paper from which it may first be ascertained the that case is one which has become removable." 28 U.S.C. § 1446(b). The rules clearly contemplate that a party has the right to remove a case within 30 days after the case as pleaded is

subject to removal. It does not require a defendant to guess whether pleaded claims or parties may later be jettisoned, and to seek removal immediately if they think they will. Here, Defendants could not remove this case until the amended complaint added federal claims and dropped non-diverse defendants.

In passing, Plaintiffs next claim that Defendants "could have sought realignment in the district court[1] to make the Village of Rosemont a plaintiff." (Mot. to Remand ¶ 7.) How Defendants could have done this is inconceivable. As the case cited by Plaintiffs holds, realignment allows the court to "arrange the parties according to their sides in the dispute." *Fidelity & Deposit Co. of Maryland v. City of Sheboygan Falls*, 713 F.2d 1261, 1265 (7th Cir. 1983). Defendants are not adverse to the Village of Rosemont, nor is the Village of Rosemont's interest aligned with Plaintiffs. There is simply no basis to have realigned any of the parties to the original complaint, and Plaintiffs have not provided any reason to conclude otherwise.

Plaintiffs' final, and most incomprehensible, argument is that Defendants "gained an undeserved tactical advantage by waiting to see how they fared in state court before deciding whether to remove the case to another court system." (Mot. to Remand ¶ 10.) Defendants gained no such advantage, fairly or otherwise. Not only was there no basis for removal until the Plaintiffs amended their complaint, the state court never decided any substantive issue in this case, either before or after the amended complaint was filed. In fact, Plaintiffs filed the amended complaint to *avoid* an unfavorable ruling by the state court. The sum total of the procedural history of this case in state court is: (1) Plaintiffs' filing of the original complaint; (2) Defendants' filing of their motion to dismiss the original complaint; (3) Plaintiffs' filing of the Motion for Leave to File Amended Complaint *Instanter*; and (4) the state court's granting

---

[1] Plaintiffs presumably intended to reference the Circuit Court of Cook County, Illinois, not district court.

Plaintiffs leave to file the amended complaint. Defendants did not wait to see how they fared in state court, as confirmed by the absence of any substantive rulings by the state court.

Defendants could not have removed this case based on diversity of citizenship until Plaintiffs dropped the Village of Rosemont as a co-defendant in the December 20, 2007 filing of their Motion for Leave to File Amended Complaint *Instanter*. As stated in the Defendants' Notice of Removal, this was the first time Defendants learned that the Village of Rosemont would no longer be a defendant in this case. Pursuant to 28 U.S.C. § 1446, this Notice of Removal was filed timely with this Court within thirty (30) days after December 20, 2007. (Notice of Removal ¶ 16.)

## III.    PLAINTIFFS SHOULD BE SANCTIONED FOR THEIR MOTION TO REMAND.

The misrepresentations and misapplication of the authorities cited by Plaintiffs makes clear that Plaintiffs' Motion to Remand was not submitted in good faith. The case law contained in the Motion to Remand is either grossly misrepresented, wrong, or inapplicable. As the case law discussed by Defendants in this Opposition makes clear, Defendants properly removed this case to federal court. Defendants have been forced to incur attorneys' fees and costs in responding to Plaintiffs' groundless Motion to Remand, costs and fees that they should not be required to bear. In addition to Defendants' request to deny the Motion to Remand in its entirety, Defendants also respectfully request that the Court award Defendants their attorneys' fees and costs incurred in responding to Plaintiffs' Motion to Remand.

<u>Conclusion</u>

Defendants properly removed this case to this Court based on both diversity of citizenship and federal question jurisdiction, and Plaintiffs' Motion to Remand should be denied.

The Court should award Defendants their attorneys' fees and costs incurred in responding to

Plaintiffs' Motion to Remand, as the motion lacks a good faith basis in fact or law.

 Dated:        March 12, 2008                              Respectfully submitted,


                                                DILIPKUMAR PATEL, ASHWIN PATEL,
                                                and ASIAN AMERICAN HOTEL
                                                OWNERS ASSOCIATION

                                                By: /s/ Bevin M. Brennan            
                                                       One of Their Attorneys

Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL  60601
Telephone:  (312) 456-8400
Facsimile:  (312) 456-8435

## <u>CERTIFICATE OF SERVICE</u>

I, Bevin M. Brennan, an attorney, hereby certify that I served a true and correct copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO STATE COURT** was sent via messenger, on March 12, 2008 upon:

    Paul Caghan
    PAUL CAGHAN, P.C.
    2506 N. Clark Street
    Chicago, IL  60614


                                  /s/ Bevin M. Brennan