# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT   LAW DIVISION
COMMERCIAL CALENDAR SECTION

| | |
|---|---|
| VEENOD PATEL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.  07 L 8910 |
| ) | |
| DILIPKUMAR PATEL, et al., ) | |
| ) | |
| Defendants. ) | |

FILED 2007 DEC 20 PM 1:14

### NOTICE OF MOTION

To:   Paul T. Fox
      Bevin M. Brennan
      GREENBERG TRAURIG, LLP
      77 West Wacker Drive
      Suite 2500
      Chicago, IL  60601

PLEASE TAKE NOTICE that on __1/9__, 2008, at __9:30__ a.m./p.m., we shall appear before the Honorable Allen Goldberg in Courtroom 2303 at the Richard J. Daley Center in Chicago, Illinois and then and there present for hearing **PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT INSTANTER**, a copy of which is attached and hereby served upon you.

Dated: December 20, 2007                    Respectfully submitted,

                                            PLAINTIFFS

                                            By: _____
                                                Attorney for Plaintiffs

PAUL CAGHAN
PAUL CAGHAN, P.C.
Attorney for Plaintiffs
2506 North Clark Street
Chicago, IL  60614
Firm I.D. 24025

Firm I.D. 24025

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT   LAW DIVISION

| | |
|---|---|
| VEENOD PATEL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No.  07 L 8910 |
| | ) |
| DILIPKUMAR PATEL, et al., | ) |
| | ) |
| Defendants. | ) |

FILED 2007 DEC 20 PM 1:14

### MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

NOW COME the plaintiffs by and through their attorney and for their Motion for Leave to File Amended Complaint state that the plaintiffs seek leave of court to file their amended complaint instanter. A copy of the proposed amended complaint is attached to this motion.

WHEREFORE, plaintiffs pray for the relief stated hereinabove.

PLAINTIFFS

By: _____
Attorney for Plaintiffs

PAUL CAGHAN
PAUL CAGHAN, P.C.
Attorney for Plaintiffs
2506 North Clark Street
Chicago, IL  60614
Firm I.D. 24025

Firm I.D. 24025

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT   LAW DIVISION

| | |
|---|---|
| VEENOD PATEL, TARA V. PATEL, RAMAN J. PATEL, VICTOR SOLIA, ROSA SOLIA, SHARADCHANDRA K. DANI, DIPEN B. PATEL, SHITAL D. PATEL, KIRAN G. SHAH, MAHESH V. MODY, PANNY MODY, PRITI K. SHAH, DEVANG H. PATEL, HARSHAD N. THAKKAR, SUDHA H. THAKKAR, BIREN SHAH, CHANCHAL M. PATEL, KISHAN N. PATEL, RITA K. PATEL, MANUBHAI PATEL, DAVE BRAHMBHATT, BARKAT GILLANI, HARSHA P. SHUKLA, PRADEEP B. SHUKLA, AMI MEHTA, AKSHAY THAKER, JAYA K. PATEL, KANTI S. PATEL, VIBHA THAKER, ROMA SHAH, SANJEET SHAH, GANSHYAM PATEL, ARUNKUMAR TRIVEDI, NARENDRA A. PATEL, VIDYUT PATEL, BABU PATEL, CHIMAN PATEL, HARESH K. SHAH, MOTI AGARWAL, RAJ SAVSANI, DAKSHA J. PATEL, JITENDRA R. PATEL, JENNIE E. CANNELL PURI, SUNIL PURI, SUMANBHAI D. BHAKTA, KIRIT MADHIWALA, MANSOORALI LAKHANI, MOHAMMED GILANI, SHAHIM LAKHANI, VYOMESH M. JOSHI, KALPESH JOSHI, ASHOK B. SHAH, and GITA A. SHAH, | |
| Plaintiffs, | No.   07 L 8910 |
| v. | |
| DILIPKUMAR PATEL, ASHWIN PATEL, and ASIAN AMERICAN HOTEL OWNERS ASSOCIATION, | |
| Defendants. | |

1

## AMENDED COMPLAINT

NOW COME the plaintiffs by and through their attorney and for their Amended Complaint state as follows:

### Count 1

### Racketeer-Influenced Corrupt Organization

### DILIPKUMAR PATEL and ASHWIN PATEL

1. The defendants Dilipkumar Patel and Ashwin Patel violated U.S.C.A. Sec. 1962(a), (c) and (d). The defendants Dilipkumar Patel and Ashwin Patel formed a scheme to defraud, used the mails and wires in furtherance of that scheme, and had the requisite intent to defraud.

