EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT  LAW DIVISION

VEENOD PATEL, TARA V. PATEL,               )
RAMAN J. PATEL, VICTOR SOLIA, ROSA         )
SOLIA, SHARADCHANDRA K. DANI,              )
DIPEN B. PATEL, SHITAL D. PATEL,           )
KIRAN G. SHAH, MAHESH V. MODY,             )
PANNA MODY, PRITI K. SHAH, DEVANG          )
H. PATEL, HARSHAD N. THAKKAR,              )
SUDHA H. THAKKAR, BIREN SHAH,              )
CHANCHAL M. PATEL, KISHAN N.               )
PATEL, RITA K. PATEL, MANUBHAI             )
PATEL, DAVE BRAHMBHATT, BARKAT             )
GILLANI, HARSHA P. SHUKLA,                 )
PRADEEP B. SHUKLA, AMI MEHTA,              )
AKSHAY THAKER, JAYA K. PATEL,              )        No.
KANTI S. PATEL, VIBHA THAKER,              )
ROMA SHAH, SANJEET SHAH,                   )
GHANSHYAM PATEL, ARUNKUMAR                 )
TRIVEDI, NARENDRA A. PATEL,                )
VIDYUT PATEL, BABU PATEL, CHIMAN           )
PATEL, HARESH K. SHAH, MOTI                )
AGARWAL, RAJ SAVSANI, DAKSHA J.            )
PATEL, JITENDRA R. PATEL, JENNIE E.        )
CANNELL PURI, SUNIL PURI,                  )
SUMANBHAI D. BHAKTI, KIRIT                 )
MADHIWALA, MANSOORALI LAKHANI,             )
MOHAMMED GILANI, SHAHIM                    )
LAKHANI, VYOMESH M. JOSHI,                 )
KALPESH JOSHI, ASHOK B. SHAH,              )
GITA A. SHAH,                              )
                                           )
                      Plaintiffs,          )
                                           )
        v.                                 )
                                           )
DILIPKUMAR PATEL, ASHWIN PATEL,            )
ASIAN AMERICAN HOTEL OWNERS                )
ASSOCIATION, and VILLAGE OF                )
ROSEMONT,                                  )
                                           )
                      Defendants.          )

2007L008910
CALENDAR/ROOM T
TIME 00:00
Fraud

## COMPLAINT

NOW COME the plaintiffs by and through their attorney Paul Caghan and for Plaintiff's Complaint against defendants states as follows:

### Count 1

### Fraud
### DILIPKUMAR PATEL, ASHWIN PATEL, ASIAN AMERICAN HOTEL OWNERS ASSOCIATION

1.      At all times relevant, the defendants Dilipkumar Patel, Ashwin Patel and Asian American Hotel Owners Association each had a duty to refrain from conduct that defendants knew to be fraudulent, to refrain from committing fraudulent misrepresentation against the plaintiffs, and to refrain from defrauding the plaintiffs.

2.      In breach of their duties as aforesaid, the defendants fashioned a scheme to illegally obtain control over the income stream and expenditures of the Asian American Hotel Owners Association ("Association") for the purpose of defrauding the membership, obtaining kickbacks from vendors and suppliers to the association, embezzlement and accounting fraud, and other acts and conduct.

3.      The defendants Dilipkumar Patel, Ashwin Patel and Asian American Hotel Owners Association engaged in oral and written misrepresentations to obtain by fraud the income stream and assets of the Asian American Hotel Owners Association.

.

4.      The defendants Dilipkumar Patel, Ashwin Patel and Asian American Hotel Owners Assocation made the misrepresentations to the plaintiffs with knowledge of the falsity and with the intent of misleading the plaintiffs into relying on the misrepresentations.

5.      The fraudulent acts and conduct of defendants as described were intended to induce action in reliance thereon, and plaintiffs reasonably relied on the statements, misrepresentations and omissions by defendants.

6.      As a direct and proximate result of the breaches of duty by defendants Dilipkumar Patel, Ashwin Patel and Asian American Hotel Owners Association, in whole or in part, the defendants defrauded plaintiffs and plaintiffs suffered economic loss and other pecuniary interests and losses, and will experience such losses in the future.

