IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VEENOD PATEL, et al. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Plaintiffs, | ) | No.   08 CV 386 |
| | ) | |
| v. | ) | Hon. Blanche M. Manning |
| | ) | |
| DILIPKUMAR PATEL, et al., | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

NOW COME the plaintiffs by and through their attorney and for their

Second Amended Complaint against defendants Dilipkumar Patel, Ashwin

Patel and the Asian American Hotel Owners Association state as follows:

### JURISDICTION

1.      Plaintiffs, Veenod Patel, Tara V. Patel, Raman J. Patel, Victor

Solia, Rosa Solia, Sharadchandra K. Dani, Dipen B. Patel, Shital D. Patel,

Kirin G. Shah, Mahesh V. Mody, Panny Mody, Priti K. Shah, Devang H.

Patel, Harshad N. Thakkar, Sudha H. Thakkar, Biren Shah, Chanchal M.

Patel, Kishan N. Patel, Rita K. Petal, Manubhai Patel, Dave Brahmbhatt,

Barkat Gillani, Harsha P. Shukla, Pradeep B. Shukla, Ami Mehta, Akshay

Thaker, Jaya K. Patel, Kanti S. Patel, Vibha Thaker, Roma Shah, Sanjeet

Shah, Ganshyam Patel, Arunkumar Trivedi, Narendra A. Patel, Vidyut

Patel, Babu Patel, Chiman Patel, Haresh K. Shah, Moti Agarwal, Raj

1

Savsani, Daksha J. Patel, Jitendra R. Patel, Jennie E. Cannell Puri, Sunil Puri, Sumanbhai D. Bhakta, Kirit Madhiwala, Mansoorali Lakhani, Mohammed Gilani, Shahim Lakhani, Vyomesh M. Joshi, Kalpesh Joshi, Ashok B. Shah, and Gita A. Shah, are residents of the State of Illinois.

2.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendant Dilipkumar Patel is a resident of the State of Georgia.

3.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendant Ashwin Patel is a resident of the State of Arizona.

4.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendant Asian American Hotel Owners Association ("AAHOA") is a nonprofit corporation established under the laws of the State of Georgia.

5.    The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## STATEMENT OF FACTS

6.    Dilipkumar Patel (a/k/a "Danny Patel") is the current Chairman of AAHOA.

7.    Ashwin Patel is the current Vice Chairman of AAHOA.

8.    AAHOA is a Georgia non-profit corporation incorporated on August 16, 1990 with its principal office in the City of Atlanta, State of Georgia.

9.    AAHOA has approximately 8,000 members located throughout the United States of America.

10.    The Upper Midwest Region of AAHOA includes Illinois, Wisconsin, Iowa, Minnesota, South Dakota, North Dakota and Nebraska.

11.    The other regions that make up AAHOA include the Northwest, North Pacific, Central Pacific, South Pacific, South West, North Texas, South Texas, Gulf, Central Midwest, Canada, North Central, Mid South, Southeast, Florida, North Georgia, Washington, Mid East and North East Regions.

12.    The February 11 and February 12, 2000, AAHOA Board of Directors meeting minutes indicate that the AAHOA Board of Directors approved a resolution that in the future, sites for the annual convention should be determined by the Executive Committee, which in turn would recommend the site to the board of directors for approval.

13.    The January 12, 2003 AAHOA Board of Directors Meeting Minutes state that the board discussed the issue of rotating the site of the annual convention among the regions for 2005 and beyond.

14.    The January 12, 2003 AAHOA Board of Directors Meeting Minutes state that the Director Jags Patel moved to approve the rotation schedule starting with the 2005 Convention, and the board approved and passed the motion based on fairness to the different regions to host the annual convention.

15.     The September 24, 2003 AAHOA Board of Directors Meeting Minutes reflect the fact that the board discussed the issue of voting to select the location of the rotating convention cities as agreed at the January 12, 2003 meeting.  Director Dinu Patel made a motion that the board should vote by secret ballot and Director Alkesh Patel seconded the motion. The motion to vote for the convention city by secret ballot was passed by the board.

16.     At the 2003 AAHOA annual convention in Long Beach, California, defendant Dilipkumar Patel was elected to the position of North Georgia Regional Director and AAHOA Board Member.

