IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VEENOD PATEL, et al. ) | |
| ) | |
| Plaintiffs ) | |
| ) | Case No.: 08 CV 386 |
| v. ) | |
| ) | Hon. Blanche M. Manning |
| DILIPKUMAR PATEL, ASHWIN PATEL, and ) | |
| ASIAN AMERICAN HOTEL OWNERS ) | Magistrate Judge Susan E. Cox |
| ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |

**DILIPKUMAR PATEL, ASHWIN PATEL, AND ASIAN AMERICAN
HOTEL OWNERS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT INSTANTER**

Defendants Asian American Hotel Owners Association ("AAHOA"), Dilipkumar Patel, and Ashwin Patel (collectively the "Defendants"), by their undersigned attorneys, hereby oppose Plaintiffs' Motion for Leave to File Second Amended Complaint Instanter. In support of this Opposition, Defendants state as follows:

1.  On September 21, 2007, Plaintiffs served Defendants with their original complaint, filed in the Circuit Court of Cook County, Illinois and consisting solely of state law claims. The original complaint also included an additional co-defendant, the Village of Rosemont, Illinois. Defendants timely moved to dismiss the original complaint.

2.  Rather than respond to Defendants' motion to dismiss in the state court, Plaintiffs sought and received leave to file an amended complaint.

3.  The amended complaint was the first pleading which properly could be removed to federal court, and Defendants timely did so on January 17, 2008. In accordance with Federal Rule of Civil Procedure 81(c), Defendants timely filed their Motion to Dismiss in this Court on

- 2 -

January 25, 2008. Defendants' Motion to Dismiss the Amended Complaint is pending, although Plaintiffs failed to respond to the motion by the Court's deadline of March 4, 2008.

4. On February 15, 2008, Plaintiffs filed their Motion to Remand to State Court, which took the surprising, and meritless, positions that: (1) the addition of RICO claims did not support federal question jurisdiction; and (2) Defendants should have removed the case based on diversity of citizenship in the original complaint notwithstanding the inclusion of the non-diverse defendant Village of Rosemont because Defendants "could have discerned" that the Village of Rosemont had been fraudulently joined by the Plaintiffs and was not a proper co-defendant.

5. As discussed in Defendants' Opposition to Plaintiffs' Motion to Remand, the Motion to Remand had no substantial basis in fact or law, and could not have been made in good faith. The case law upon which it relied was either grossly misrepresented, wrong, or inapplicable. Because of the lack of good faith, Defendants respectfully requested that the Court award Defendants their attorneys' fees and costs incurred in responding to Plaintiffs' Motion to Remand.

6. Just as they failed to respond to Defendants' Motion to Dismiss, Plaintiffs failed to file any reply in support of their Motion to Remand by March 26, 2008, as required by Court Order. Instead, on March 31, 2008, Plaintiffs abandoned their Motion to Remand as an afterthought in their Motion for Leave to File Second Amended Complaint, stating that "[a]fter much consideration, the plaintiffs have elected to withdraw their motion to remand to state court." (Mot. for Leave ¶ 1.) Plaintiffs conceded that "the position of defendants as shown in their response has merit." (*Id.* ¶ 3.) Incredibly, in the very next breath they ask this Court not to award attorneys' fees and costs to Defendants for having to invest time and money in opposing their groundless Motion to Remand. (*Id.*)

7. With respect to their Motion for Leave to File Second Amended Complaint, Plaintiffs state only that "[i]n keeping with the federal pleading requirements, plaintiffs submit their proposed Second Amended Complaint, attached [to the motion] as Exhibit A." (*Id.* ¶ 2.) Plaintiffs do not provide any reason for or summary description of their proposed amendments.

8. A plaintiff does not have an absolute right to amend a complaint. A district court has the right to deny a motion for leave to amend the complaint if the proposed amendments will not cure the deficiencies in the original pleading or could not survive another motion to dismiss. *See, e.g., Raveling v. HarperCollins Publishers, Inc.*, No. 04-2963, 2005 WL 900232, at *6 (7th Cir. Mar. 4, 2005); *Nigrelli v. Catholic Bishop of Chicago*, 794 F. Supp. 246, 248 (N.D. Ill. 1992). A plaintiff seeking leave to amend a complaint needs to substantiate the reasons for the amendment. *See Crim v. Bd. of Education of Cairo School Dist. No. 1*, 147 F.3d 535, 548 (7th Cir. 1998). Embellishments of fact without a material difference does not justify granting leave to amend the complaint. *See Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000).

9. Although Plaintiffs have changed some wording, adding a few irrelevant details and conclusory language, they still fail to state a claim against Defendants either under the Racketeer Influenced and Corrupt Organizations Act claim, 18 U.S.C. § 1961 *et seq.*, ("RICO") (Count I) or for common law fraud (Count II). Even the most cursory review of the Amended Complaint and the proposed Second Amended Complaint reveals that Plaintiffs have not made any changes of sufficient scope or substance to justify allowing the filing of a Second Amended Complaint.

