IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VEENOD PATEL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.   08  C  386 |
| | ) | |
| DILIPKUMAR PATEL, et al., | ) | |
| | ) | Judge Blanche M. Manning |
| | ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO FILE**
**THIRD AMENDED COMPLAINT INSTANTER**

NOW COME the plaintiffs and for their Motion for Leave to File Third Amended Complaint Instanter state as follows:

1.      The plaintiffs have corrected the defects suggested by defendants. The initial defect claimed by defendants is the purported lack of specificity required by Rule 9(b).  (Defendants' Memorandum filed 1/25/88, pp. 6-7).  This argument now sounds hollow, because the specific information plaintiffs need to meet Rule 9(b)'s heightened pleading standard is in the hands of the defendants, who have resisted plaintiffs' attempts in discovery to obtain same.  Despite written and oral demands, defendants have completely ignored plaintiffs' attempts to obtain discovery.

2.      The defendants failed to provide contract documents between AAHOA and food vendors or entertainers hired for AAHOA conventions, dues statements, communications and franchise agreements between defendants and Choice Hotels and Wyndham Hotels, and other items.  (*See* Third Amended Complaint, par. 50).

1

The plaintiffs are unable to specify the exact time, place and content of the misrepresentations, identity of the person who made the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff, because the defendants have refused to provide same. (*See* Third Amended Complaint, par. 52).

3. The defendants' second line of reasoning is to invoke Rule 12(b)(6) and claim that R.I.C.O. claims are not well-pleaded. Any such defects have been remedied in the proposed Third Amended Complaint. The defendants state that plaintiffs failed to allege facts that defendants conducted an enterprise. (Def. Memorandum filed January 25, 2008, pp. 7-9). This element is satisfied by allegations that defendants Danny Patel, Ashwin Patel and AAHOA entered into an agreement to obtain kickbacks paid by corporate franchisors, vendors, organizations and individuals that contract with AAHOA. (*See* Third Amended Complaint, par. 45-48).

4. The specificity in plaintiffs' allegations satisfies the standard in *Goren* because plaintiffs showed that each defendant participated in the operation and management of the racketeering enterprise. *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998). Plaintiffs allege that Danny Patel, Ashwin Patel and AAHOA agreed to a scheme to defraud the AAHOA membership and participated in the creation of false dues statements, false statements in contracts with vendors and entertainers, and secret and fraudulent compensation arrangements with corporate hotel franchisors. (*See* Third Amended Complaint, par. 49).

5. The plaintiffs have shown an ongoing structure of persons associated through time, joined in purpose, and committed to the goal of graft. *Richmond v. Nationwide and Cassel L.P.*, 53 F.3d 640, 643 (7th Cir. 1995). The structure and goals of the enterprise are clearly separate from the underlying organization, AAHOA. The structure and goals are to skim kickbacks from vendors, entertainers and corporate hotel franchisors that do business with AAHOA.

6. The plaintiffs answered defendants' objections concerning a pattern of racketeering activity. (Def. Memorandum, pp. 9-11). The plaintiffs allege that a portion of the amounts paid by AAHOA for food vendors and entertainers is continuously kicked back to the defendants Ashwin Patel and Danny Patel. (*See* Third Amended Complaint, par. 56). Plaintiffs plead details of defendants pattern of skimming kickbacks over the years, starting with the 2003 AAHOA annual convention in Long Beach, California, continuing at the 2007 AAHOA annual convention in Charlotte, North Carolina, and continuing through the present at the 2008 AAHOA annual convention in San Antonio, Texas. (*See* Third Amended Complaint, par. 55). Plaintiffs allege a continuing threat of skimming that is likely to engulf future vendors and contractees of AAHOA. (*See* Third Amended Complaint, par. 55).

7. Plaintiffs successfully plead the 1962(a) investment of proceeds claim. (Def. Memorandum, pp. 11-12). Plaintiffs plead that defendants waited for the dues money to come in and used it to pay kickbacks. (*See* Third Amended Complaint, par. 90). Defendants used the money obtained from kickbacks and skimming of

3

dues to pay financial inducements to other members of the Board of Directors including Tarun Patel and Vipin Patel, to fraudulently obtain control over decision-making by the Board. (*See* Third Amended Complaint, par. 91). Plaintiffs allege facts sufficient to establish that defendants received income derived from a pattern of racketeering and used that income to operate an enterprise. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 4).

    8.    Plaintiffs answered defendants' objections to the pleading of an agreement to support a conspiracy-based R.I.C.O. claim. (Def. Memorandum, pp. 12-13). Plaintiffs allege that the objective of the conspiracy was to obtain a portion of members' dues through kickbacks from AAHOA contractees. Plaintiffs allege that defendants Danny Patel and Ashwin Patel conspired to defraud members' out of a portion of their dues by obtaining kickbacks from food vendors and entertainers hired for AAHOA conventions. (*See* Third Amended Complaint, par. 85). The roles in the conspiracy are clearly defined. Each of the defendants participated in the creation of false dues statements, false statements in contracts with vendors and entertainers, and secret and fraudulent compensation arrangements with corporate hotel franchisors. (*See* Third Amended Complaint, par. 85).

    9.    Defendants attacked causation and injury. Proximate cause, however, is clearly defined in the Third Amended Complaint. Plaintiffs state that but for defendants' collection of members' dues by fraud, the kickbacks could not have been obtained because the dues money provided a pool of funds which paid the AAHOA contractees. (*See* Third Amended Complaint, par. 53). Dues are the only source of

regular income for AAHOA, so misrepresentations made to solicit dues are proximately related to the defendants' collection of kickbacks. (*See* Third Amended Complaint, par. 54). A direct relationship exists between the defendants' receipt of kickbacks and the fraud perpetrated against the members.

10. Plaintiff properly plead the common law fraud claim given that defendants used the "head-in-the-sand" approach to responding to discovery requests. (*See* Third Amended Complaint, par. 98-107). Defendants completely ignored the discovery rules to the extent that any arguments about lack of particularity should be tossed aside.

WHEREFORE, the plaintiffs pray that this Honorable Court grant leave to plaintiffs to file instanter their Third Amended Complaint, and for such further relief as the court deems just.

Dated: June 20, 2008　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　PLAINTIFFS

　　　　　　　　　　　　　　　　　　　　　<u>s/ Paul Caghan</u>
　　　　　　　　　　　　　　　　　　　　　Paul Caghan, P.C.
　　　　　　　　　　　　　　　　　　　　　2506 N. Clark St.
　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60614
　　　　　　　　　　　　　　　　　　　　　(312) 251-1101
　　　　　　　　　　　　　　　　　　　　　(A.R.D.C. #3123213)

<u>CERTIFICATE OF SERVICE</u>

      The undersigned, an attorney, certifies that service was accomplished on June 20, 2008 pursuant to ECF as to Filing Users and service complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

                                  <u>s/ Paul Caghan</u>
                                  Paul Caghan, P.C.
                                  2506 N. Clark St.
                                  Chicago, IL 60614
                                  (312) 251-1101
                                  (A.R.D.C. #3123213)