IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VEENOD PATEL, et al. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Plaintiffs, | ) | No.    08 CV 386 |
| | ) | |
| v. | ) | Hon. Blanche M. Manning |
| | ) | |
| DILIPKUMAR PATEL, et al., | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| | ) | |
| Defendants. | ) | |

## THIRD AMENDED COMPLAINT

NOW COME the plaintiffs by and through their attorney and for their Third Amended Complaint against defendants Dilipkumar Patel, Ashwin Patel and the Asian American Hotel Owners Association state as follows:

### JURISDICTION

1.      Plaintiffs, Veenod Patel, Tara V. Patel, Raman J. Patel, Victor Solia, Rosa Solia, Sharadchandra K. Dani, Dipen B. Patel, Shital D. Patel, Kirin G. Shah, Mahesh V. Mody, Panny Mody, Priti K. Shah, Devang H. Patel, Harshad N. Thakkar, Sudha H. Thakkar, Biren Shah, Chanchal M. Patel, Kishan N. Patel, Rita K. Petal, Manubhai Patel, Dave Brahmbhatt, Barkat Gillani, Harsha P. Shukla, Pradeep B. Shukla, Ami Mehta, Akshay Thaker, Jaya K. Patel, Kanti S. Patel, Vibha Thaker, Roma Shah, Sanjeet Shah, Ganshyam Patel, Arunkumar Trivedi, Narendra A. Patel, Vidyut Patel, Babu Patel, Chiman Patel, Haresh K. Shah, Moti Agarwal, Raj Savsani, Daksha J. Patel, Jitendra R. Patel, Jennie E. Cannell Puri,

Sunil Puri, Sumanbhai D. Bhakta, Kirit Madhiwala, Mansoorali Lakhani,
Mohammed Gilani, Shahim Lakhani, Vyomesh M. Joshi, Kalpesh Joshi, Ashok B.
Shah, and Gita A. Shah, are residents of the State of Illinois.

2.      Plaintiffs are informed and believe, and on the basis of such
information and belief allege, that defendant Dilipkumar Patel (a/k/a "Danny
Patel") is a resident of the State of Georgia.

3.      Plaintiffs are informed and believe, and on the basis of such
information and belief allege, that defendant Ashwin Patel is a resident of the State
of Arizona.

4.      Plaintiffs are informed and believe, and on the basis of such
information and belief allege, that defendant Asian American Hotel Owners
Association ("AAHOA") is a nonprofit corporation established under the laws of the
State of Georgia.

5.      The amount in controversy, exclusive of interest and costs, exceeds
$75,000.00.

## STATEMENT OF FACTS

6.      Dilipkumar Patel (a/k/a "Danny Patel") is the current Chairman of
AAHOA.

7.      Ashwin Patel is the current Vice Chairman of AAHOA.

8.      AAHOA is a Georgia non-profit corporation incorporated on August 16,
1990 with its principal office in the City of Atlanta, State of Georgia.

9.      AAHOA has approximately 8,000 members located throughout the
United States of America.

10.    The Upper Midwest Region of AAHOA includes Illinois, Wisconsin, Iowa, Minnesota, South Dakota, North Dakota and Nebraska.

11.    The other regions that make up AAHOA include the Northwest, North Pacific, Central Pacific, South Pacific, South West, North Texas, South Texas, Gulf, Central Midwest, Canada, North Central, Mid South, Southeast, Florida, North Georgia, Washington, Mid East and North East Regions.

12.    At the 2003 AAHOA annual convention in Long Beach, California, defendant Dilipkumar Patel was elected to the position of North Georgia Regional Director and AAHOA Board Member because Dilipkumar Patel paid members to vote for him.

13.    At the 2004 AAHOA annual convention in New Orleans, defendant Dilipkumar Patel was elected to the position of AAHOA Treasurer and AAHOA Board Member because Dilipkumar Patel paid members to vote for him.

14.    At the 2006 AAHOA annual convention in Las Vegas, Sam Devadhra was elected as Director at Large and Tarun Patel was elected as Treasurer.

15.    `The defendants Dilipkumar Patel and Ashwin Patel knew that Sam Devadhra and Tarun Patel would vote according to defendants' instructions on matters before the AAHOA Board of Directors.

