UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VEENOD PATEL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.:  08 CV 386 |
| ) | |
| DILIPKUMAR PATEL, ASHWIN PATEL, and ) | Hon. Blanche M. Manning |
| ASIAN AMERICAN HOTEL OWNERS ) | |
| ASSOCIATION, ) | Magistrate Judge Susan E. Cox |
| ) | |
| Defendants. ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
### FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

In their apparently never-ending attempt to prolong meritless litigation, Plaintiffs now seek leave to file a Third Amended Complaint (equating to a fourth complaint) against Defendants Dilipkumar Patel, Ashwin Patel and Asian American Hotel Owners Association ("AAHOA," and, collectively with Dilipkumar Patel and Ashwin Patel, "Defendants"). None of the prior iterations of a complaint has survived a motion to dismiss, and this latest version is equally doomed. It is well past the time to end this saga. The Court should deny Plaintiffs' Motion for Leave to File Third Amended Complaint and grant Defendants' pending Motion to Dismiss Plaintiffs' first Amended Complaint.[1] In support of this opposition, Defendants state as follows:

1. On September 21, 2007, Plaintiffs served Defendants with their original complaint, filed in the Circuit Court of Cook County, Illinois and consisting solely of state law claims. The original complaint also included an additional co-defendant, the Village of Rosemont, Illinois. Defendants timely moved to dismiss the original complaint.

---

[1] Based on Defendants' objections to its sufficiency, this Court denied Plaintiffs leave to file their Second Amended Complaint. The Motion to Dismiss the first Amended Complaint remains pending and awaiting decision.

2. Rather than respond to Defendants' motion to dismiss in the state court, Plaintiffs sought and received leave to file an amended complaint.

3. The amended complaint dropped the non-diverse Defendant Village of Rosemont and added a federal law RICO claim. It was, therefore, the first pleading which properly could be removed to federal court, and Defendants timely removed it on January 17, 2008. In accordance with Federal Rule of Civil Procedure 81(c), Defendants timely filed their Motion to Dismiss in this Court on January 25, 2008. Defendants' Motion to Dismiss the first Amended Complaint is pending, although Plaintiffs failed to respond to Defendants' supporting memorandum by the Court's deadline of March 4, 2008.

4. On February 15, 2008, Plaintiffs filed their Motion to Remand to State Court, which took the surprising, and meritless, positions that: (1) the addition of RICO claims did not support federal question jurisdiction; and (2) Defendants should have removed the case based on diversity of citizenship in the original complaint notwithstanding the inclusion of the non-diverse defendant Village of Rosemont because Defendants "could have discerned" that the Village of Rosemont had been fraudulently joined by the Plaintiffs and was not a proper co-defendant.

5. As discussed in Defendants' Opposition to Plaintiffs' Motion to Remand, the Motion to Remand had no substantial basis in fact or law, and could not have been made in good faith. The case law upon which it relied was either grossly misrepresented, wrong, or inapplicable. Because of the lack of good faith, Defendants respectfully requested that the Court award Defendants their attorneys' fees and costs incurred in responding to Plaintiffs' Motion to Remand.

6. Just as they failed to respond to Defendants' Motion to Dismiss, Plaintiffs failed to file any reply in support of their Motion to Remand by March 26, 2008, as required by Court

Order. Instead, on March 31, 2008, Plaintiffs abandoned their Motion to Remand as an afterthought in their Motion for Leave to File Second Amended Complaint, stating that "[a]fter much consideration, the plaintiffs have elected to withdraw their motion to remand to state court." (Mot. for Leave to File 2d Am. Compl. ¶ 1.) Plaintiffs conceded that "the position of defendants as shown in their response has merit." (*Id.* ¶ 3.) Incredibly, in the very next breath they asked this Court not to award attorneys' fees and costs to Defendants for having to invest time and money in opposing their groundless Motion to Remand. (*Id.*)

7.    Plaintiffs did not provide any reason for or summary description of their proposed amendments in the Second Amended Complaint, and the Court denied their Motion for Leave to File Second Amended Complaint on April 3, 2008.

