UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VEENOD PATEL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  08 CV 386 |
| | ) | |
| DILIPKUMAR PATEL, ASHWIN PATEL, and | ) | Hon. Blanche M. Manning |
| ASIAN AMERICAN HOTEL OWNERS | ) | |
| ASSOCIATION, | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE OR, IN THE ALTERNATIVE,
FOR LEAVE TO FILE A SURREPLY IN FURTHER OPPOSITION TO MOTION FOR
LEAVE TO FILE THIRD AMENDED COMPLAINT INSTANTER**

Defendants Asian American Hotel Owners Association ("AAHOA"), Dilipkumar Patel
and Ashwin Patel (collectively, "Defendants") hereby move to strike Plaintiffs' Response in
Support of Motion for Leave to File Third Amended Complaint Instanter ("Plaintiffs'
Response")[1] or, in the alternative, for leave to file a surreply in opposition to Plaintiffs' Motion
for Leave.  Plaintiffs' Response (in fact a reply) improperly relies on new facts, a misstep which
is compounded by the falsity of the new matter upon which Plaintiffs rely.  Plaintiffs' Response
should be stricken in its entirety or, in the alternative, Defendants respectfully request permission
to submit this filing as a surreply to Plaintiffs' Motion for Leave.  In support of this Motion to
Strike or, in the Alternative, to File a Surreply ("Motion to Strike"), Defendants state as follows:

1.      As discussed in detail in Defendants' Opposition to Plaintiffs' Motion for Leave
("Defendants' Opposition"), this is now Plaintiffs' fourth (and equally futile) attempt to state any

---

[1] Although Plaintiffs entitled their memorandum as "Plaintiffs' Response in Support of Motion for Leave to File
Third Amended Complaint Instanter," it is actually a reply brief.  Plaintiffs filed their Motion for Leave to File Third
Amended Complaint Instanter on June 20, 2008.  Defendants filed their Opposition on July 11, 2008.  "Plaintiffs'
Response" to Defendants' Opposition filed on July 28, 2008, therefore, is a reply brief.  Plaintiffs' initial Motion for
Leave to File Third Amended Complaint Instanter is referred to as "Plaintiffs' Motion for Leave."

claims against Defendants.  Plaintiffs filed their original Complaint in state court on September 21, 2007.  After filing or attempting to file two other amended complaints, as well as filing an unsuccessful motion to remand, Plaintiffs filed their Motion for Leave on June 20, 2008, seeking yet another opportunity to try to state a claim against Defendants.

2.    In accordance with the Court's July 1, 2008 Order, Defendants filed their Opposition on July 11, 2008.  In their Opposition, Defendants explained at length the many deficiencies in Plaintiffs' Racketeer Influenced and Corrupt Organizations Act ("RICO") and common law fraud claims.  As has now become apparent, Plaintiffs can allege no set of facts sufficient to state any RICO or fraud claim, particularly under the heightened pleading standard for fraud and fraud-based claims under Federal Rule of Civil Procedure 9(b).  Rather than allege specific facts supporting their fraud and RICO claims, Plaintiffs resort to a jumble of cursory allegations that Defendants violated RICO and committed fraud without alleging how or why. (Def. Opp. ¶¶ 9-27.)

3.    Although it is plainly improper for a party to raise new arguments or new factual matter in a reply brief,[2] Plaintiffs do exactly that in their Response.  To make matters worse, most of the new "facts" are patently false, and the arguments are largely irrelevant.

4.    In their Response, Plaintiffs first claim that Hemant D. Patel, a member of AAHOA's Board of Directors, "is expected to testify to the allegations of kickbacks and skimming by AAHOA leadership and other wrongful conduct." (Pl. Resp. ¶ 1.)  Hemant Patel is not mentioned anywhere in Plaintiffs' Motion for Leave or in Plaintiffs' proposed Third Amended Complaint.  Argument in a reply about his role as a possible witness is precisely the type of new fact that cannot be raised in a reply brief.

---

[2] *See Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989) (holding that new arguments and new factual matters cannot be raised for the first time in reply briefs); *Herion v. Village of Bensenville*, No. 00 01026, 2000 WL 1648937, at *4 (N.D. Ill. Nov. 1, 2000) (striking argument included for first time in reply brief),

5.    More fundamentally, while what they "expect" Hemant Patel to say injects an element of speculation into their assertion, the fact is that Mr. Hemant Patel denies he will say anything of the kind, and there is no good faith basis for any such expectation. The Court should, therefore, strike that portion of the Response. *See, e.g., Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*, No. 91 C 6234, 1994 WL 30549, at *2 (N.D. Ill. Feb. 3, 1994) (granting motion to strike false statement from trial brief unless plaintiff revised it to be true).

6.    Hemant Patel has now provided his affidavit affirming that he "[has] no knowledge of any 'kickbacks' or 'skimming' by any of AAHOA's leadership or members of the Board of Directors, and could not testify to any such conduct." (*See* Affidavit of Hemant Patel ¶ 6, attached hereto as Exhibit A.) Furthermore, Hemant Patel "[has] no knowledge of any wrongful actions taken by former AAHOA Chairman and current Ex-Officio Chairman Dilipkumar Patel or current AAHOA Chairman and former Vice-Chairman Ashwin Patel," both of whom are named defendants in this action. (*Id.* ¶ 7.) Plaintiffs included Hemant Patel as a potential witness in their Response without his authorization. (*Id.* ¶ 8.) The Court should not countenance Plaintiffs' eleventh hour inclusion of a false statement as part of what is obviously a misguided effort to salvage their woefully deficient proposed Third Amended Complaint.