2. The alleged wrongdoers are Dilipkumar Patel, Chairman of the Asian American Hotel Owners Association ("AAHOA"), Ashwin Patel, Vice Chairman of AAHOA, and the Asian American Hotel Owners Association.

3. The acts committed by Dilipkumar Patel and Ashwin Patel alleged here were done by them personally, either while present in, or by the use of the mails and other instrumentalities in interstate commerce to and from the State of Illinois and elsewhere.

4. The victims are the plaintiffs Veenod Patel, Tara V. Patel, Raman J. Patel, Victor Solia, Rosa Solia, Sharadchandra K. Dani, Dipen B. Patel, Shital D. Patel, Kirin G. Shah, Mahesh V. Mody, Panny Mody, Priti K. Shah, Devang H. Patel, Harshad N. Thakkar, Sudha H. Thakkar, Biren Shah, Chanchal M. Patel, Kishan N. Patel, Rita K. Petal, Manubhai Patel, Dave Brahmbhatt, Barkat Gillani, Harsha P. Shukla, Pradeep B. Shukla, Ami Mehta, Akshay Thaker, Jaya K. Patel,

Kanti S. Patel, Vibha Thaker, Roma Shah, Sanjeet Shah, Ganshyam Patel, Arunkumar Trivedi, Narendra A. Patel, Vidyut Patel, Babu Patel, Chiman Patel, Haresh K. Shah, Moti Agarwal, Raj Savsani, Daksha J. Patel, Jitendra R. Patel, Jennie E. Cannell Puri, Sunil Puri, Sumanbhai D. Bhakta, Kirit Madhiwala, Mansoorali Lakhani, Mohammed Gilani, Shahim Lakhani, Vyomesh M. Joshi, Kalpesh Joshi, Ashok B. Shah, and Gita A. Shah, members of the Asian American Hotel Owners Association.

5. The plaintiffs were injured from predicate acts made possible by the defendants' internal investment and use of the proceeds of prior predicate acts. The alleged predicate acts and the specific statutes allegedly violated by each predicate act include acts that violate the following provisions of title 18, United States Code: section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), and section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity).

6. The pattern of racketeering activity includes at least two acts of racketeering activity, one of which occurred after the effective date of the Act and the last of which occurred within ten years after the commission of a prior act of racketeering activity. The acts of racketeering activity included the following:

7. At the 2003 AAHOA annual convention in Long Beach, California, defendant Dilipkumar Patel committed mail fraud and wire fraud by misrepresentations that defendant had not helped any candidate financially when in fact defendant possessed prior knowledge that Dilipkumar Patel paid members to

3

vote for him to obtain the position of North Georgia Regional Director and AAHOA Board Member.

8.   At the 2004 AAHOA annual convention in New Orleans, defendant Danny Patel committed mail fraud and wire fraud by misrepresentations that defendant had not helped any candidate financially when in fact defendant possessed prior knowledge that Dilipkumar Patel paid members to vote for him to obtain the position of AAHOA Treasurer and AAHOA Board Member.

9.   On June 14, 2004, and prior and subsequent thereto, the defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that Lodging Insurance Solutions was an entity completely independent of defendants' control when in fact defendants possessed prior knowledge that defendants exercised significant control over the day-to-day business affairs of Lodging Insurance Solutions.

10.   On July 14, 2004, and prior and subsequent thereto, the defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that Lodging Insurance Solutions was an entity created for ownership by AAHOA when in fact defendants possessed prior knowledge that AAHOA would never have ownership and that defendants themselves had ownership of Lodging Insurance Solutions.

11.   At the 2006 AAHOA annual convention in Las Vegas, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had not helped any candidate financially when

in fact defendants possessed prior knowledge that defendants had paid members to elect Sam Devadhra as Director at Large and Tarun Patel as Treasurer. The defendants Dilipkumar Patel and Ashwin Patel knew that Sam Devadhra and Tarun Patel would vote per their instructions on matters before the Board of Directors of AAHOA.