WHEREFORE, the plaintiffs pray for judgment against defendants Dilipkumar Patel, Ashwin Patel and Asian American Hotel Owners Association for the sum of ten million ($10,000,000.00) dollars, attorney's fees, and other damages, expenses and losses.

<u>Count 2</u>

Declaratory Judgment
<u>VILLAGE OF ROSEMONT</u>

1. – 6.      Plaintiffs herein reassert and reallege paragraphs 1 through 6 of Count 1 as and for his allegations herein.

7.      Plaintiffs request pursuant to 735 ILCS § 5/2-701 that this Honorable Court enter a declaratory judgment that the contract dated

3

September 15, 2006, between the Asian American Hotel Owners Association and Village of Rosemont, d/b/a Donald E. Stephens Convention Center, is binding upon defendants. (*See* Exhibit A, *Agreement dated September 15, 2006*)

8.    The parties have an actual controversy and the need for a binding declaration of rights having the force of a final judgment. The entry of the judgment would terminate the controversy or some part thereof giving rise to the proceeding.

WHEREFORE, plaintiffs move for a declaratory judgment that the contract dated September 15, 2006, between the Asian American Hotel Owners Association and Village of Rosemont, d/b/a Donald E. Stephens Convention Center is binding.

PLAINTIFFS

By: _____
Attorney for Plaintiffs

PAUL CAGHAN
PAUL CAGHAN, P.C.
Attorney for Plaintiffs
2506 North Clark Street
Chicago, IL 60614
312-251-1101
Firm I.D. 24025

4



Donald E.
# Stephens
Convention Center
Rosemont

THIS AGREEMENT made and entered into this _15th_ day of _September 2006_ by and between the VILLAGE OF ROSEMONT, Licensor and

(Name) _____ Asian American Hotel Owners Association _____

(Address) "Licensee" _____ 66 Lenox Pointe N E, Atlanta, GA 30324 _____

WHEREAS, Licensor owns and operates an Exposition, Trade Show and Convention Center, known as the Donald E. Stephens Convention Center.

WHEREAS, Licensee desires to have the right to use space within the Donald E Stephens Convention Center for an event known as a __Trade Show__ and,

WHEREAS, in order for Licensee to be able to use space within the Donald E. Stephens Convention Center for said event, it is necessary that labor, equipment and materials be furnished to Licensee and Licensee's sub-licensees, if any, in order for them to be able to move in, maintain and remove the shows, displays, exhibits and other items which are part of said event, NOW, THEREFORE, IN CONSIDERATION OF THE MUTUAL COVENANTS SET FORTH BELOW, Licensor and Licensee agree, as follows:

1. Licensor hereby grants Licensee the right to use the space located in the Donald E. Stephens Convention Center, known as __Hall G *__ for a period of __seven (7)__ days, commencing at __8:00__ o'clock __a.m.__ on __Monday, April 28, 2008__ and terminating at __12:01__ o'clock __p.m.__ on __Sunday, May 4, 2008__. Said time period is hereinafter referred to as "Use Time." Said space and the common areas, such as entrance ways, washrooms and corridors, which must be utilized in order for the event described in Section 2 of this agreement to be held in said space are hereinafter referred to as the "Licensed Space."

Show Dates: __Wednesday, April 30 – Friday May 2, 2008__

2. The Licensed Space is to be used by Licensee for an event known as:

__Asian American Hotel Owners Association 2008 Annual Convention & Trade Show__ and for no other purpose whatsoever. Said event is hereinafter referred to as the "Event."

3. Licensee agrees to pay Licensor as a fee for the use of the Licensed Space the minimum sum of __$60,000.00__ payable as follows: __$12,000.00__ at the time this Agreement is signed and the balance not later than 12:00 o'clock noon on __Friday, April 11, 2008__. A final space tally will be taken on __N/A__. Should the net square foot usage exceed __N/A__ square feet, the Licensee shall be billed at __$ N/A__ per net square foot for each square foot in excess of __N/A__ square feet. The sum which is to be paid at the time this Agreement is signed shall constitute a non-refundable deposit.