17.     At the 2003 AAHOA annual convention in Long Beach, California, defendant Dilipkumar Patel paid members to vote for him to obtain the position of North Georgia Regional Director and AAHOA Board Member.

18.     At the 2004 AAHOA annual convention in New Orleans, defendant Dilipkumar Patel was elected to the position of AAHOA Treasurer and AAHOA Board Member.

19.     At the 2004 AAHOA annual convention in New Orleans, defendant Dilipkumar Patel paid members to vote for him so that he attained the position of AAHOA Treasurer and AAHOA Board Member.

20.     The March 15, 2004 AAHOA Board of Directors Meeting Minutes indicate that the Board of Directors acknowledged that the ultimate

authority for determining the locations for the 2005 convention with the region was up to the AAHOA Executive Committee.

21.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that on June 14, 2004, the defendants Dilipkumar Patel and Ashwin Patel made representations to the AAHOA board members that Lodging Insurance Solutions was an entity completely independent of defendants' control.

22.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that on June 14, 2004, defendants Dilipkumar Patel and Ashwin Patel knew that they exercised significant control over the day-to-day business affairs of Lodging Insurance Solutions.

23.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that on June 14, 2004, defendants Dilipkumar Patel and Ashwin Patel knew that they would be secretly compensated by the owners of Lodging Insurance Solutions for the income stream from business with AAHOA.

24.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that on June 14, 2004, the defendants Dilipkumar Patel and Ashwin Patel made representations to the AAHOA board members that Lodging Insurance Solutions was an entity created for ownership by AAHOA when in fact defendants knew that AAHOA would never have ownership of Lodging Insurance Solutions.

25.    On August 21, 2004, at the AAHOA Board of Directors meeting at the Sheraton New Orleans, defendant Dilipkumar Patel admitted that he made payments to members to solicit their votes at the Long Beach, California convention in 2003.

26.    At the 2006 AAHOA annual convention in Las Vegas, Sam Devadhra was elected as Director at Large and Tarun Patel was elected as Treasurer.

27.    `The defendants Dilipkumar Patel and Ashwin Patel knew that Sam Devadhra and Tarun Patel would vote according to defendants' instructions on matters before the AAHOA Board of Directors.

28.    At the June 9, 2006 meeting, Dilipkumar Patel indicated that a decision will be made on the sites and dates for the 2008 convention which was to be held in the Upper Midwest Region because of the rotation schedule.

29.    At the September 7, 2006 meeting, the AAHOA Board of Directors determined that Chicago was chosen by secret ballot as the location for the 2008 annual convention.

26.    Fred Schwartz, as president of AAHOA, executed agreements with Hyatt Hotels and the Village of Rosemont Donald E. Stephens Convention Center for AAHOA's annual meeting to be held April 30 to May 2, 2008.

30.    At the 2007 AAHOA annual convention in Charlotte, Vipin Patel was elected as Director at Large.

6

31.    Defendants Dilipkumar Patel and Ashwin Patel knew that Vipin Patel would vote as instructed on matters before the AAHOA Board of Directors.

32.    Defendants Dilipkumar Patel, Ashwin Patel and AAHOA delayed the development and publication of the AAHOA Performance Appraisal Report, also known as the PAR or Report Card.

33.    Defendants Dilipkumar Patel, Ashwin Patel and AAHOA caused changes in development and wording of the PAR for the purpose of minimizing or eliminating criticism of Wyndham Hotels.

34.    Defendants Dilipkumar Patel, Ashwin Patel and AAHOA caused changes in development and wording of the PAR for the purpose of minimizing or eliminating criticism of Choice Hotels.

35.    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Wyndham Hotels, Wyndham Hotels provided defendant Dilipkumar Patel with lenient terms in franchise agreements for Dilipkumar Patel's hotels in Georgia and the Carolinas.

36.    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Wyndham Hotels, Wyndham Hotels provided defendant Dilipkumar Patel with less rigorous and less frequent compliance inspections for Dilipkumar Patel's hotels in Georgia and the Carolinas.

37.    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Wyndham Hotels, Wyndham Hotels withheld litigation against Dilipkumar Patel's hotels in Georgia and the Carolinas for serious contract breaches.

38.    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Wyndham Hotels, Wyndham Hotels provided defendant Dilipkumar Patel with lower royalty fees for Dilipkumar Patel's hotels in Georgia and the Carolinas.