10. Nor does the proposed Second Amended Complaint address the numerous defects identified in the motion to dismiss the existing Amended Complaint. In Count I, a purported RICO claim, Plaintiffs still do not allege any facts that Defendants "conducted" an "enterprise,"

or that Defendants engaged in a "pattern" of "racketeering," all specifically defined elements under the law necessary to a civil RICO claim under 18 U.S.C. § 1962(c). *See, e.g., Lachmund v. ADM Investor Servs, Inc.*, 191 F.3d 777, 783 (7th Cir. 1999). Plaintiffs still fail to allege any facts from which the Court could conclude that Defendants "(1) received income, (2) derived from a pattern of racketeering, and (3) used the income to acquire an interest in or to operate, (4) an enterprise," all of which is required to state a claim under 18 U.S.C. § 1962(a). *See, e.g., Matrix IV, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, No. 06 C 1661, 2007 WL 853965, at *8 (N.D. Ill. Mar. 15, 2007), quoting *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994). Plaintiffs continue to neglect to allege facts regarding any agreement sufficient to state a conspiracy-based RICO claim pursuant to 18 U.S.C. § 1962(d). *See, e.g., Lachmund*, 191 F.3d at 785. And Plaintiffs persist in their failure to include factual allegations that Plaintiffs suffered an injury proximately caused by Defendants' alleged actions as required by sections 1962(a), (c), and (d). *See, e.g., RWB Servs. LLC v. Rally Capital Servs., LLC.*, 502 F. Supp. 2d 787, 790-91 (N.D. Ill. 2007), citing *Evans v. City of Chicago*, 434 F.3d 916, 924 (7th Cir. 2006).

11.     In Count II, a common law fraud claim, Plaintiffs still fail to comply with Federal Rule of Civil Procedure 9(b), which requires that fraud claims be pled with particularity. There are still no factual allegations about how any representations caused any injury to any of Plaintiffs. Nor do Plaintiffs plead exactly how they relied upon (or took any action whatsoever based on) any statements made by any Defendant, or how that reliance was reasonable.

12.     While each of these pleading deficiencies was plainly identified and explained in the pending motion to dismiss, Plaintiffs' proposed Second Amended Complaint does not cure any of them. Nor could the proposed Second Amended Complaint possibly survive a renewed

motion to dismiss. Given that the proposed Second Amended Complaint suffers from the identical defects as its predecessor, there is no reason to allow its filing, and to require the Defendants and this Court to go through the pointless exercise of seeking, and granting, its dismissal. These are precisely the circumstances in which the Seventh Circuit and this District recognize it is appropriate to deny leave to amend.

13. This is now the third time that Plaintiffs have filed a pleading or a motion which was opposed by Defendants, and Plaintiffs then either moved to amend the pleading or withdrew the motion. Plaintiffs continue to make unsupported and unsustainable claims and allegations, without providing sufficient factual support or properly investigating applicable law. These tactics have forced the Defendants to incur substantial expense in tilting at the Plaintiffs' windmills...seeking dismissal of the original complaint, which was then replaced by the amended complaint, opposing a remand motion which was then withdrawn, and seeking dismissal of the amended complaint, which the Plaintiffs now seek to substitute with an equally flawed second amended complaint. At each misstep, Plaintiffs have conceded -- either implicitly or explicitly -- that they were wrong on the law and that their complaint or motion could not withstand judicial scrutiny.

14. Plaintiffs have an obligation to this Court and to the judicial process to properly investigate the facts and law before filing their complaints and motions. It would be fundamentally unfair to permit Plaintiffs to continue this pattern of litigation by blunder and mistake, imposing delay, expense, and the shadow of purported RICO and fraud claims upon Defendants, only to repeatedly permit them to jettison their ill-conceived filings without any repercussions.

15. Defendants have consistently presented well-considered and well-supported positions why each of the pleadings and motions filed and made by the Plaintiffs are legally insufficient. Plaintiffs' only response has been to make spurious arguments which they then abandon, only to rehash the same meritless positions in new papers. The time has come to put a stop to these abusive and pointless tactics. The motion for leave to file a second amended complaint should be denied, the motion to dismiss the amended complaint should be granted with prejudice, and Defendants should be awarded their attorneys' fees and costs for being forced to participate in this charade.

WHEREFORE, Defendants Asian American Hotel Owners Association, Dilipkumar Patel and Ashwin Patel respectfully request that the Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint Instanter, dismiss the Amended Complaint with prejudice, award Defendants their costs and fees, and grant such other relief as the Court deems just.

Dated: April 2, 2008                      Respectfully submitted,

                                          DILIPKUMAR PATEL, ASHWIN PATEL,
                                          and ASIAN AMERICAN HOTEL
                                          OWNERS ASSOCIATION

                                          By: /s/ Bevin M. Brennan
                                              One of Their Attorneys

Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL  60601
Telephone:  (312) 456-8400
Facsimile:  (312) 456-8435

## CERTIFICATE OF SERVICE

    I, Bevin M. Brennan, hereby certify that on April 2, 2008 I electronically filed the foregoing **DILIPKUMAR PATEL, ASHWIN PATEL, AND ASIAN AMERICAN HOTEL OWNERS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT INSTANTER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Paul Caghan
    PAUL CAGHAN, P.C.
    2506 N. Clark Street
    Chicago, IL  60614

    caghan@ameritech.net


                                                          /s/ Bevin M. Brennan