16.    At the June 9, 2006 meeting, Dilipkumar Patel indicated that a decision will be made on the sites and dates for the 2008 convention which was to be held in the Upper Midwest Region because of the rotation schedule.

17.    At the September 7, 2006 meeting, the AAHOA Board of Directors determined that Chicago was chosen by secret ballot as the location for the 2008 annual convention.

18.    Fred Schwartz, as president of AAHOA, executed agreements with Hyatt Hotels and the Village of Rosemont Donald E. Stephens Convention Center for AAHOA's annual meeting to be held April 30 to May 2, 2008.

19.    At the 2007 AAHOA annual convention in Charlotte, Vipin Patel was elected as Director at Large.

20.    Defendants Dilipkumar Patel and Ashwin Patel knew that Vipin Patel would vote as instructed on matters before the AAHOA Board of Directors.

21.    The March 15, 2004 AAHOA Board of Directors Meeting Minutes indicate that the Board of Directors acknowledged that the ultimate authority for determining the locations for the 2005 convention with the region was up to the AAHOA Executive Committee.

22.    Satish Gabhawala is currently and has been since the year 2000, a member of the Asian American Hotel Operators Association, Inc., a Georgia non-profit corporation ("AAHOA").

23.    Satish Gabhawala is currently and has been since the year 2005, a member of the Board of Directors of AAHOA.

24.    The move of the 2008 annual convention from Chicago to San Antonio was caused primarily by the actions of defendants Dilipkumar Patel and Ashwin Patel.

25.     On May 14, 2007, defendant Ashwin Patel spoke on the telephone in a conference call with Tarun S. Patel, Chandrakant I. Patel, Mukesh J. Mowji, Kirrit Bhikha, Shailendra Devdhara, Satish Gabhawala, Anil N. Patel, Dharmesh Patel, Bankim Patel, Hasu Patel, Jay Patel, Kalpana Patel, Kalpesh Patel, Paul Patel, Sanjay Patel, Vipin Patel, Suresh Sarpanch Patel, Bobby Newman and Fred Schwartz.

26.     During the May 14, 2007 conference call, Dilipkumar Patel indicated that "we" are presently visiting the site of the 2008 convention in Rosemont and will present such findings to the Board of Directors and that the findings would be updated at the board meeting.

27.     In the conference call of May 14, 2007, defendant Ashwin Patel took the position that space requirements at the Rosemont Convention Center were being examined.

28.     On May 14, 2007, defendants Dilipkumar Patel and Ashwin Patel knew that holding the convention in Chicago would likely result in defendants' loss of control over the AAHOA Board of Directors.

29.     On June 12, 2007, defendants Dilipkumar Patel and Ashwin Patel were present at a Board meeting attended by Tarun S. Patel, ChandraKant I. Patel, Fred Schwartz, Kirrit Bhikha, S. Gabhawala, Bobby Newman, Raj Parikh, Bankim M. Patel, Dharmesh Patel, Davang Patel, Dinesh Patel, Hasu Patel, Ishwar Patel, Jay Patel, Kalpana Patel, Kaushik S. Patel, Mehul Patel, Paul Patel, Sanjay Patel,

Vipin Patel, Suresh Sarpanch, Harshvina Zaver, Kalpesh Patel, Ramesh Gokal, Gary Prema, Rajesh Lakhan, Bharat Trivedi, Kiran Parekh and Dinu D. Pely.

30.    On June 12, 2007, defendants Dilipkumar Patel and Ashwin Patel took the position at the Board meeting that the Rosemont Convention Center (a/k/a Donald E. Stephens Convention Center) had problems with the shape of the rooms, ceiling heights, number and spacing of columns and seating setup.

31.    On June 12, 2007, defendants Dilipkumar Patel and Ashwin Patel sent the AAHOA Board of Directors Meeting Minutes for June 12, 2007 by electronic mail to Mukesh J. Mowji, Shailendra Devdhara, Alkesh R. Patel, Anthony Falor, Anil M. Patel, Hemant Patel and Kirit Bhakta.

32.    The AAHOA Board meeting minutes for June 12, 2007 contained statements by defendants Dilipkumar Patel and Ashwin Patel that the Rosemont Convention Center had problems with the shape of the rooms, ceiling heights, number and spacing of columns and seating setup.