8.    Some two and a half months later, on June 20, 2008, Plaintiffs then filed the Motion for Leave to File Third Amended Complaint. Just like its three predecessor complaints, this proposed complaint fails as a matter of law, and the Court should deny Plaintiffs' motion.

9.    A plaintiff does not have an absolute right to amend a complaint. A district court has the discretion to deny a motion for leave to amend the complaint if the proposed amendments will not cure the deficiencies in the original pleading or could not survive another motion to dismiss. *See, e.g., Raveling v. HarperCollins Publishers, Inc.*, No. 04-2963, 2005 WL 900232, at *6 (7th Cir. Mar. 4, 2005); *Nigrelli v. Catholic Bishop of Chicago*, 794 F. Supp. 246, 248 (N.D. Ill. 1992). A plaintiff seeking leave to amend a complaint needs to explain and support the reasons for the amendment. *See Crim v. Bd. of Education of Cairo School Dist. No. 1*, 147 F.3d 535, 548 (7th Cir. 1998). Embellishments of fact which do not address legal insufficiencies do not justify granting leave to amend the complaint. *See Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000).

10. Although Plaintiffs have changed some wording, adding a few irrelevant details and conclusory language, they still fail to state a claim against Defendants either under the Racketeer Influenced and Corrupt Organizations Act claim, 18 U.S.C. § 1961 *et seq.*, ("RICO") (Counts I-III) or for common law fraud (Count IV). Even the most cursory comparison of the first Amended Complaint and the proposed Third Amended Complaint reveals that Plaintiffs have not made any changes of sufficient scope or substance to justify the filing of this proposed Third Amended Complaint.

11. While Plaintiffs have made a host of allegations about a decision to move the site of the 2008 AAHOA Convention from Rosemont, Illinois to San Antonio, Texas due to inadequate space (3d Am. Compl. ¶¶ 16-44), these allegations ultimately have no connection to any of the claims. In Count I, the basis for the purported RICO claim is unspecified "kickbacks" from "food vendors, entertainers and other contractors" for the 2003, 2007 and 2008 conventions. (*Id.* ¶¶ 45-48.) Plaintiffs allege further unspecified "kickbacks" from Choice Hotels and Wyndham Hotels relating to the AAHOA Performance Appraisal Report. (*Id.* ¶ 60.) These broad, completely unsubstantiated allegations permeate the proposed Third Amended Complaint.

12. Curiously, Plaintiffs cite three Seventh Circuit cases in their Motion for Leave to File Third Amended Complaint. (*See* Mot. for Leave to File 3d Am. Compl. ¶¶ 4, 5, 7 (citing *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721 (7th Cir. 1998); *Richmond v. Nationwide & Cassel L.P.*, 52 F.3d 640 (7th Cir. 1995); and *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771 (7th Cir. 1994), respectively).) In each, the court granted a motion to dismiss for failure to state a claim under RICO.

13. As these cases reflect, courts are appropriately skeptical of RICO claims. As

recognized by this district, civil RICO claims have been the subject of "widespread abuse," and it is important to recognize that a civil RICO claim "is a unique cause of action that is concerned with eradicating organized, long-term habitual criminal activity." *Matrix IV, Inc. v. American Nat'l Bank and Trust Co. of Chicago*, No. 06 C 1661, 2007 WL 853965, at *5 (N.D. Ill. Mar. 15, 2007), quoting *Midwest Griding Inc. v. Spitz*, 976 F.2d 1016, 1025 (7th Cir. 1992) and *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006). As one court recently noted, "[c]ourts have historically viewed allegations of mail and wire fraud as relatively weak support for such [RICO] claims." *Wankel v. Southern Illinois Bancorp, Inc.*, No. 06-cv-0619-MJR, 2007 WL 2410328, at *7 (S.D. Ill. Aug. 21, 2007).