7.    Moreover, even if Plaintiffs had a potential witness to support their claims, the proposed Third Amended Complaint and Plaintiffs' Response are exactly the types of pleadings that Rule 9(b) bars. A party cannot make general allegations of fraud and then hope to avoid dismissal by merely stating that a witness will later provide the necessary specifics in testimony. Even if such a witness really did exist, such an approach contravenes the entire purpose of heightened fact pleading under Rule 9(b). Of course, if, as here, no such witness exists, the failure is compounded by misrepresenting the true facts to the Court.

8.    Because Plaintiffs cannot include new facts about Hemant Patel in their Response as a matter of law, and the statements about his expected testimony are false, Paragraph 1 of Plaintiffs' Response should be stricken.

9.    After the one short paragraph regarding Hemant Patel, Plaintiffs next discuss and attach two letters regarding Plaintiffs' premature and improper request for documents from Defendants. (Pl. Resp. ¶¶ 2-3 and Exs. A & B.) Despite the fact that Plaintiffs' document requests violate the Federal Rules of Civil Procedure, Plaintiffs now ask this Court to find that Defendants somehow showed "a lack of good faith." (*Id.* ¶ 3.) Plaintiffs make this assertion despite the fact that Defendants timely objected to those requests, and Plaintiffs never responded to those objections.

10.    Again, Plaintiffs did not make this argument in their Motion for Leave and cannot raise it for the first time in their reply. Paragraphs 2 and 3 of Plaintiffs' Response are improper and should be stricken for this reason alone.

11.    Even if Plaintiffs could raise Defendants' good faith in asserting their objections to Plaintiffs' discovery requests in their reply brief, Plaintiffs' current position provides no basis for this Court to deviate from the requirements of Rule 9(b).

12.    The parties' correspondence about Plaintiffs' document requests has no bearing on whether Plaintiffs should be allowed to file their proposed Third Amended Complaint. As discussed in extensive detail in Defendants' Opposition, a plaintiff is not relieved of its responsibility to plead fraud or a fraud-based RICO claim with particularity under Rule 9(b) by merely alleging that it needs discovery to do so. *See, e.g. Shiman v. Paradigm Venture Investors, L.L.C.,* No. 02 C 1320, 2002 WL 1793570, at *3-4 (N.D. Ill. Aug. 5, 2002). To relax the requirement of Rule 9(b), a plaintiff must make a showing that it could not have obtained the

missing information without discovery. *Taylor, Bean & Whitaker Mortgage Corp. v. Cebulak,* No. 03 C 7425, 2004 WL 2106605, at *8 (N.D. Ill. Sept. 20, 2004).

13.     Plaintiffs' Motion for Leave and Response are devoid of any such showing.  The mere fact that Plaintiffs requested documents, absent any showing of why Plaintiffs could not obtain information to support their claims without discovery (and the basis for Plaintiffs' claims if they truly have no facts to support them), provides no basis for relaxing the requirements of Rule 9(b).  This new argument relating to Defendants' objection to discovery is irrelevant and does not justify Plaintiffs' request to file yet another amended complaint.

14.     All of the foregoing should make it apparent that Plaintiffs are grasping at straws and have no claims against Defendants.  Plaintiffs ask this Court to allow them to disregard the well-settled pleading standards for RICO and fraud claims so that they can continue to smear the Defendants with impunity.

15.     The witness who Plaintiffs claim will provide testimony on their behalf unequivocally states that he cannot and will not support the Plaintiffs' claims.  There are no facts in the proposed Third Amended Complaint to sustain Plaintiffs' RICO or fraud claims.  Plaintiffs now essentially admit that they have no witnesses or evidence supporting their claims, and allowing Plaintiffs any further opportunities to amend their claims would be a pointless exercise. Without any supporting witnesses or facts, it is high time to end this case. The Court should strike the Response, deny the Motion for Leave, and dismiss the pending complaint with prejudice.

WHEREFORE, Defendants Asian American Hotel Owners Association, Dilipkumar Patel and Ashwin Patel respectfully request that the Court grant this Motion to Strike, or, in the alternative, permit Defendants to file this Motion to Strike as a surreply to Plaintiffs' Response,

deny Plaintiffs' Motion for Leave to File Third Amended Complaint Instanter, dismiss the

Amended Complaint with prejudice, award Defendants their costs and fees, and grant such other

relief as the Court deems just.


Dated: August 14, 2008

Respectfully submitted,

DILIPKUMAR PATEL, ASHWIN PATEL,
and ASIAN AMERICAN HOTEL
OWNERS ASSOCIATION

By:        /s/ Bevin M. Brennan
           One of Their Attorneys


Paul T. Fox
Bevin M. Brennan
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, Illinois  60601
(312) 456-8400  Telephone
(312) 456-8435  Facsimile