12. At the 2007 AAHOA annual convention in Charlotte, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had not paid members to vote when in fact defendants possessed prior knowledge that defendants paid members to elect Vipin Patel as Director at Large. Defendants knew that Vipin Patel would vote as instructed on matters before the AAHOA Board of Directors.

13. On March 31, 2007, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had not participated in illegal kickback schemes with Wyndham Hotels and Choice Hotels when in fact defendants possessed prior knowledge that Wyndham Hotels and Choice Hotels provided secret compensation to defendants to suppress and delay publication of AAHOA "Report Cards" critical of Choice Hotels and Wyndham Hotels.

14. The defendants Dilipkumar Patel and Ashwin Patel received illegal kickbacks from Choice Hotels and Wyndham Hotels including lenient franchise agreements for Dilipkumar Patel's hotels in Georgia and the Carolinas and Ashwin Patel's hotels in Arizona and California, less rigorous and less frequent compliance

inspections, lower royalty fees, the withholding of litigation against defendants' hotels for serious contract breaches, aggressive litigation against non-favored hotels for minor contract breaches, and other compensation.

15. At the 2003 AAHOA annual convention in Long Beach, California, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding entertainment contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from entertainers hired for the convention.

16. At the 2007 AAHOA annual convention in Charlotte, North Carolina, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding entertainment contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from entertainers hired for the convention.

17. At the 2003 AAHOA annual convention in Long Beach, California, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding food vending contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from food vendors hired for the convention.

18. At the 2007 AAHOA annual convention in Charlotte, North Carolina, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding food vending contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from food vendors hired for the convention.

19. On June 12, 2007, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by issuance of a notice of intent to rescind the contracts with Donald E. Stephens Convention Center and Hyatt Hotels. Dilipkumar Patel and Ashwin Patel falsely represented that the Donald E. Stephens Convention Center was inadequate in terms of the shape of the rooms, ceiling heights, number and spacing of columns and seating setup when in fact the defendants possessed prior knowledge that the Rosemont Convention Center met or exceeded the needs of AAHOA for its annual convention.

20. On July 16, 2007, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by issuance of letters to members advising of their decision to move the annual convention away from Chicago and to terminate all contracts associated with the Donald E. Stephens Convention Center in Rosemont, Illinois. The defendants falsely represented that the venue was inadequate when in fact the defendants knew that holding the convention in Chicago would likely result in defendants' loss

of control over the AAHOA Board of Directors, and that by moving the convention to San Antonio the defendants could erect geographical barriers to voters from the Midwest region.

21. The defendants Dilipkumar Patel and Ashwin Patel conducted the affairs of AAHOA through a pattern of racketeering are employed by or associated with the enterprise. The defendants Dilipkumar Patel and Ashwin Patel made false representations to facilitate the fraud upon the plaintiffs and others.

22. The activities by defendants Dilipkumar Patel and Ashwin Patel constituted a pattern of racketeering and defendants then invested the proceeds from racketeering in an enterprise, thereby violating section 1962(a). The defendants Dilipkumar Patel and Ashwin Patel also caused injury from the predicate fraudulent representations, and from subsequent use or investment of the proceeds.

23. The enterprises, individuals, partnerships, corporations, associations, or other entities allegedly constituting the enterprise are the Asian American Hotel Owners Association, Dilipkumar Patel and Ashwin Patel. The Asian American Hotel Owners Association, Dilipkumar Patel and Ashwin Patel are perpetrators of the alleged racketeering activity. The benefits received by defendants Dilipkumar Patel and Ashwin Patel include the use and enjoyment of the assets belonging to plaintiffs, increased profits, and improvement of their competitive position.

24. The structure, purpose, roles, function, and course of conduct of the enterprise included acts of mail fraud and wire fraud and other acts that were false and fraudulent.

25. The relationship between Dilipkumar Patel and Ashwin Patel is ordered and arranged as part of a common plan and external organizing principle to defraud and convert the assets of the plaintiffs.

26. The activities of the enterprise affect interstate and foreign commerce. Such activities in and affecting interstate commerce include, among others, the hotel industry, which includes interstate commerce.

27. In violation of U.S.C.A. Sec. 1962(a), the income derived from the pattern of racketeering activity was received by defendants Dilipkumar Patel and Ashwin Patel. The investment income from the racketeering activity was used to commit further acts of mail fraud and wire fraud.