1

# EXHIBIT A

4. To the fullest extent permitted by law, the Licensee shall indemnify and hold harmless the Licensor and Licensor's agents, officers and employees from and against all claims, judgements, damages, losses and expenses including but not limited to attorneys' fees, which result directly or indirectly from the Licensee's use of (1) the Licensed Space, (2) the automobile parking areas for the Donald E. Stephens Convention Center and (3)the adjacent streets owned by Licensor and used in connection with the Event and the Licensee shall, at its own expense, appear, defend and pay all charges of attorneys and all costs and other expenses arising therefrom or incurred in connection therewith and if any judgment shall be rendered against Licensor or against Licensor's agents, officers or employees, then Licensee shall, at its own expense, satisfy and discharge the same. Licensee expressly understands and agrees that any insurance protection which may be required by this Agreement or which is otherwise provided by Licensee shall in no way limit the Licensee's responsibility to indemnify, keep and save harmless and defend the Licensor and Licensor's agents, officers and employees as provided in this paragraph unless this Agreement expressly states otherwise.

5. Not less than fourteen (14) days prior to the date on which the Use Time commences, Licensee shall provide Licensor with either an insurance policy issued by an insurance company approved by licensor, with Limits of not less than $1,000,000 for each person and $1,000,000 for each occurrence, or provide Licensor with a certificate of insurance which shows that Licensee has obtained such an insurance policy. Said insurance policy is hereinafter referred to as the "Insurance Policy". The Insurance Policy must name Licensee and Licensor as insureds and must fully protect Licensor and Licensee up to the policy limits from (1) any loss or damage on account of injury or death to any and all persons and/or their property, including but not limited to, members of the public, Licensor's employees, agents and contractors, other contractors and their employees, Licensee's sub-licensees and their employees and agents and (2) any loss due to damage to the Donald E. Stephens Convention Center and property of Licensor assigned to or used by Licensee including but not limited to property of Licensor which is in the care, custody or control of Licensee, other than damage resulting from fire or an act of God. The coverages under the Insurance Policy shall extend to the entire premises of the Donald E. Stephens Convention Center and to any automobile parking areas and adjacent streets owned by Licensor and used in connection with the Event. The insurance Policy or certificate of insurance shall contain a clause requiring ten (10) days prior written notice to the Licensor before cancellation or any modification in the insurance coverage provided can occur.

6. Licensee agrees to submit to Licensor four (4) copies of the Licensee's proposed floor plan for approval. This shall be done prior to the final printing and distribution of the floor plan. The Licensor shall then return one copy of the floor plan to the Licensee, indicating approval or outlining required revisions. Thirty (30) days prior to the first day of the Use Time, four (4) copies of the floor plan must again be submitted by Licensee if any changes have occurred on the floor plan since the first approval.

7. It is understood and agreed that Licensor licenses the Licensed Space to Licensee "as is". All alterations, installations, decorations and other changes which Licensee desires to make to the

2

Licensed Space must first be approved by the Licensor. Upon expiration of the Use Time, the Licensed Space must be restored to the same condition as it was in prior to the commencement of the Use Time except for ordinary wear and tear. During the Use Time, the Licensee shall see that the Licensed Space is kept in a clean and healthful condition and that no hazards to life or safety are created by the actions of the Licensee or persons brought to the Donald E. Stephens Convention Center as a result of its use of the Licensed Space.

8. Licensee agrees that it shall utilize contractual services provided by Licensor in using the Licensed Space for the Event. For purposes of this Agreement, "contractual services" means the labor, equipment and materials that the Licensee requires be provided by someone other than Licensee in order to set up, maintain and remove displays, exhibits, shows, and other items which are constructed or brought into the Donald E. Stephens Convention Center as part of the Event. Contractual services include but are not limited to the furnishing of draperies, carpeting, furniture, audio-visual equipment, signs, internet access, and the labor and equipment necessary to install, maintain and remove these items. Contractual services also include the labor, material and equipment required by Licensee in order to make, maintain and remove alterations, installations, decorations and other changes to the Licensed Space. Licensee shall pay Licensor for contractual services furnished by Licensor at the rates which are attached hereto or if there is no attachment specifying rates for contractual services attached or if a service is provided for which no rate is stated, then at a rate to be agreed upon by Licensor and Licensee. Licensee must give licensor notice of the contractual services it requires a sufficient time before the time the services are desired to allow Licensor a reasonable time in which to furnish the services. Licensor shall be under no obligation to provide a contractual service unless it is reasonably capable of providing the service, the service is of the type usually provided by Licensor and there is an agreement between Licensor and Licensee as to the rate to be charged for the service.