39    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Choice Hotels, Choice Hotels provided defendant Dilipkumar Patel with lenient terms in franchise agreements for Dilipkumar Patel's hotels in Georgia and the Carolinas.

40.    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Choice Hotels, Choice Hotels provided defendant Dilipkumar Patel with less rigorous and less frequent compliance inspections for Dilipkumar Patel's hotels in Georgia and the Carolinas.

41.    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Choice Hotels, Choice Hotels withheld litigation against Dilipkumar Patel's hotels in Georgia and the Carolinas for serious contract breaches.

42.    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Choice Hotels, Choice Hotels provided defendant Dilipkumar Patel with lower royalty fees for Dilipkumar Patel's hotels in Georgia and the Carolinas.

43.    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Wyndham Hotels, Wyndham Hotels provided defendant Ashwin Patel with lenient terms in franchise agreements for Ashwin Patel's hotels in Arizona and California.

44.    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Wyndham Hotels, Wyndham Hotels provided defendant Ashwin Patel with less rigorous and less frequent compliance inspections for Ashwin Patel's hotels in Arizona and California.

45.    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Wyndham Hotels, Wyndham Hotels withheld litigation against Ashwin Patel's hotels in Arizona and California for serious contract breaches.

46.    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Wyndham Hotels, Wyndham Hotels provided defendant Ashwin Patel with lower royalty fees for Ashwin Patel's hotels in Arizona and California.

47.    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Choice Hotels, Choice Hotels

provided defendant Ashwin Patel with lenient terms in franchise agreements for Ashwin Patel's hotels in Arizona and California.

48.    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Choice Hotels, Choice Hotels provided defendant Ashwin Patel with less rigorous and less frequent compliance inspections for Ashwin Patel's hotels in Arizona and California.

49.    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Choice Hotels, Choice Hotels withheld litigation against Ashwin Patel's hotels in Arizona and California for serious contract breaches.

50.    As compensation for delaying and preventing publication of the Performance Appraisal Report critical of Choice Hotels, Choice Hotels provided defendant Ashwin Patel with lower royalty fees for Ashwin Patel's hotels in Arizona and California.

51.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendant Dilipkumar Patel received kickbacks from food vendors hired for the 2003 AAHOA annual convention in Long Beach, California.

52.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendant Dilipkumar Patel received kickbacks from entertainers hired for the 2003 AAHOA annual convention in Long Beach, California.

53.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendant Dilipkumar Patel received kickbacks from food vendors hired for the 2007 AAHOA annual convention in Charlotte, North Carolina.

54.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendant Dilipkumar Patel received kickbacks from entertainers hired for the 2007 AAHOA annual convention in Charlotte, North Carolina.

55.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendant Ashwin Patel received kickbacks from food vendors hired for the 2003 AAHOA annual convention in Long Beach, California.

56.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendant Ashwin Patel received kickbacks from entertainers hired for the 2003 AAHOA annual convention in Long Beach, California.

57.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendant Ashwin Patel received kickbacks from food vendors hired for the 2007 AAHOA annual convention in Charlotte, North Carolina.

58.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendant Ashwin Patel received

kickbacks from entertainers hired for the 2007 AAHOA annual convention in Charlotte, North Carolina.

59.    On May 14, 2007, defendant Ashwin Patel spoke on the telephone in a conference call with Tarun S. Patel, Chandrakant I. Patel, Mukesh J. Mowji, Kirrit Bhikha, Shailendra Devdhara, Satish Gabhawala, Anil N. Patel, Dharmesh Patel, Bankim Patel, Hasu Patel, Jay Patel, Kalpana Patel, Kalpesh Patel, Paul Patel, Sanjay Patel, Vipin Patel, Suresh Sarpanch Patel, Bobby Newman and Fred Schwartz.

60.    During the May 14, 2007 conference call, Dilipkumar Patel indicated that "we" are presently visiting the site of the 2008 convention in Rosemont and will present such findings to the Board of Directors and that the findings would be updated at the board meeting.

61.    In the conference call of May 14, 2007, defendant Ashwin Patel took the position that space requirements at the Rosemont Convention Center were being examined.