33.    On June 12, 2007, defendants Dilipkumar Patel and Ashwin Patel knew that holding the convention in Chicago would likely result in defendants' loss of control over the AAHOA Board of Directors.

34.    On June 12, 2007, Dilipkumar Patel stated the policy adopted by the board of directors for selecting new convention sites.

35.    During the June 12, 2007 BOD meeting, Dilipkumar Patel confirmed that the board of directors has already approved going to the Rosemont Convention Center for the 2008 convention.

36.     During the June 12, 2007 meeting, and despite prior approval of the board of directors, Dilipkumar Patel raised issues surrounding the suitability of the Rosemont Convention Center as the appropriate facility for the 2008 convention.

37.     Without board approval, Dilipkumar Patel authorized Fred Schwartz to negotiate to get out of the deal to hold the convention in Chicago.

38.     On June 27, 2007, Ashwin Patel and Dilipkumar Patel, as Chairman and Vice-Chairman of AAHOA,  sent an email to the AAHOA Board of Directors stating their intent to move the 2008 annual convention away from Chicago to San Antonio, Texas.

39.     The June 27, 2007 email from Ashwin Patel and Danny Patel was also sent of all officers of AAHOA.

40.     The June 27, 2007 email  stating that Danny Patel and Ashwin Patel intended to have AAHOA pay liquidated damages to Hyatt Hotels and Donald E. Stephens Convention Center to terminate contracts for the Chicago convention.

41.     On June 27, 2007, defendants Dilipkumar Patel and Ashwin Patel knew that holding the convention in Chicago would likely result in defendants' loss of control over the AAHOA Board of Directors.

42.     On July 16, 2007, and for at least six months prior thereto, defendants Dilipkumar Patel and Ashwin Patel knew that holding the convention in Chicago would likely result in defendants' loss of control over the AAHOA Board of Directors,

43.     On July 16, 2007, and for at least six months prior thereto,

7

defendants Dilipkumar Patel and Ashwin Patel knew that by moving the convention to San Antonio the defendants could erect geographical barriers to voters from the Midwest region and retain control over the AAHOA Board of Directors.

44.    On July 26, 2007, AAHOA sent a check for $48,000.00 to Donald E. Stephens Convention Center, for a total liquidated damages payment of $60,000.00 including the deposit.

## Count 1

## Racketeer-Influenced Corrupt Organization

## 18 U.S.C. 1962(c)

## DILIPKUMAR PATEL, ASHWIN PATEL and AAHOA

45.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendants Dilipkumar Patel, Ashwin Patel and AAHOA entered into an agreement to obtain kickbacks paid by vendors, organizations and individuals that contract with AAHOA, and from corporate hotel franchisors.

46.    Defendants' goal, which they achieved, was to obtain kickbacks from food vendors, entertainers and other contractors hired by AAHOA, and from franchisors including Choice Hotels and Wyndham Hotels.

47.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendant Dilipkumar Patel received kickbacks from food vendors and entertainers hired for the 2003 AAHOA annual convention in

Long Beach, California, the 2007 AAHOA annual convention in Charlotte, North Carolina, and the 2008 annual convention in San Antonio, Texas.

48.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendant Ashwin Patel received kickbacks from food vendors and entertainers hired for the 2003 AAHOA annual convention in Long Beach, California, the 2007 AAHOA annual convention in Charlotte, North Carolina, and the 2008 annual convention in San Antonio, Texas.

49.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that the defendants Danny Patel, Ashwin Patel and AAHOA agreed to a scheme to defraud the AAHOA membership and participated in the creation of false dues statements, false statements in contracts with vendors and entertainers, and secret and fraudulent compensation arrangements with corporate hotel franchisors.

50.    The specific information plaintiffs need to meet Rule 9(b)'s heightened pleading standard is in the hands of the defendants, who have resisted plaintiffs' attempts in discovery to obtain contract documents between AAHOA and food vendors or entertainers hired for AAHOA conventions, dues statements, communications and franchise agreements between defendants and Choice Hotels and Wyndham Hotels, and other items.

51.    The false representations are contained in dues statements sent to plaintiffs.  The dues solicitations are innocuous communications that are incident to

an essential part of the scheme, the collection of a pool of money from which to obtain kickbacks.