14.     Implicitly recognizing that the proposed Third Amended Complaint is defective, Plaintiffs ask this Court to excuse their noncompliance with the pleading rules because they need discovery from Defendants. (Mot. for Leave to File 3d Am. Compl. ¶¶ 2, 10.) This assertion runs contrary to the entire purpose of the heightened pleading requirement of Federal Rule of Civil Procedure 9(b).

15.     The purpose of Rule 9(b) "is to minimize the extortionate impact that a baseless claim of fraud can have on a firm or an individual." *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 748 (7th Cir. 2005). "Throughout [the period such a claim remains pending], a claim of fraud will stand unrefuted, placing what may be undue pressure on the defendant to settle the case in order to lift the cloud on its reputation." *Id.* at 749. "The requirement that fraud be pleaded with particularity compels the plaintiff to provide enough detail to enable the defendant to riposte swiftly and effectively if the claim is groundless." *Id.* "It also forces the plaintiff to conduct a careful pretrial investigation and thus operates as a screen against spurious fraud claims." *Id.*

5

16. A plaintiff is not relieved of its responsibility to plead a fraud-based RICO claim with particularity under Rule 9(b) by merely alleging that it needs discovery to do so. *See, e.g. Shiman v. Paradigm Venture Investors, L.L.C.,* No. 02 C 1320, 2002 WL 1793570, at *3-4 (N.D. Ill. Aug. 5, 2002) (rejecting plaintiff's claim that he needed discovery in order to "plead each communication and transaction with particularity" and dismissing RICO claim). To relax the requirement of Rule 9(b), a plaintiff must make a showing that it could not have obtained the missing information without discovery. *Taylor, Bean & Whitaker Mortgage Corp. v. Cebulak,* No. 03 C 7425, 2004 WL 2106605, at *8 (N.D. Ill. Sept. 20, 2004). A plaintiff may not avoid the strictures of Rule 9(b) where it should have information in its possession. *See Mancari's Chrysler/Jeep, Inc. v. Universal Auto Leasing, Inc.,* No. 04 C 6631, 2005 WL 2284305, at *3 (N.D. Ill. Sept. 15, 2005).

17. The failure of the proposed Third Amended Complaint to state any claims against Defendants is not due to lack of discovery. For example, Plaintiffs state that Dilipkumar Patel was elected as an AAHOA Board Member at the 2003 and 2004 annual conventions because he supposedly "paid members to vote for him." (3d Am. Compl. ¶¶ 12-13.) At a minimum, Plaintiffs should be able to identify who these members were, the circumstances surrounding any such payment, and the basis for these allegations.

18. The RICO claims are purportedly based on alleged mail and wire fraud. (*Id.* ¶¶ 79-80.) But there is not one actual statement cited that was made to any individual Plaintiff that could support any claim against Defendants. It is disingenuous for Plaintiffs to assert that they need discovery to know what was communicated to them, and when, where and how it was communicated, but that is exactly what Plaintiffs do:

> The plaintiffs are unable to specify the exact time, place and content of the misrepresentations, identity of the person

>who made the misrepresentation, and the method by which the misrepresentation was communicated to the <u>plaintiff</u>, because the defendants have refused to provide same. (*Id.* ¶¶ 52, 79 (emphasis added).)

19. Plaintiffs claim that the underlying interstate communications included "telephone calls between plaintiffs and other agents and employees, and defendants." (*Id.* ¶ 79.) Again, Plaintiffs claim to have been parties to the telephone calls. Given that, it is ridiculous for them to assert that they somehow need discovery from Defendants to know about telephone calls in which they claim to have participated. This strains even the most liberal approach to good faith pleading of fraud claims.

20. This same deficiency appears in Counts II and IV. (*Id.* ¶¶ 86, 103.) Count III does not expressly state that Plaintiffs need discovery, but similarly contains unspecified "communications" to which Plaintiffs were allegedly parties, with absolutely no specific details. (*Id.* ¶ 94.)