28. The conspiracy committed by defendants in their common scheme was to conceal and affirmatively misstate the existence and value of illegal kickbacks and compensation received by defendants. The alleged injury to business and property is the loss of millions of dollars. The alleged injury was directly caused by defendants' violation of the R.I.C.O. statute.

29. Defendants, for the purpose of executing the scheme to defraud plaintiffs of their property, transmitted and caused to be transmitted communications by means of wire in interstate commerce. Such interstate

9

communications by wire included, without limitation, telephone calls between plaintiffs and other agents and employees, and defendants.

30.     The use of the mails for purposes of effectuating the `above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C.A. Sec. 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C.A. Sec. 1964(c).

WHEREFORE, the plaintiffs pray for judgment against each of the defendants Dilipkumar Patel and Ashwin Patel for the sum of ten million ($10,000,000.00) dollars, treble damages, attorney's fees, and other expenses and losses.

## Count 2

### Racketeer-Influenced Corrupt Organization

### ASIAN AMERICAN HOTEL OWNERS ASSOCIATION

1. – 30.     Plaintiffs reassert and reallege paragraphs 1 through 30 of Count 1 as and for their allegations herein.

31.     The relationship between Dilipkumar Patel, Ashwin Patel and AAHOA is ordered and arranged as part of a common plan and external organizing principle to defraud and convert the assets of the plaintiffs.

32. The acts of Dilipkumar Patel and Ashwin Patel are deemed to be the acts of and are chargeable to and binding upon the Asian American Hotel Owners Association.

WHEREFORE, the plaintiffs pray for judgment against defendant Asian American Hotel Owners Association for the sum of twenty million ($20,000,000.00) dollars, treble damages, attorney's fees, costs of suit and other expenses and losses.

## Count 3

### Fraud

### DILIPKUMAR PATEL, ASHWIN PATEL and ASIAN AMERICAN HOTEL OWNERS ASSOCIATION

1. – 14. Plaintiffs reassert and reallege paragraphs 7 through 20 of Count 1 as and for their allegations herein.

15. At all times relevant, the defendants each had a duty to refrain from committing fraudulent representation against the plaintiffs.

16. In breach of their duties as aforesaid, the defendants engaged in oral and written misrepresentations to defraud plaintiffs and obtain kickbacks from franchisors, vendors and entertainers for the AAHOA annual conventions, and other acts as described above.

17. The defendants made the misrepresentations to the plaintiffs with knowledge of the falsity and with the intent of misleading the plaintiffs into relying on the misrepresentations.

18. The fraudulent acts and conduct of defendants as described were intended to induce action in reliance thereon, and plaintiffs reasonably relied on the statements and misrepresentations by defendants.

19. The acts of Dilipkumar Patel and Ashwin Patel are deemed to be the acts of and are chargeable to and binding upon the Asian American Hotel Owners Association.

20. As a direct and proximate result of the breaches of duty by defendants Dilipkumar Patel, Ashwin Patel and the Asian American Hotel Owners Association, in whole or in part, the defendants defrauded the plaintiffs and plaintiffs suffered economic and pecuniary losses, and will continue to experience such losses in the future.

WHEREFORE, the plaintiffs pray for judgment against each of the defendants Dilipkumar Patel, Ashwin Patel and the Asian American Hotel Owners Association for the sum of ten million ($10,000,000.00) dollars, and other expenses and losses.

PLAINTIFFS

By: _____
Attorney for Plaintiffs

PAUL CAGHAN
PAUL CAGHAN, P.C.
Attorney for Plaintiffs
2506 North Clark Street
Chicago, IL 60614
Firm I.D. 24025

## CERTIFICATE OF SERVICE

  The undersigned, an attorney, certifies that he properly mailed a copy of the foregoing to the attorneys for defendants this 20th day of December, 2007, addressed as follows:

  Paul T. Fox
  Bevin M. Brennan
  GREENBERG TRAURIG, LLP
  77 West Wacker Drive
  Suite 2500
  Chicago, IL  60601

                     _____

## CERTIFICATE OF SERVICE

  The undersigned, an attorney, certifies that he properly mailed a copy of the foregoing to the attorneys for defendants this 20th day of December, 2007, addressed as follows:

  Paul T. Fox
  Bevin M. Brennan
  GREENBERG TRAURIG, LLP
  77 West Wacker Drive
  Suite 2500
  Chicago, IL  60601