9. Licensee and the sub-licensees of Licensee may employ labor in the Donald E. Stephens Convention Center, provided such labor is regularly on the payroll of Licensee or the sub-licensee. It is understood and agreed between the parties hereto that all other labor required by Licensee or its sub-licensees, either skilled or unskilled, is to be provided by or approved by Licensor, and if provided by Licensor, the Licensee will pay Licensor for such labor in accordance with the rates agreed upon by Licensor and Licensee. If no agreement as to the rate to be paid by Licensee for labor provided by Licensor is made then Licensee shall pay for such labor at the prevailing rate charged for such labor in the Chicago Metropolitan Area on the dates the labor is provided.

10. Licensor agrees to furnish at no expense to Licensee, light from permanent fixtures installed in the Licensed Space and heat and/or air conditioning during the hours the Event is open. Work lights will be provided during move-in and move-out periods. If additional electricity for light or power is desired by Licensee, rates for such additional electricity, as well as for the cost of making electrical connections and performing any other work necessary in order to provide such electricity, will be covered by an exhibit to be attached hereto and made a part hereof. If Licensee desires compressed air, gas, or water, and if such

3

items can reasonably be furnished by Licensor, then the rates Licensee is to pay for such services shall be stated in an exhibit to be attached hereto and made a part hereof.

11. Licensee shall arrange for and provide at its expense the ticket sellers, ticket takers, guards and watchmen and ushers required by it. If Licensor determines that the number of ticket sellers, ticket takers, guards, watchmen or ushers is inadequate, Licensor shall have the right to require Licensee to provide additional personnel.

12. Licensor shall have the right to provide any police officers and/or firefighters, which Licensor determines, are needed in order to protect the Donald E. Stephens Convention Center and adjacent premises, to provide for traffic control, or to protect persons who may be in or around the Donald E. Stephens Convention Center. Licensee shall pay to Licensor an amount equal to the costs Licensor incurs if Licensor exercises its discretion and provides police officers and firefighters pursuant to this paragraph.

13. Licensor shall broom sweep the aisles located within the licensed premises nightly, provided that if the Licensee elects to have the aisles in the licensed premises carpeted, then Licensor shall not be required to sweep the aisles nightly and any vacuuming of the aisles shall be done at Licensee's expense. Licensor shall have the right to provide any other janitorial services which Licensor determines are necessary to maintain the Donald E. Stephens Convention Center and adjacent premises owned by Licensor in a neat and clean condition during the Use Time and to restore the Donald E. Stephens Convention Center and adjacent premises owned by Licensor after the expiration of the Use Time to the same condition they were in at the start of the Use Time. Licensee shall pay Licensor for any janitorial services provided pursuant to this paragraph in accordance with the rates established by Licensor's janitorial services concessionaire.

14.     (a) Any and all property which is owned by Licensee or by Licensee's sub-licensees or is under Licensee's or Licensee's sub licensee's custody or control shall be kept in the Donald E. Stephens Convention Center and on the adjacent premises owned by Licensor at Licensee's own risk. Licensor shall have no liability whatsoever if any such property is damaged, destroyed or lost regardless of cause while it is located in the Donald E. Stephens Convention Center or on the adjacent premises owned by Licensor.

        (b) Licensor will accept delivery of property at the Donald E. Stephens Convention Center which is addressed to Licensee but shall do so only as a service to Licensee. Licensee will indemnify and hold the Licensor harmless for any loss or damage to any such property.

        (c) Except to the extent that such a claim is covered by the insurance which is provided under Paragraph 5, Licensee shall indemnify and hold harmless Licensor from any claims made by

4

any third party or costs related to claims made by any third party including attorneys' fees for loss or damage to property located in the Donald E. Stephens Convention Center or on the adjacent premises owned by Licensor which occurs during the Use Time.