62.    On May 14, 2007, defendants Dilipkumar Patel and Ashwin Patel knew that holding the convention in Chicago would likely result in defendants' loss of control over the AAHOA Board of Directors.

63.    On June 12, 2007, defendants Dilipkumar Patel and Ashwin Patel were present at a Board meeting attended by Tarun S. Patel, ChandraKant I. Patel, Fred Schwartz, Kirrit Bhikha, S. Gabhawala, Bobby Newman, Raj Parikh, Bankim M. Patel, Dharmesh Patel, Davang Patel,

Dinesh Patel, Hasu Patel, Ishwar Patel, Jay Patel, Kalpana Patel, Kaushik S. Patel, Mehul Patel, Paul Patel, Sanjay Patel, Vipin Patel, Suresh Sarpanch, Harshvina Zaver, Kalpesh Patel, Ramesh Gokal, Gary Prema, Rajesh Lakhan, Bharat Trivedi, Kiran Parekh and Dinu D. Pely.

64.    On June 12, 2007, defendants Dilipkumar Patel and Ashwin Patel took the position at the Board meeting that the Rosemont Convention Center (a/k/a Donald E. Stephens Convention Center) had problems with the shape of the rooms, ceiling heights, number and spacing of columns and seating setup.

65.    On June 12, 2007, defendants Dilipkumar Patel and Ashwin Patel sent the AAHOA Board of Directors Meeting Minutes for June 12, 2007 by electronic mail to Mukesh J. Mowji, Shailendra Devdhara, Alkesh R. Patel, Anthony Falor, Anil M. Patel, Hemant Patel and Kirit Bhakta.

66.    The AAHOA Board meeting minutes for June 12, 2007 contained statements by defendants Dilipkumar Patel and Ashwin Patel that the Rosemont Convention Center had problems with the shape of the rooms, ceiling heights, number and spacing of columns and seating setup.

67.    On June 12, 2007, defendants Dilipkumar Patel and Ashwin Patel knew that holding the convention in Chicago would likely result in defendants' loss of control over the AAHOA Board of Directors.

68.    On June 12, 2007, Dilipkumar Patel stated the policy adopted by the board of directors for selecting new convention sites.

69.    During the June 12, 2007 BOD meeting, Dilipkumar Patel confirmed that the board of directors has already approved going to the Rosemont Convention Center for the 2008 convention.

70.    During the June 12, 2007 meeting, and despite prior approval of the board of directors, Dilipkumar Patel raised issues surrounding the suitability of the Rosemont Convention Center as the appropriate facility for the 2008 convention.

71.    During the June 12, 2007 board meeting, Dilipkumar Patel further advised the board that he had already sent Hasu Patel, member and current director of the South Texas Region, to San Antonio, Texas to negotiate a convention center other than the Rosemont Convention Center which had been approved by the board pursuant to the rotation schedule.

72.    During the June 12, 2007 board meeting, Dilipkumar Patel also requested that the board of directors approve a motion to move the convention from the Upper Midwest Region to the South Texas Region.

73.    Without board approval, Dilipkumar Patel authorized Fred Schwartz to negotiate to get out of the deal to hold the convention in Chicago.

74.    On June 18, 2007, defendant Dilipkumar Patel sent a notice of meeting to members announcing the board meeting to be held July 16, 2007 at Atlanta, Georgia.

75.    On June 22, 2007, defendant Dilipkumar Patel sent another notice cancelling the previously announced meeting in Atlanta for July 16, 2007, and resetting the meeting for San Antonio, Texas on July 13, 2007.

76.    The Chairman of AAHOA, defendant Dilipkumar Patel, took the position that he had the authority to change the location as per the by-laws, Article VIII, section 1, paragraph D.

77.    The defendants Dilipkumar Patel, Ashwin Patel and AAHOA changed the date and location of the July 2007 board meeting to impair the voting by board members that opposed defendants.

78.    The defendants Dilipkumar Patel, Ashwin Patel and AAHOA changed the date and location of the July 2007 board meeting to stifle opposition to their candidate for Treasurer of AAHOA.

79.    The changing of the July 2007 date and location for the board meeting made it difficult for directors that oppose the defendants to attend the meeting.

80.    The changing of the July 2007 board meeting made it difficult for directors who had already made travel arrangements or planned for family vacations to go to Texas instead of Georgia.