52.    The plaintiffs are unable to specify the exact time, place and content of the misrepresentations, identity of the person who made the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff, because the defendants have refused to provide same.

53.    But for defendants' collection of members' dues by fraud, the kickbacks could not have been obtained because the dues money provided a pool of funds which paid the AAHOA contractees.

54.    A direct relationship exists between the defendants' receipt of kickbacks and the fraud perpetrated against the members. The dues are the only source of regular income for AAHOA, so misrepresentations made to solicit dues are proximately related to the defendants collection of kickbacks.

55.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that the skimming of money from dues by defendants Danny Patel, Ashwin Patel and AAHOA is a continuing pattern of misrepresentation and presents the likelihood of continued racketeering activity. The scheme is likely to continue to collect members' dues under fraudulent means and to obtain future kickbacks from vendors and other contractees of AAHOA.

56.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that a portion of the amounts paid by AAHOA for food

vendors and entertainers is continuously kicked back to the defendants Ashwin Patel and Danny Patel.

57.    The injury to plaintiffs is damage to a cognizable property interest, the dues collections from members.

58.    The use of the mails to solicit dues and the collection of dues by mail or email constitute the means of wire communication.  The wire communications took place in interstate commerce.

59.    The defendants intended to defraud plaintiffs.

60.    The plaintiffs relied on the misrepresentations made by defendants in the dues solicitations and as a direct and proximate result thereof, the plaintiffs paid association dues to AAHOA which were skimmed by defendants.

61.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendants Danny Patel, Ashwin Patel and AAHOA entered into an agreement to defraud the AAHOA membership, including the plaintiffs, by accepting kickbacks from Choice Hotels and Wyndham Hotels to change, delay and suppress publication of the AAHOA Performance Appraisal Report, also known as the PAR or Report Card.

62.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendants Danny Patel, Ashwin Patel and AAHOA caused changes in development and wording of the PAR for the purpose of minimizing or eliminating criticism of Wyndham Hotels and Choice Hotels.

63.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that as compensation for delaying and preventing publication of the Performance Appraisal Report critical of Choice Hotels and Wyndham Hotels, Choice Hotels and Wyndham Hotels provided defendant Dilipkumar Patel with lenient terms in franchise agreements for Danny Patel's hotels in Georgia and the Carolinas, less rigorous and less frequent compliance inspections, withholding of litigation against Danny Patel's hotel operations, lower royalty fees, and other compensation.

64.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that as compensation for delaying and preventing publication of the Performance Appraisal Report critical of Choice Hotels and Wyndham Hotels, Choice Hotels and Wyndham Hotels provided defendant Ashwin Patel with lenient terms in franchise agreements for Ashwin Patel's hotels in Arizona and California, less rigorous and less frequent compliance inspections, withholding of litigation against Ashwin Patel's hotel operations, lower royalty fees, and other compensation.

65.     The defendants Danny Patel, Ashwin Patel and AAHOA violated Title 18 U.S.C. Sec. 1962(a), (c) and (d).   The defendants formed a scheme to defraud, used the mails and wires in furtherance of that scheme, and had the requisite intent to defraud.

66.    The alleged wrongdoers are Danny Patel, Chairman of the Asian American Hotel Owners Association ("AAHOA"), Ashwin Patel, Vice Chairman of AAHOA, and the Asian American Hotel Owners Association.

67.    The acts committed by Danny Patel and Ashwin Patel alleged here were done by them personally, either while present in, or by the use of the mails and other instrumentalities in interstate commerce to and from the State of Illinois and elsewhere.