21. The remainder of the allegations essentially parrot other elements of RICO and fraud claims. But these conclusory allegations fall far short of pleading any claims against Defendants. In Count I, a purported RICO claim, Plaintiffs still do not allege any facts that Defendants "conducted" an "enterprise," or that Defendants engaged in a "pattern" of "racketeering," all specifically defined elements of a civil RICO claim under 18 U.S.C. § 1962(c). *See, e.g., Lachmund v. ADM Investor Servs, Inc.*, 191 F.3d 777, 783 (7th Cir. 1999). All Plaintiffs provide are the legal conclusions that Defendants "conducted" an "enterprise" and engaged in a "pattern of racketeering," but provide absolutely no supporting facts. (*Id.* ¶¶ 55, 74, 92.) In their memorandum in support of their motion to dismiss the first Amended Complaint, Defendants explained in detail that the Seventh Circuit has repeatedly rejected theses types of vague, conclusions. (*See* Defendants' Memorandum in Support of their Motion to Dismiss

Plaintiffs' Complaint at 7-12, attached hereto as Exhibit A.)

22. The other counts fare no better. Plaintiffs allege no facts regarding any agreement sufficient to state a conspiracy-based RICO claim pursuant to 18 U.S.C. § 1962(d) in Count II. *See, e.g., Lachmund*, 191 F.3d at 785. In Count III, Plaintiffs still fail to allege any facts from which the Court could conclude that Defendants "(1) received income, (2) derived from a pattern of racketeering, and (3) used the income to acquire an interest in or to operate, (4) an enterprise," all of which is required to state a claim under 18 U.S.C. § 1962(a). *See, e.g., Matrix IV*, 2007 WL 853965, at *8, quoting *Vicom*, 20 F.3d at 778. And Plaintiffs persist in their failure to include factual allegations that Plaintiffs suffered an injury proximately caused by Defendants' alleged actions as required by sections 1962(a), (c), and (d). *See, e.g., RWB Servs. LLC v. Rally Capital Servs., LLC.*, 502 F. Supp. 2d 787, 790-91 (N.D. Ill. 2007), citing *Evans v. City of Chicago*, 434 F.3d 916, 924 (7th Cir. 2006).

23. In Count IV, a common law fraud claim, Plaintiffs still fail to comply with Federal Rule of Civil Procedure 9(b), which requires that fraud claims be pled with particularity. There are no factual allegations about how any representations caused any injury to any of Plaintiffs. Nor do Plaintiffs plead any statements made by any Defendant which formed the basis for the fraud, how they relied on (or took any action whatsoever based on) those statements, or how that reliance was reasonable.

24. Plaintiffs appear to believe that if they throw around enough RICO and fraud-related terms, like "scheme," "agreement," "defraud," "enterprise," "pattern," "reliance," and "proximate cause," the Court will permit them to pursue their "claims." But buzzwords are not enough, and such loose and vague pleading is exactly what Rule 9(b) guards against. The proposed Third Amended Complaint is nothing but a garbled jumble of conclusory statements

devoid of any supporting facts.

25. While each of the pleading deficiencies was plainly identified and explained in the pending motion to dismiss, Plaintiffs' proposed Third Amended Complaint does not cure any of them. Nor could the proposed Third Amended Complaint possibly survive a renewed motion to dismiss. Given that the proposed Third Amended Complaint suffers from the identical defects as its predecessor, there is no reason to allow its filing, or to require Defendants and this Court to go through the pointless exercise of seeking, and granting, its dismissal. These are precisely the circumstances in which the Seventh Circuit and this District recognize it is appropriate to deny leave to amend.

26. In addition, the Seventh Circuit prohibits Plaintiffs from submitting a confusing, incoherent pleading and putting the onus upon Defendants to defend themselves. "A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom*, 20 F.3d at 775-76. This difficulty is also costly to a defendant. *Id.* at 776. The complexity of RICO claims does not obviate the need for plaintiffs to submit a short plain statement of their claims and to be simple, concise and direct in their averments under Federal Rule of Civil Procedure 8. *Id.* at 775-76.