(d) Equipment and personnel shall be brought into and taken out of the Donald E. Stephens Convention Center only at such entrances and exits as are designated by Licensor.

15. Licensee shall comply with all laws, ordinances and regulations adopted or established by Federal, State or Local governmental agencies and shall comply with all rules and regulations which govern the use and occupancy of the Donald E. Stephens Convention Center. Licensee shall not allow or permit anything to be done within or around the Donald E. Stephens Convention Center which violates any such laws, ordinances, rules and regulations.

16. Licensee shall pay all costs arising from the use of patented, trademarked or copyrighted materials, equipment, devices, processes or dramatic rights; and Licensee agrees to indemnify and hold harmless Licensor from any and all damages, costs and expenses including but not limited to attorneys' fees, Licensor may incur for or on account of the use of any patented, trademarked or copyrighted materials, equipment, devices, processes or dramatic rights furnished to or used by Licensee, or Licensee's sub-licensees in connection with this Agreement. Licensee shall not film, record or transmit from the Donald E. Stephens Convention Center or adjacent premises owned by Licensor all or any portion of the Event or any description thereof, by means of radio or television broadcasting, whether broadcast "live" or by means of film tape or otherwise, without first having received written permission from the Licensor. Nothing contained in this license with respect to the fee to be paid under Paragraph 3 of this agreement shall prohibit the Licensor from demanding an additional fee as a condition to granting radio or television privileges. *which shall not be unreasonably withheld.*

17. Licensor reserves all concession rights in the Donald E. Stephens Convention Center and on adjacent premises owned by Licensor. Licensor shall have the right to sell concessions at appropriate times and at appropriate places during the event. For purposes of this agreement, concessions include, but are not limited to food, beverages, programs which are not distributed free of charge, tobacco products, souvenirs, novelties and coat checking. Neither the Licensee nor any sub licensee shall sell, give away or otherwise dispense or distribute any food or beverage on the premises of the Donald E. Stephens Convention Center or on adjacent premises owned by Licensor.

18. All advertising space within the Donald E. Stephens Convention Center or on adjacent premises which are owned by the Licensor is the exclusive property of the Licensor and all revenues or other income received from such advertising space shall be the sole property of the Licensor.

19. Licensee agrees that all advertising for the Event will be true and accurate.

5



Which permission or approval shall not be unreasonably withheld. (78)

20. Licensee will not permit nor otherwise conduct any advertising or any solicitation of persons attending the Event except as permitted by Licensor. Licensee agrees to post or exhibit signs, advertisements, showbills, lithographs, posters, or cards only in areas permitted by the Licensor, and then only such of the aforesaid items as related to the Event. Licensee shall at once remove any and all of the aforesaid items objected to by the Licensor. All such items must be removed prior to the expiration of the Use Time. Licensee will use only such programs and printed matter for distribution or display in the Donald E. Stephens Convention Center or on adjacent premises owned by Licensor or in connection with the Event as shall have been first approved by the Licensor.

21. Licensee shall not permit the Donald E. Stephens Convention Center or adjacent premises owned by Licensor to be used for any improper, immoral or objectionable purpose or for lodging or sleeping, and shall not in any way obstruct or interfere with the rights of any other Licensee of the Donald E. Stephens Convention Center. The Licensor may at any time eject any objectionable person or persons from the Donald E. Stephens Convention Center or adjacent premises owned by Licensor and Licensee hereby waives any right or claim for damages if Licensor exercises this right. Licensee will keep no animals in or upon the Donald E. Stephens Convention Center or adjacent premises owned by Licensor without having first received written permission from the Licensor. The Licensor reserves the right to make such other and further reasonable rules and regulations as in its judgment may from time-to-time be necessary for the safety, care or cleanliness of the Donald E. Stephens Convention Center or adjacent premises owned by Licensor, and any such other rules and regulations shall be binding upon the parties hereto with the same force and effect as if they had been inserted herein at the time of the execution hereof.