81.    The changing of the July 2007 date and location for the board meeting was intended by defendants Dilipkumar Patel, Ashwin Patel and AAHOA to prevent persons who opposed defendant from threatening defendants' control over the board.

82.    The defendants Dilipkumar Patel and Ashwin Patel changed the date and location of the July 2007 board meeting to squelch opposition to their candidate for Treasurer.

83.    On June 27, 2007, Ashwin Patel and Dilipkumar Patel, as Chairman and Vice-Chairman of AAHOA,  sent an email to the AAHOA Board of Directors stating their intent to move the 2008 annual convention away from Chicago to San Antonio, Texas.

84.    The June 27, 2007 email from Ashwin Patel and Danny Patel was also sent of all officers of AAHOA.

85.    The June 27, 2007 email  stating that Danny Patel and Ashwin Patel intended to have AAHOA pay liquidated damages to Hyatt Hotels and Donald E. Stephens Convention Center to terminate contracts for the Chicago convention.

86.    On June 27, 2007, defendants Dilipkumar Patel and Ashwin Patel knew that holding the convention in Chicago would likely result in defendants' loss of control over the AAHOA Board of Directors.

87.    On July 16, 2007, and for at least six months prior thereto, defendants Dilipkumar Patel and Ashwin Patel knew that holding the convention in Chicago would likely result in defendants' loss of control over the AAHOA Board of Directors,

88.    On July 16, 2007, and for at least six months prior thereto,

defendants Dilipkumar Patel and Ashwin Patel knew that by moving the convention to San Antonio the defendants could erect geographical barriers to voters from the Midwest region and retain control over the AAHOA Board of Directors.

89.    On July 26, 2007, AAHOA sent a check for $48,000.00 to Donald E. Stephens Convention Center, for a total liquidated damages payment of $60,000.00 including the deposit.

90.    Satish Gabhawala is currently and has been since the year 2000, a member of the Asian American Hotel Operators Association, Inc., a Georgia non-profit corporation ("AAHOA").

91.    Satish Gabhawala is currently and has been since the year 2005, a member of the Board of Directors of AAHOA.

92.    The move of the 2008 annual convention from Chicago to San Antonio was caused primarily by the actions of defendants Dilipkumar Patel and Ashwin Patel.

93.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendants Dilipkumar Patel and Ashwin Patel moved the annual convention away from Chicago and to Texas to retain control over the AAHOA Board of Directors and to continue receiving kickbacks paid by vendors, organizations and individuals that contract with AAHOA.

94.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendants Dilipkumar Patel and Ashwin Patel moved the annual convention away from Chicago and to Texas to retain control over the AAHOA Board of Directors and to continue receiving kickbacks and secret compensation from hotel franchisors including Choice Hotels and Wyndham Hotels.

95.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendants Dilipkumar Patel and Ashwin Patel maintained control over the AAHOA Board of Directors to continue receiving kickbacks from vendors and service companies and favorable treatment from franchisors including Choice Hotels and Wyndham Hotels.

## RACKETEERING ALLEGATIONS

### Count 1

### Racketeer-Influenced Corrupt Organization

### DILIPKUMAR PATEL, ASHWIN PATEL and AAHOA

96.    The defendants Dilipkumar Patel, Ashwin Patel and AAHOA violated U.S.C.A. Sec. 1962(a), (c) and (d).   The defendants formed a scheme to defraud, used the mails and wires in furtherance of that scheme, and had the requisite intent to defraud.

97.    The alleged wrongdoers are Dilipkumar Patel, Chairman of the Asian American Hotel Owners Association ("AAHOA"), Ashwin Patel, Vice Chairman of AAHOA, and the Asian American Hotel Owners Association.

98.    The acts committed by Dilipkumar Patel and Ashwin Patel alleged here were done by them personally, either while present in, or by the use of the mails and other instrumentalities in interstate commerce to and from the State of Illinois and elsewhere.