68.    The victims are the plaintiffs Veenod Patel, Tara V. Patel, Raman J. Patel, Victor Solia, Rosa Solia, Sharadchandra K. Dani, Dipen B. Patel, Shital D. Patel, Kirin G. Shah, Mahesh V. Mody, Panny Mody, Priti K. Shah, Devang H. Patel, Harshad N. Thakkar, Sudha H. Thakkar, Biren Shah, Chanchal M. Patel, Kishan N. Patel, Rita K. Petal, Manubhai Patel, Dave Brahmbhatt, Barkat Gillani, Harsha P. Shukla, Pradeep B. Shukla, Ami Mehta, Akshay Thaker, Jaya K. Patel, Kanti S. Patel, Vibha Thaker, Roma Shah, Sanjeet Shah, Ganshyam Patel, Arunkumar Trivedi, Narendra A. Patel, Vidyut Patel, Babu Patel, Chiman Patel, Haresh K. Shah, Moti Agarwal, Raj Savsani, Daksha J. Patel, Jitendra R. Patel, Jennie E. Cannell Puri, Sunil Puri, Sumanbhai D. Bhakta, Kirit Madhiwala, Mansoorali Lakhani, Mohammed Gilani, Shahim Lakhani, Vyomesh M. Joshi, Kalpesh Joshi, Ashok B. Shah, and Gita A. Shah, members of the Asian American Hotel Owners Association.

69.    The alleged predicate acts and the specific statutes allegedly violated by each predicate act include acts that violate the following provisions of Title 18,

United States Code: section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), and section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity).

70.    The pattern of racketeering activity includes at least two acts of racketeering activity, one of which occurred after the effective date of the Act and the last of which occurred within ten years after the commission of a prior act of racketeering activity.

71.    On March 31, 2007, and prior and subsequent thereto, defendants Dilipkumar Patel and Ashwin Patel committed mail fraud and wire fraud by misrepresentations that defendants had not participated in illegal kickback schemes with Wyndham Hotels and Choice Hotels when in fact defendants possessed prior knowledge that Wyndham Hotels and Choice Hotels provided secret compensation to defendants to suppress and delay publication of the PAR.

72.    The defendants Dilipkumar Patel and Ashwin Patel received illegal kickbacks from Choice Hotels and Wyndham Hotels including lenient franchise agreements for Dilipkumar Patel's hotels in Georgia and the Carolinas and Ashwin Patel's hotels in Arizona and California, less rigorous and less frequent compliance inspections, lower royalty fees, the withholding of litigation against defendants' hotels for serious contract breaches, aggressive litigation against non-favored hotels for minor contract breaches, and other compensation.

73.    The defendants Danny Patel, Ashwin Patel and AAHOA committed mail fraud and wire fraud by misrepresentations used to solicit members' dues from

which defendants skimmed amounts through contract kickbacks from vendors and entertainers hired by AAHOA.

74.    The defendants Danny Patel and Ashwin Patel conducted the affairs of AAHOA through a pattern of racketeering and are employed by or associated with the enterprise.  The defendants Danny Patel and Ashwin Patel made false representations to facilitate the fraud upon the plaintiffs and others.

75.    The enterprises, individuals, partnerships, corporations, associations, or other entities allegedly constituting the enterprise are the Asian American Hotel Owners Association, Danny Patel and Ashwin Patel.  The Asian American Hotel Owners Association, Danny Patel and Ashwin Patel are perpetrators of the alleged racketeering activity.  The benefits received by defendants Danny Patel and Ashwin Patel include the use and enjoyment of the monies belonging to plaintiffs, increased profits, and improvement of their hotels' competitive position.

76.    The structure, purpose, roles, function, and course of conduct of the enterprise included acts of mail fraud and wire fraud and other acts that were false and fraudulent.

77.    The relationship between Danny Patel, Ashwin Patel and AAHOA is ordered and arranged as part of a common plan and external organizing principle to defraud and convert the assets of the plaintiffs.

78.    The activities of the enterprise affect interstate and foreign commerce. Such activities in and affecting interstate commerce include, among others, the hotel industry, which includes interstate commerce.

79.    Defendants, for the purpose of executing the scheme to defraud plaintiffs of their property, transmitted and caused to be transmitted communications by means of wire in interstate commerce.  Such interstate communications by wire included, without limitation, telephone calls between plaintiffs and other agents and employees, and defendants. The specific information plaintiffs need to meet Rule 9(b)'s heightened pleading standard is in the hands of the defendants, who have resisted plaintiffs' attempts in discovery.  The plaintiffs are unable to specify the exact time, place and content of the misrepresentations, identity of the person who made the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff, because the defendants have refused to provide same.

80.    The use of the mails for purposes of effectuating the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C. Sec. 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C.A. Sec. 1964(c).