27. Here, Plaintiffs' allegations are redundant, unclear, and muddled. The limited number of factual allegations they do manage to make are wholly irrelevant to RICO or fraud claims. Defendants' pending Motion to Dismiss explains in extensive detail the defects in Plaintiffs' allegations.[2] The Seventh Circuit has expressly held that dismissal with prejudice is appropriate in this situation, and advised district courts to give "serious consideration" to entering such dispositive orders. *Id.* at 776.

---

[2] Defendants expressly incorporate their arguments made in their pending Motion to Dismiss Plaintiffs' Complaint, attached hereto as Exhibit A. Those arguments apply with equal force to the Third Amended Complaint.

28. This is now the fifth time that Plaintiffs have filed a pleading or a motion which was opposed by Defendants, and, on each of the previous four occasions, Plaintiffs abandoned the pleading or motion. Plaintiffs continue to make unsupported and unsustainable claims and allegations, without providing sufficient factual support or properly investigating applicable law. These tactics have forced Defendants to incur substantial expense in tilting at the Plaintiffs' windmills...seeking dismissal of the original complaint, which was then replaced by the first Amended Complaint, opposing a remand motion which was then withdrawn, seeking dismissal of the first Amended Complaint, and opposing a motion for leave to file a second amended complaint. Plaintiffs now seek to substitute the first Amended Complaint with an equally flawed Third Amended Complaint. At each misstep, Plaintiffs have conceded -- either implicitly or explicitly -- that they were wrong on the law and that their complaint or motion could not withstand judicial scrutiny.

29. Plaintiffs have an obligation to this Court and to the judicial process to properly investigate the facts and law before filing their complaints and motions. It would be fundamentally unfair to permit Plaintiffs to continue this pattern of litigation by blunder and mistake, imposing delay, expense, and the shadow of purported RICO and fraud claims upon Defendants, only to repeatedly permit them to jettison their ill-conceived filings without any repercussions.

30. Defendants have consistently presented well-considered and well-supported positions why each of the pleadings and motions filed and made by Plaintiffs are legally insufficient. Plaintiffs' only response has been to make spurious arguments which they then abandon, only to rehash the same meritless positions in new papers. Plaintiffs have clung to their meritless allegations for over nine months now, and have not submitted one sustainable

complaint. But Plaintiffs have achieved the result *Fidelity Nat'l* Court said is improper: using unfounded allegations of fraud to place a cloud on the reputation of Defendants. This fundamental abuse of the court process -- followed by blaming a lack of discovery for their improper conduct -- must not be condoned.

31. The time has come to put a stop to these abusive and pointless tactics. The Motion for Leave to File a Third Amended Complaint should be denied, the pending Motion to Dismiss the first Amended Complaint should be granted with prejudice, and Defendants should be awarded their attorneys' fees and costs for being forced to participate in this charade.

WHEREFORE, Defendants Asian American Hotel Owners Association, Dilipkumar Patel and Ashwin Patel respectfully request that the Court deny Plaintiffs' Motion for Leave to File Third Amended Complaint Instanter, dismiss the Amended Complaint with prejudice, award Defendants their costs and fees, and grant such other relief as the Court deems just.

Dated: July 11, 2008

Respectfully submitted,

DILIPKUMAR PATEL, ASHWIN PATEL, and ASIAN AMERICAN HOTEL OWNERS ASSOCIATION

By:  /s/ Bevin M. Brennan
One of Their Attorneys

Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, Illinois 60601
(312) 456-8400 Telephone
(312) 456-8435 Facsimile

## CERTIFICATE OF SERVICE

I, Bevin M. Brennan, an attorney, hereby certify that I served a true and correct copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>   Paul Caghan
>   PAUL CAGHAN, P.C.
>   2506 N. Clark Street
>   Chicago, IL  60614
>
>   caghan@ameritech.net

/s/ Bevin M. Brennan