22. Fifty (50) tickets or credentials will be given to Licensor at no cost to it if such tickets or credentials are necessary for entrance to the Event. If Licensor gives prior written approval, a lesser number of tickets or credentials may be given to Licensor. These tickets or credentials are to be delivered to Licensor as soon as they are ready for distribution, but not later than thirty (30) days prior to the Use Time.

23. Licensor will provide a reasonable number of free parking passes for Licensee's personnel.

24. In permitting Licensee to use the Licensed Space as provided in this Agreement, Licensor does not relinquish the right to exercise control over the Donald E. Stephens Convention Center including the Licensed Space and to enforce all laws, rules and regulations.

25. Licensor's officers, employees, agents, concessionaires and Licensor's concessionaire's servants, employees and agents shall at all times have access to the Licensed Space in accordance with and upon presentation of passes issued to them by Licensor.

26. Licensee and its agents and employees and Licensee's sublicensees and their agents and employees shall conduct themselves at all times in a manner which will not endanger persons or property in and

6

around the Donald E. Stephens Convention Center. Licensee, its agent and employees and Licensee's sub-licensees and their agents and employees shall observe and abide by all requests made by or on behalf of Licensor, the Village of Rosemont Department of Public Safety or any other governmental agency whose duty it is to preserve and protect persons and property in and around the Donald E. Stephens Convention Center.

27. The Licensee may grant sub-licenses which allow the sub-licensee to use or occupy space within the Licensed Space for the Event during the Use Time. While this Agreement contemplates the sub-licensing of parts of the Licensed Space, the license to use the Licensed Space granted by this agreement may not be assigned by the Licensee, without the written permission of the Licensor, to any other person who will substitute for Licensee as the promoter of the Event or the person primarily responsible for the Event. The form of any agreement for the assignment of space to sub-licensees shall be approved by the Licensor prior to its execution,\ Such forms shall obligate the sub-licensee to abide by all rules and regulations and to assume for the space which is sub-licensed the same obligations as the Licensee. ~which approval shall not be unreasonably withheld. (71)

28. This document and the attachments and exhibits hereto constitute the entire agreement between the Licensor and Licensee with respect to the subject matter hereof and supersede all proposals oral or written and all negotiations, conversations and discussions heretofore had between the Licensor and the Licensee related to this Agreement. This Agreement may be modified or amended only by a written instrument signed by both the Licensor and Licensee.

29. It is understood and agreed that in case the Licensed Space or any part thereof, shall be destroyed or damaged by fire or other cause and hereby made untenantable, or if any other casualty or unforeseen occurrence shall render the fulfillment of this license impossible, including but not limited to the requisitioning of the Licensed Space by the United States Government, the State of Illinois or the Village of Rosemont, or any arm or instrumentality thereof, or by reason of labor disputes or mob violence, then and thereupon this Agreement shall terminate for the part of the Licensed Space affected and Licensee shall pay for said affected space only up to the time of said termination, pro rata, and Licensee hereby waives any claim for damages or compensation should this Agreement be so terminated.

30. In case Licensee shall default in the payment of any sums of money or fail to comply with any one of the terms, conditions or covenants contained in this Agreement, Licensee's right to the use of the Licensed Space shall terminate without notice or demand, and the retention of possession thereafter by Licensee shall constitute a forcible detainer, and if Licensor so elects, but not otherwise, this Agreement shall thereupon terminate and upon the termination of Licensee's right of use, whether this Agreement be terminated or not, Licensee agrees to surrender possession of the Licensed Space immediately, and hereby grants to Licensor the right to enter into and upon the Licensed Space or any part thereof to take possession thereof with or without process of law, and to expel and remove Licensee or any other person who may be occupying the Licensed Space or any part thereof and Licensor may use such force expelling and removing Licensee and said other persons as may reasonably be necessary. Such entry of the

7

Licensed Space Shall not constitute a trespass or forcibly entry or detainer, nor shall it cause a forfeiture of fees due Licensor under this Agreement, nor a waiver of any terms, conditions, or covenants contained in this Agreement which are to be performed by Licensee.