99.    The victims are the plaintiffs Veenod Patel, Tara V. Patel, Raman J. Patel, Victor Solia, Rosa Solia, Sharadchandra K. Dani, Dipen B. Patel, Shital D. Patel, Kirin G. Shah, Mahesh V. Mody, Panny Mody, Priti K. Shah, Devang H. Patel, Harshad N. Thakkar, Sudha H. Thakkar, Biren Shah, Chanchal M. Patel, Kishan N. Patel, Rita K. Petal, Manubhai Patel, Dave Brahmbhatt, Barkat Gillani, Harsha P. Shukla, Pradeep B. Shukla, Ami Mehta, Akshay Thaker, Jaya K. Patel, Kanti S. Patel, Vibha Thaker, Roma Shah, Sanjeet Shah, Ganshyam Patel, Arunkumar Trivedi, Narendra A. Patel, Vidyut Patel, Babu Patel, Chiman Patel, Haresh K. Shah, Moti Agarwal, Raj Savsani, Daksha J. Patel, Jitendra R. Patel, Jennie E. Cannell Puri, Sunil Puri, Sumanbhai D. Bhakta, Kirit Madhiwala, Mansoorali Lakhani, Mohammed Gilani, Shahim Lakhani, Vyomesh M. Joshi, Kalpesh Joshi, Ashok B. Shah, and Gita A. Shah, members of the Asian American Hotel Owners Association.

100.    The plaintiffs were injured from predicate acts made possible by the defendants' internal investment and use of the proceeds of prior predicate acts.    The alleged predicate acts and the specific statutes allegedly violated by each predicate act include acts that violate the following provisions of title

18, United States Code: section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), and section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity).

101.    The pattern of racketeering activity includes at least two acts of racketeering activity, one of which occurred after the effective date of the Act and the last of which occurred within ten years after the commission of a prior act of racketeering activity.    The acts of racketeering activity included the following:

102.    At the 2003 AAHOA annual convention in Long Beach, California,  defendant Dilipkumar Patel committed mail fraud and wire fraud by misrepresentations that defendant had not helped any candidate financially when  in fact defendant possessed prior knowledge that Dilipkumar Patel paid members to vote for him to obtain the position of North Georgia Regional Director and AAHOA Board Member.

103.    At the 2004 AAHOA annual convention in New Orleans, defendant Dilipkumar Patel committed mail fraud and wire fraud by misrepresentations that defendant had not helped any candidate financially when in fact defendant possessed prior knowledge that Dilipkumar Patel paid members to vote for him to obtain the position of AAHOA Treasurer and AAHOA Board Member.

104.    On June 14, 2004, and prior and subsequent thereto, the defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and

wire fraud by misrepresentations that Lodging Insurance Solutions was an entity completely independent of defendants' control when in fact defendants possessed prior knowledge that defendants exercised significant control over the day-to-day business affairs of Lodging Insurance Solutions.

105.   On July 14, 2004, and prior and subsequent thereto, the defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that Lodging Insurance Solutions was an entity created for ownership by AAHOA when in fact defendants possessed prior knowledge that AAHOA would never have ownership and that defendants themselves had ownership of Lodging Insurance Solutions.

106.   At the 2006 AAHOA annual convention in Las Vegas, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had not helped any candidate financially when in fact defendants possessed prior knowledge that defendants had paid members to elect Sam Devadhra as Director at Large and Tarun Patel as Treasurer.  The defendants Dilipkumar Patel and Ashwin Patel knew that Sam Devadhra and Tarun Patel would vote per their instructions on matters before the Board of Directors of AAHOA.

107.   At the 2007 AAHOA annual convention in Charlotte, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had not paid members to vote when in fact defendants possessed prior knowledge that defendants paid members to

elect Vipin Patel as Director at Large.  Defendants knew that Vipin Patel would vote as instructed on matters before the AAHOA Board of Directors.

108.    On March 31, 2007, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had not participated in illegal kickback schemes with Wyndham Hotels and Choice Hotels when in fact defendants possessed prior knowledge that Wyndham Hotels and Choice Hotels provided secret compensation to defendants to suppress and delay publication of PAR.

109.    The defendants Dilipkumar Patel and Ashwin Patel received illegal kickbacks from Choice Hotels and Wyndham Hotels including lenient franchise agreements for Dilipkumar Patel's hotels in Georgia and the Carolinas and Ashwin Patel's hotels in Arizona and California, less rigorous and less frequent compliance inspections, lower royalty fees, the withholding of litigation against defendants' hotels for serious contract breaches, aggressive litigation against non-favored hotels for minor contract breaches, and other compensation.