81.    The plaintiffs were injured by loss of membership dues that had been paid, increased membership dues to cover losses caused by defendants' violation of the R.I.C.O. law, and other losses.

82.    As a direct and proximate result of the violations of the RICO law by defendants Danny Patel, Ashwin Patel and AAHOA, in whole or in part, plaintiffs suffered economic and pecuniary losses including loss of membership dues, attorneys' fees, competitive position, diminution in value of plaintiffs' hotel operations, and will continue to experience such losses in the future.

**WHEREFORE**, the plaintiffs pray for judgment against each of the defendants Dilipkumar Patel, Ashwin Patel and AAHOA for the sum of twenty million ($20,000,000.00) dollars, treble damages, attorney's fees, and other expenses and losses.

### Count 2

### 18 U.S.C. 1962(d) Conspiracy

### DILIPKUMAR PATEL, ASHWIN PATEL and AAHOA

83.    The conspiracy committed by defendants in their common scheme was to conceal and affirmatively misstate the existence and value of illegal kickbacks and compensation received by defendants.  The alleged injury to business and property is the loss of millions of dollars.   The alleged injury was directly caused by defendants' violation of the R.I.C.O. statute.

84.    Defendants Ashwin Patel and Danny Patel conspired to obtain kickbacks from food vendors and entertainers hired for the AAHOA annual conventions in Charlotte, North Carolina and Las Vegas.

85.    Defendants Danny Patel and Ashwin Patel entered into an agreement to obtain members' dues by fraud.  The defendants conspired to defraud members' out of a portion of their dues by obtaining kickbacks from food vendors and

entertainers hired for AAHOA conventions.    The objective of the conspiracy was to obtain a portion of members' dues through kickbacks from AAHOA contractees.

86.    Defendants, for the purpose of executing the scheme to defraud plaintiffs of their property, transmitted and caused to be transmitted communications by means of wire in interstate commerce.  Such interstate communications by wire included, without limitation, telephone calls between plaintiffs and other agents and employees, and defendants.

87.    The use of the mails for purposes of effectuating the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C. Sec. 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C. Sec. 1964(c).

88.    The plaintiffs were injured by loss of attorneys' fees, membership dues that had been paid and increased membership dues to cover losses caused by defendants' violation of the R.I.C.O. law.

89.    As a direct and proximate result of the violations of the RICO law by defendants Danny Patel, Ashwin Patel and AAHOA, in whole or in part, plaintiffs suffered economic and pecuniary losses including loss of membership dues,

attorneys' fees, competitive position, diminution in value of plaintiffs' hotel operations, and will continue to experience such losses in the future.

**WHEREFORE**, the plaintiffs pray for judgment against each of the defendants Dilipkumar Patel, Ashwin Patel and AAHOA for the sum of twenty million ($20,000,000.00) dollars, treble damages, attorney's fees, and other expenses and losses.

### Count 3

### 18 U.S.C. 1962(a) Investment of Proceeds

### DILIPKUMAR PATEL, ASHWIN PATEL and AAHOA

90.    The plaintiffs were injured from predicate acts made possible by the defendants' internal investment and use of the proceeds of prior predicate acts. Defendants waited for the dues money to come in and used it to pay kickbacks.

91.    Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendants used the money obtained from kickbacks and skimming of dues to pay financial inducements to other members of the Board of Directors including Tarun Patel and Vipin Patel, to fraudulently obtain control over decision- making by the Board.

92.    In violation of 18 U.S.C. Sec. 1962(a), the income derived from the pattern of racketeering activity was received by defendants Danny Patel and Ashwin Patel.  The investment income from the racketeering activity was used to commit further acts of mail fraud and wire fraud.

93.    The activities by defendants Dilipkumar Patel and Ashwin Patel constituted a pattern of racketeering and defendants then invested the proceeds

from racketeering in an enterprise, thereby violating section 1962(a). The defendants Danny Patel and Ashwin Patel also caused injury from the predicate fraudulent representations, and from subsequent use or investment of the proceeds.

94.    Defendants, for the purpose of executing the scheme to defraud plaintiffs of their property, transmitted and caused to be transmitted communications by means of wire in interstate commerce. Such interstate communications by wire included, without limitation, telephone calls between plaintiffs and other agents and employees, and defendants.