31. After the expiration of the Use Time, or upon termination of Licensee's right to use the Licensed Space, Licensor may at Licensee's sole risk and expense remove and arrange for the storage of any and all property of Licensee or Licensee's sub-licensees which may be located in the Donald E. Stephens Convention Center or on any other premises owned by Licensor. Licensee shall pay to Licensor the costs Licensor incurs in removing and/or storing any property pursuant to this paragraph. Licensor shall not be responsible for any loss or damage to any property no matter what the cause, which is removed and/or stored pursuant to this paragraph.

32. It is expressly understood by and between Licensor and Licensee that the rights which Licensee has pursuant to this Agreement to use the Licensed Space are in the nature of a license and that Licensee does not have a leasehold interest or any other interest in the Donald E. Stephens Convention Center or in the property on which the Donald E. Stephens Convention Center is located.

33. Licensor shall have the discretion to determine any questions and resolve any other matters that might arise which are not covered by this Agreement.

34. This Agreement shall in all respects including validity, interpretation and effect be governed by the laws of the State of Illinois.

35. The failure of Licensee or Licensor to insist on the other party's strict compliance with the terms and conditions contained in this Agreement shall not constitute a waiver of Licensor's and Licensee's right to insist that the other party in the future strictly comply with any and all of the terms and conditions contained in this Agreement and to enforce such compliance by any appropriate remedy.

36. This Agreement must be signed by an authorized officer of the Licensee and returned with the deposit to Licensor within thirty (30) days of the date indicated above, otherwise it is null and void.

* We have reserved our 2nd floor North and South Ballrooms beginning @ 8:00 am Monday, April 28, 2008 through 5:00 pm Sunday, May 4, 2008.

LICENSOR:

VILLAGE OF ROSEMONT
DONALD E. STEPHENS CONVENTION CENTER

BY: _____
    JAMES A. FREEMAN
    EXECUTIVE DIRECTOR

DATE: _____

LICENSEE:

ASIAN AMERICAN HOTEL OWNERS
ASSOCIATION

BY: _Fred Schwartz_____
    FRED SCHWARTZ
    PRESIDENT

DATE: _12/4/06_____

8

# ADDENDUM I

August 14, 2006
Revised: September 19, 2006

Mr. Fred Schwartz
Asian American Hotel Owners Association
66 Lenox Pointe NE
Atlanta GA 30324

Dear Fred:

The following is a proposal for food & beverage service with Rosemont Catering during The Asian American Hotel Owners Association (A.A.H.O.A.) Convention at the Donald E. Stephens Convention Center (D.E.S.C.C.) on _____2008. This agreement is separate from any contract between the D.E.S.C.C. and the A.A.H.O.A. Convention during this time.

ALL FOOD ITEMS PROVIDED BY A.A.H.O.A. & ANY PARTICIPATING RESTAURANT DURING THE CONVENTION MUST BE APPROVED THROUGH ROSEMONT CATERING.

FOOD WILL BE PREPARED ON SITE OR DELIVERED FROM A LOCAL LICENSED RESTAURANT. A.A.H.O.A. AND ANY PARTICIPATING RESTAURANT WILL BE RESPONSIBLE FOR ARRANGING DELIVERIES, CHECKING IN ITEMS AND FOR PAYMENT TO THE VENDORS. RESTAURANTS MUST PROVIDE A CERTIFICATE OF INSURANCE INCLUDING WORKERS COMPENSATION NAMING ROSEMONT CATERING CO., THE DONALD E. STEPHENS CONVENTION CENTER AND THE VILLAGE OF ROSEMONT AS ADDITIONAL INSURED.

THE ROSEMONT HEALTH DEPARTMENT WILL BE ON SITE TO OVERSEE ALL PHASES OF THE FOOD SERVICE. THE A.A.H.O.A. AND THEIR REPRESENTATIVES MUST ADHERE TO THEIR RULES & REGULATIONS.

SEATING FOR ALL FOOD FUNCTIONS WILL BE HANDLED BY THE DONALD E. STEPHENS CONVENTION CENTER. PLEASE CONTACT D.E.S.C.C. DIRECTLY TO MAKE THESE ARRANGEMENTS.

THE FOOD AND BEVERAGE WILL BE SERVED IN A LOCATION WITHIN THE HALL. T.B.D.