110.    On May 14, 2007, defendant Ashwin Patel committed wire fraud by statements made on the telephone to Tarun S. Patel, Chandrakant I. Patel, Mukesh J. Mowji, Kirrit Bhikha, Shailendra Devdhara, Satish Gabhawala, Anil N. Patel, Dharmesh Patel, Bankim Patel, Hasu Patel, Jay Patel, Kalpana Patel, Kalpesh Patel, Paul Patel, Sanjay Patel, Vipin Patel,

Suresh Sarpanch Patel, Bobby Newman and Fred Schwartz to the effect that space requirements at the Rosemont Convention Center were inadequate.

111. On June 12, 2007, defendants Dilipkumar Patel and Ashwin Patel committed wire fraud by use of electronic means to disseminate the Board of Directors Meeting Minutes for June 12, 2007 to board directors and officers which contained the statement by Dilipkumar Patel and Ashwin Patel that the contract with Rosemont Convention Center must be rescinded because of the shape of the rooms, ceiling heights, number and spacing of columns and seating setup, when in fact the defendants possessed prior knowledge that the Rosemont Convention Center met or exceeded the space and seating needs of AAHOA for its annual convention.

112. On June 18, 2007, defendant Dilipkumar Patel committed wire fraud by use of electronic means to disseminate the notice of meeting to members announcing the board meeting to be held July 16, 2007 at Atlanta, Georgia.

113. On June 22, 2007, defendant Dilipkumar Patel committed wire fraud by use of electronic means to disseminate the notice cancelling the previously announced meeting in Atlanta for July 16, 2007, and resetting the meeting for San Antonio, Texas on July 13, 2007.

114. On July 16, 2007, defendants Dilipkumar Patel, Ashwin Patel and AAHOA committed mail fraud and wire fraud by issuance of letters to members advising of their decision to move the annual convention away from

Chicago and to terminate all contracts associated with the Donald E. Stephens Convention Center in Rosemont, Illinois.

115.   The defendants falsely represented on July 16, 2007 that the Chicago venue was inadequate when in fact the defendants knew that holding the convention in Chicago would likely result in defendants' loss of control over the AAHOA Board of Directors, and that by moving the convention to San Antonio the defendants could erect geographical barriers to voters from the Midwest region.

116.   The defendants Dilipkumar Patel and Ashwin Patel conducted the affairs of AAHOA through a pattern of racketeering are employed by or associated with the enterprise.  The defendants Dilipkumar Patel and Ashwin Patel made false representations to facilitate the fraud upon the plaintiffs and others.

117.   The activities by defendants Dilipkumar Patel and Ashwin Patel constituted a pattern of racketeering and defendants then invested the proceeds from racketeering in an enterprise, thereby violating section 1962(a).  The defendants Dilipkumar Patel and Ashwin Patel also caused injury from the predicate fraudulent representations, and from subsequent use or investment of the proceeds.

118.   The enterprises, individuals, partnerships, corporations, associations, or other entities allegedly constituting the enterprise are the Asian American Hotel Owners Association, Dilipkumar Patel and Ashwin

Patel.  The Asian American Hotel Owners Association, Dilipkumar Patel and Ashwin Patel are perpetrators of the alleged racketeering activity.  The benefits received by defendants Dilipkumar Patel and Ashwin Patel include the use and enjoyment of the assets belonging to plaintiffs, increased profits, and improvement of their competitive position.

119.    The structure, purpose, roles, function, and course of conduct of the enterprise included acts of mail fraud and wire fraud and other acts that were false and fraudulent.

120.    The relationship between Dilipkumar Patel, Ashwin Patel and AAHOA is ordered and arranged as part of a common plan and external organizing principle to defraud and convert the assets of the plaintiffs.

121.    The activities of the enterprise affect interstate and foreign commerce.  Such activities in and affecting interstate commerce include, among others, the hotel industry, which includes interstate commerce.

122.    In violation of U.S.C.A. Sec. 1962(a), the income derived from the pattern of racketeering activity was received by defendants Dilipkumar Patel and Ashwin Patel.  The investment income from the racketeering activity was used to commit further acts of mail fraud and wire fraud.

123.    The conspiracy committed by defendants in their common scheme was to conceal and affirmatively misstate the existence and value of illegal kickbacks and compensation received by defendants.  The alleged

injury to business and property is the loss of millions of dollars.   The alleged injury was directly caused by defendants' violation of the R.I.C.O. statute.