95.    The use of the mails for purposes of effectuating the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C. Sec. 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C. Sec. 1964(c).

96.    The plaintiffs were injured by loss of membership dues that had been paid and increased membership dues to cover losses caused by defendants' violation of the R.I.C.O. law.

97.    As a direct and proximate result of the violations of the RICO law by defendants Danny Patel, Ashwin Patel and AAHOA, in whole or in part, plaintiffs suffered economic and pecuniary losses including loss of membership dues,

attorneys' fees, competitive position, diminution in value of plaintiffs' hotel operations, and will continue to experience such losses in the future.

**WHEREFORE**, the plaintiffs pray for judgment against each of the defendants Dilipkumar Patel, Ashwin Patel and AAHOA for the sum of twenty million ($20,000,000.00) dollars, treble damages, attorney's fees, and other expenses and losses.

**Count 4**

**<u>Fraud</u>**

**DILIPKUMAR PATEL, ASHWIN PATEL and AAHOA**

98.    At all times relevant, the defendants each had a duty to refrain from committing fraudulent representation against the plaintiffs.

99.    In breach of their duties as aforesaid, the defendants engaged in oral and written misrepresentations to defraud plaintiffs and obtain kickbacks from franchisors, vendors and entertainers for the AAHOA annual conventions, and other acts, including the following:

100.    Prior to the 2003 AAHOA annual convention in Long Beach, California, the 2007 AAHOA annual convention in Charlotte, North Carolina, and the 2008 annual convention in San Antonio, Texas, and prior and subsequent thereto, defendants Danny Patel and Ashwin Patel committed fraud by misrepresentations that defendants had acted in the best interests of AAHOA in awarding entertainment and food vending contracts when in fact defendants possessed prior knowledge that defendants received illegal kickbacks from entertainers and food vendors hired for the conventions.

101.   The specific information plaintiffs need to meet Rule 9(b)'s heightened pleading standard is in the hands of the defendants, who at this time have resisted plaintiffs' attempts in discovery to obtain contract documents between AAHOA and food vendors or entertainers hired for AAHOA conventions, dues statements, communications and franchise agreements between defendants and Choice Hotels and Wyndham Hotels, and other items.

102.   The false representations are contained in dues statements sent to plaintiffs.  The dues solicitations are innocuous communications that are incident to an essential part of the scheme, the collection of a pool of money from which to obtain kickbacks.

103.   The plaintiffs are unable to specify the exact time, place and content of the misrepresentations, identity of the person who made the misrepresentation, and the method by which the misrepresentations were communicated to the plaintiff, because the defendants have refused to provide same during discovery.

104.   The defendants Danny Patel, Ashwin Patel and AAHOA made the misrepresentations to the plaintiffs with knowledge of the falsity and with the intent of misleading the plaintiffs into relying on the misrepresentations.

105.   The fraudulent acts and conduct of defendants as described were intended to induce action in reliance thereon, and plaintiffs reasonably relied on the statements and misrepresentations by defendants.

106.    The acts of Danny Patel and Ashwin Patel are deemed to be the acts of and are chargeable to and binding upon the Asian American Hotel Owners Association.

107.    As a direct and proximate result of the breaches of duty by defendants Danny Patel, Ashwin Patel and the Asian American Hotel Owners Association, in whole or in part, the defendants defrauded the plaintiffs and plaintiffs suffered economic and pecuniary losses including loss of membership dues, attorneys' fees, competitive position, diminution in value of plaintiffs' hotel operations, and will continue to experience such losses in the future.

**WHEREFORE**, the plaintiffs pray for judgment against each of the defendants Dilipkumar Patel, Ashwin Patel and the Asian American Hotel Owners Association for the sum of twenty million ($20,000,000.00) dollars, and other expenses and losses.

Respectfully submitted,

PLAINTIFFS

s/ Paul Caghan
Paul Caghan, P.C.
2506 N. Clark St.
Chicago,  IL 60614
(312) 251-1101
(A.R.D.C. #3123213)

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that service was accomplished on June 20, 2008 pursuant to ECF as to Filing Users and service complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

<u>s/ Paul Caghan</u>
Paul Caghan, P.C.
2506 N. Clark St.
Chicago,  IL 60614
(312) 251-1101
(A.R.D.C. #3123213)