TUESDAY

    WELCOMING RECPT    1200           HOSTED BY THE D.E.S. C.C.
    H.O.D'S PASSED / CASH BAR

WEDNESDAY

    BREAKFAST    1100
    LUNCH    2300
    DINNER    2200

THURSDAY

    BREAKFAST    1100
    LUNCH    2300

1

DINNER          2200

FRIDAY          NO TRADE SHOW ON FRIDAY
                BREAKFAST     1100
                LUNCH         2000     (ON ROUNDS)
                DINNER        2200     (ON ROUNDS) ***
***CHINA SERVICE FOR THE GALA NIGHT ONLY

ROSEMONT CATERING STAFF TO:
COVER TABLES WITH PLASTIC TABLE CLOTHS FOR EACH FUNCTION
10 WATER STATIONS WITH 2 URNS EACH IN EATING AREA
WAITE STAFF - # T.B.D.

CLIENT WILL PROVIDE THE FOLLOWING:
CHAI TEA
CUPS, NAPKINS, TEA, MILK AND ANY OTHER INGREDIENTS TO MAKE TEA
STERNO APPROVED BY THE FIRE MARSHALL FOR HOT BOXES AND CHAFING DISHS
FOIL PANS (DISPOSABLE OR ALUMINUM 2" PANS) FOR CHAFING DISHES
SERVING UTENSILS FOR BUFFET LINES
PANS/POTS FOR COOKING THE FOOD
SPICES OR ADDITIVES, IE: SALT, PEPPER, ETC.

CLIENT TO SUPPLY STAFF TO:
COOK/WARM THE FOOD
FILL ALUMINUM PANS WITH FOOD TO BE PUT IN HOT BOXES
RUN HOT BOXES FROM KITCHEN TO BUFFET STATIONS THROUGHT THE MEAL SERVICE

CLIENT WILL ALSO BE RESPONSIBLE FOR REMOVING AND DISPOSING OF ANY FOOD & BEVERAGE
LEFT OVER AFTER EACH FUNCTION.
YOU WILL ALSO BE RESPONSIBLE FOR THOUROUGHLY CLEANING THE KITCHEN FOLLOWING
EACH MEAL FUNCTION

ROSEMONT CATERING TO SUPPLY THE FOLLOWING FOR MEAL SERVICE:
TABLES FOR TEA STATIONS
6' TABLES FOR THE BUFFET STATIONS
PLASTIC TABLECLOTHS TO COVER STATIONS & DINING TABLES
DISPOSABLE TRAYS
DISPOSABLE CUTLERY PACKS WITH NAPKIN & PLASTIC SILVERWARE
SOFT DRINKS & COFFEE SERVICE AVAILABLE ON A CASH BASIS
CASH BARS ON REQUEST

2

ROSEMONT CATERING TO SUPPLY:
ONE SUPERVISOR & ONE STEWARD TO OVERSEE THE USE OF THE FACILITY
WAITE STAFF TO CLEAN TABLES DURING FOOD SERVICE (40 TOTAL)
CHAFING DISHES FOR BUFFET STATIONS

ANY ADDITIONAL STAFF REQUIRED WILL BE CHARGED TO THE CLIENT AT THE FOLLOWING RATES:
WAITE STAFF   $70.00 PER WAITER FOR BREAKFAST OR LUNCH
              $80.00 PER WAITER FOR DINNER
              $80.00 PER WAITER FOR BRUNCH
KITCHEN LABOR           RATE OF     $20.00 PER HOUR

FINAL PAYMENT TOTALING $270,000.00 WILL BE DUE 3 WORKING DAYS PRIOR TO YOUR FUNCTION IN 2008. PAYMENT MUST BE MADE IN THE FORM OF A CASHIERS CHECK OR CERTIFIED CHECK PAYABLE TO ROSEMONT CATERING CO., INC.,

The staff of Rosemont Catering looks forward to serving you, and your guests. Please call if you have any questions, at (847) 692-6415.

Sincerely,

APPROVAL: _____

DATE: __10/11/06__

Mary Jaburek
Director of Catering

MJ/mm