124.   Defendants, for the purpose of executing the scheme to defraud plaintiffs of their property, transmitted and caused to be transmitted communications by means of wire in interstate commerce.  Such interstate communications by wire included, without limitation, telephone calls between plaintiffs and other agents and employees, and defendants.

125.   The use of the mails for purposes of effectuating the `above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C.A. Sec. 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C.A. Sec. 1964(c).

126.   The plaintiffs were injured by loss of membership fees and diminution in the value of their hotel businesses by reason of defendants' violation of the R.I.C.O. law.

127.   As a direct and proximate result of the violations of the RICO law by defendants Dilipkumar Patel and Ashwin Patel, in whole or in part,

plaintiffs suffered economic losses in excess of twenty million ($20,000,000.00) dollars and other expenses and losses.

**WHEREFORE**, the plaintiffs pray for judgment against each of the defendants Dilipkumar Patel, Ashwin Patel and AAHOA for the sum of twenty million ($20,000,000.00) dollars, treble damages, attorney's fees, and other expenses and losses.

**Count 2**

**<u>Fraud</u>**

**DILIPKUMAR PATEL, ASHWIN PATEL and
ASIAN AMERICAN HOTEL OWNERS ASSOCIATION**

128.   At all times relevant, the defendants each had a duty to refrain from committing fraudulent representation against the plaintiffs.

129.   In breach of their duties as aforesaid, the defendants engaged in oral and written misrepresentations to defraud plaintiffs and obtain kickbacks from franchisors, vendors and entertainers for the AAHOA annual conventions, and other acts, including the following:

130.   At the 2003 AAHOA annual convention in Long Beach, California, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding food vending contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from food vendors hired for the convention.

131.   At the 2007 AAHOA annual convention in Charlotte, North Carolina, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding food vending contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from food vendors hired for the convention.

132.   At the 2007 AAHOA annual convention in Charlotte, North Carolina, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding entertainment contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from entertainers hired for the convention.

133.   At the 2003 AAHOA annual convention in Long Beach, California, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding entertainment contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from entertainers hired for the convention.

134.   At the 2007 AAHOA annual convention in Charlotte, North Carolina, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding entertainment

contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from entertainers hired for the convention.

135.    At the 2003 AAHOA annual convention in Long Beach, California, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding food vending contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from food vendors hired for the convention.

136.    At the 2007 AAHOA annual convention in Charlotte, North Carolina, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding food vending contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from food vendors hired for the convention.

137.    The defendants Dilipkumar Patel, Ashwin Patel and AAHOA made the misrepresentations to the plaintiffs with knowledge of the falsity and with the intent of misleading the plaintiffs into relying on the misrepresentations.

138.    The fraudulent acts and conduct of defendants as described were intended to induce action in reliance thereon, and plaintiffs reasonably relied on the statements and misrepresentations by defendants.

139.    The acts of Dilipkumar Patel and Ashwin Patel are deemed to be the acts of and are chargeable to and binding upon the Asian American Hotel Owners Association.

140.    As a direct and proximate result of the breaches of duty by defendants Dilipkumar Patel, Ashwin Patel and the Asian American Hotel Owners Association, in whole or in part, the defendants defrauded the plaintiffs and plaintiffs suffered economic and pecuniary losses, and will continue to experience such losses in the future.

**WHEREFORE**, the plaintiffs pray for judgment against each of the defendants Dilipkumar Patel, Ashwin Patel and the Asian American Hotel Owners Association for the sum of twenty million ($20,000,000.00) dollars, and other expenses and losses.

Respectfully submitted,

PLAINTIFFS

s/ Paul Caghan
Paul Caghan, P.C.
2506 N. Clark St.
Chicago, IL 60614
(312) 251-1101
(A.R.D.C. #3123213)

<u>CERTIFICATE OF SERVICE</u>

      The undersigned, an attorney, certifies that service was accomplished on March 31, 2008 pursuant to ECF as to Filing Users and service complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

<u>s/ Paul Caghan</u>
Paul Caghan, P.C.
2506 N. Clark St.
Chicago,  IL 60614
(312) 251-1101
(A.R.D.C. #3123213)

31